Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
Rina M. Mathevosian, CSB #251423
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel. (213)365-2703 / Fax (213)365-9130
**nelson-fulton@nelson-fulton.com**

Attorneys for Defendant,
County of Los Angeles and Sheriff Baca

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECIA L. SHORTER,<br><br>                    Plaintiff,<br><br>v.<br><br>LEROY BACA, et al.,<br><br>                    Defendants. | CASE NO. CV 12-7337 JVS (AGR)<br><br>**JOINT STIPULATION OF THE PARTIES REGARDING DEFENDANT COUNTY OF LOS ANGELES AND SHERIFF LEROY BACA'S MOTION TO COMPEL PLAINTIFF'S RESPONSE TO INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS**<br><br>Date:  October 29, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom B<br>Judge: Hon. Alicia G. Rosenberg<br><br>Discovery cut off: September 6, 2013<br>Pre trial Conference date: TBD<br>Trial date: TBD |

The parties hereby proffer this joint stipulation regarding disputed discovery propounded by the defendants, County of Los Angeles and Sheriff Baca, to the plaintiff Lecia Shorter, pursuant to Local Rule 37-2.

# **TABLE OF CONTENTS**

**Page**

I.   DEFENDANTS' INTRODUCTORY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   PLAINTIFF'S INTRODUCTORY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   DISPUTED DISCOVERY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A.   DEFENDANT SHERIFF BACA'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF SHORTER  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

DEFENSE'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

PLAINTIFF'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

B.   SHERIFF BACA'S REQUEST FOR ADMISSIONS TO PLAINTIFF
SHORTER [SET ONE]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DEFENSE'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

PLAINTIFF'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

C.   SHERIFF BACA'S INTERROGATORIES TO PLAINTIFF
SHORTER [SET ONE]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

DEFENSE'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

PLAINTIFF'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

D.   COUNTY OF LOS ANGELES INTERROGATORIES TO
PLAINTIFF SHORTER [SET ONE]  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

DEFENSE'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

PLAINTIFF'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

E.   COUNTY OF LOS ANGELES REQUEST FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF SHORTER [SET ONE]  . . . . . . . . . . . . . . . . . . . . 49

DEFENSE'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

PLAINTIFF'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

F.   PLAINTIFF'S FAILURE TO MAKE RULE 26 DISCLOSURES:
DEFENSE'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

DEFENSE'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

PLAINTIFF'S CONTENTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

CONCLUSIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

DECLARATION OF RINA MATHEVOSIAN  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

## I.

## **DEFENDANTS' INTRODUCTORY STATEMENT**

On May 3, 2013,  Defendant County of Los Angeles' and Sheriff Leroy Baca served Interrogatories on Plaintiff (Set one) and Requests for Production of documents (Set one). Sheriff Baca also served Request for Admissions (Set one).

On May 30, 2013, Plaintiff Shorter served responses to Sheriff Baca's Request for Admissions. On June 6, 2013, Plaintiff Shorter served responses to Defendant Sheriff Baca's Special Interrogatories. On June 8, 2013, Plaintiff served responses to County's Special Interrogatories. On June 11, 2013, Plaintiff Shorter served responses to Defendant Sheriff Baca's Request for Production of Documents. On June 11, 2013, Plaintiff Shorter served responses to County's Request for Production of Documents.

Upon receiving Plaintiff's discovery responses, Defendants' counsel advised Plaintiff via telephone that her discovery responses were deficient. On August 23, 2013, defendants' counsel e-mailed and mailed Plaintiff a letter outlining the deficiencies in Plaintiff's discovery responses. On September 5, 2013, defendants' counsel met and conferred with Plaintiff in person in regards to Plaintiff's deficient discovery responses.

On September 6, 2013, Defendant County of Los Angeles e-mailed Plaintiff the Defendants portion of the Joint Stipulation.

Defendants, County of Los Angeles and Sheriff Baca, submit this Joint Stipulation along with the Notice of Motion to Compel pursuant to Federal Rules of Civil Procedure, and Declaration of Rina M. Mathevosian in support thereof, requesting that the Court order Plaintiff to provide discovery responses pursuant to Federal Rules of Civil Procedure.

## II.

## **PLAINTIFF'S INTRODUCTORY STATEMENT**

On August 6, 2013, after four months of exhaustive effort toward informal resolution, Plaintiff wrote counsel for Defendants to request a Rule 37-1 discovery conference.  On August 12, 2013, Plaintiff telephoned counsel for Defendants to schedule a date for the Rule 37-1 conference.  It was during this telephone conversation that counsel

1   for defendants briefly mentioned for the first time that there were issues with Plaintiff's

2   discovery responses.  The discovery responses were served around the beginning of June

3   and at no time prior to August 12, 2013 did counsel for Defendants contact Plaintiff.  In

4   fact, during the August 12, 2013 conversation, counsel for Defendants did not address the

5   substantive issues concerning Plaintiff's discovery responses.  She simply mentioned that

6   she would like to include those responses during the Rule 37-1 conference.

7         The parties originally agreed to have the Rule 37-1 conference on August 19, 2013.

8   Thereafter, the conference was rescheduled to August 27, 2013.  Late in the afternoon of

9   August 23, 2013, counsel for Defendants sent Plaintiff a 26 page letter concerning

10   Plaintiff's discovery responses.  On August 27, 2013, Plaintiff emailed a letter to counsel

11   for Defendants and explained that she would not be prepared to discuss the extensive

12   discovery issues indicated in the August 23, 2013 correspondence.

13         Thereafter, counsel for Defendants telephoned Plaintiff and requested that the Rule

14   37-1 conference again be rescheduled so that the discovery issues of all parties could be

15   addressed in one conference.  Plaintiff agreed and the conference was rescheduled to

16   September 5, 2013.

17         On September 5, 2013, Plaintiff and counsel for Defendants met to discuss the

18   outstanding discovery issues. It is Plaintiff's position that counsel for Defendants was not

19   adequately prepared, failed to engage in a frank exchange and most certainly did not

20   address the substantive issues regarding Plaintiff's discovery responses.  Neither did she

21   provide legal authority to support her position that Plaintiff's responses were inadequate.

22   In other words, there was no substantive effort on the part of defense counsel to informally

23   resolve the issues.

24         Concerning Defendants Demand for Production of Documents, Set One, Plaintiff

25   informed counsel for Defendants during the Rule 37-1 conference that she stood by all of

26   the objections presented in her response.  Plaintiff further explained that the document

27   production demand contains requests that are overly broad and non-specific as to the

28   particular constitutional violations and the applicable time periods.  Plaintiff indicated that

Defendants position that discovery concerning matters in 2010 and 2013 are irrelevant or barred by the statute of limitations would necessarily indicate that Defendants are not desirous of discovery for those periods of time and any discovery requests should reflect the same to avoid unnecessary speculation.  Counsel for Defendants had no response to the foregoing.

It is Plaintiff's position that much of the discovery propounded by Defendants is poorly drafted and Defendants made no effort to clarify the ambiguities.  In that vein, Plaintiff has provided the best possible response and Defendants are doing nothing more than unnecessarily exhausting this Court's time and resources.

Concerning Plaintiff's Rule 26 mandatory disclosure obligations, Plaintiff explained that the majority, if not all, of the documents concerning her claims against Defendants are in the possession, custody or control of Defendants with the exception of Plaintiff's medical records from St. Francis Medical Center and Cedars Sinai Medical Center. Counsel for Defendants asked whether this was Plaintiff's position concerning Plaintiff's claims that were presented to the County of Los Angeles for her 2010 to 2013 incarcerations.  Plaintiff indicated that she should not have to produce documents that are part and parcel of the business records of Defendants and are therefore in their possession, custody or control.  In fact, on September 6, 2013, Defendants produced a Privilege Log indicating that documents pertaining to those claims are presently in the possession of counsel for Defendants thereby confirming that Defendants are in possession of documents pertaining to Plaintiff's claims.

## III.

## DISPUTED DISCOVERY

**A.     DEFENDANT SHERIFF BACA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SHORTER:**

REQUEST NO. 2: Any and all DOCUMENTS which support YOUR contention that SHERIFF BACA deprived YOU of YOUR rights guaranteed by the United States Constitution.

RESPONSE: Objection.  This request is overly broad because it fails to specify a particular time, circumstances of right to which it refers.  The responding party further objections on the grounds that the identifies of documents that support Plaintiff's contentions that Defendant Baca deprived Plaintiff of her established rights guaranteed by the United States Constitution are within the possession, custody or control of Defendant Los Angeles County. Therefore, the documents are known or reasonably available to Defendant Baca.

DEFICIENCY: Plaintiff objects to the request without providing any response. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that Sheriff Baca violated her constitutional rights as alleged in the Complaint. This is a simple request for information that is highly relevant to plaintiff's claim.

REQUEST NO. 3: Any and all DOCUMENTS which support YOUR contention that SHERIFF BACA caused YOU to suffer the injuries and damages identified in YOUR FAC.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Many of the documents responsive to this request are in the possession, custody or control of Defendant Baca and/or Los Angeles County and are therefore reasonably available to Defendant Baca.  Without waiving said objection, the responding party states that the following documents support her contention that Sheriff Baca caused her to suffer the injuries and damages identified in her First Amended Complaint: Any and all records regarding Plaintiff from her incarcerations at Century Regional Detention Facility; Plaintiff's medical records from St. Francis Medical Center, L.A.-U.S.C. County Medical Center, Centinela Hospital, Cedars Sinai Medical Center; records and video recordings regarding Plaintiff in the possession of Los Angeles County Sheriff's Department; Los

1    Angeles County Sheriff's investigative report regarding the use of excessive force by Los

2    Angeles County Sheriff Deputy Ian Beckford; Executive Summary of the Commission on

3    Jail Violence; and, photographs of Plaintiff's injuries cause by  Los Angeles County

4    Sheriff Deputy Shane Parks.  Plaintiff does not presently have possession of her medical

5    records or any of the documents identified with the exception of photographs of Plaintiff's

6    injuries caused by  Los Angeles County Sheriff Deputy Shane Parks. Plaintiff's medical

7    records are in the possession, custody and control of those health care providers that have

8    been identified in this response.

9    DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

10   any documents or provide that she has no documents in possession, custody, or control

11   responsive to the request as required by F.R.C.P. rule 34(a)(1).

12   REQUEST NO. 4: Any and all DOCUMENTS from any HEALTH CARE FACILITIES

13   including hospitals, clinics, emergency rooms, and infirmaries where YOU received

14   examination, consultation, treatment, hospitalization, physical therapy, surgery, or any

15   other medical service from which YOU received medial care for injuries which YOU

16   contend were caused by SHERIFF BACA.

17   RESPONSE: Documents responsive to this request include Plaintiff's medical records

18   from Century Regional Detention Facility, L.A.-U.S.C. County Medical Center, Cedars

19   Sinai Medical Center, St. Francis Medical Center and Centinela Hospital.  Plaintiff does

20   not presently have possession of her medical records.  Plaintiff's medical records are in the

21   possession, custody and control of those health care providers that have been identified in

22   this response.

23   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

24   any documents in her possession custody or control, or provide that she has no documents

25   in her possession, custody, or control responsive to the request as required by F.R.C.P.

26   Rule 34(a)(1).

27   REQUEST NO. 5: Any and all DOCUMENTS showing economic damages YOU are

28   claiming in the action.

1   RESPONSE: Objection.  This request is vague and ambiguous concerning its reference to

2   the term "economic damages" therefore Plaintiff is unable to provide a response to this

3   request without speculating as to the meaning of that term.

4   DEFICIENCY: Plaintiff objects to the request without providing any response. F.R.C.P.

5   Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

6   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

7   party a request within the scope of Rule 26(b). The request is seeking any documents that

8   support Plaintiff suffered economic damages. Plaintiff objection that the term "economic"

9   is ambiguous is without merit.

10   REQUEST NO. 6: Any and all DOCUMENTS which support YOUR contention that

11   SHERIFF BACA knew of the danger or risk to YOUR health and safety.

12   RESPONSE: Objection.  This request is vague and ambiguous.  Further objection is made

13   on the grounds that the request is overly broad because it fails to specify a particular time,

14   circumstance or right to which it refers.

15   DEFICIENCY: Plaintiff objects to the request without providing any response. F.R.C.P.

16   Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

17   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

18   party a request within the scope of Rule 26(b). The request is seeking documents that

19   support Plaintiff's claim that Sheriff Baca violated her constitutional rights as alleged in

20   the Complaint. This is a simple request for information that is highly relevant to plaintiff's

21   own claim.

22   REQUEST NO. 7: Any and all DOCUMENTS which support YOUR contention that YOU

23   faced a serious medical need while incarcerated in the Los Angeles County Jail in 2010.

24   RESPONSE: Documents responsive to this request include Plaintiff's medical records

25   from Century Regional Detention Facility, L.A.-U.S.C. County Medical Center, and St.

26   Francis Medical Center.  Plaintiff does not presently have possession of her medical

27   records.  Plaintiff's medical records are in the possession, custody and control of those

28   health care providers that have been identified in this response.

DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession, custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

REQUEST NO. 8: Any and all DOCUMENTS which support YOUR contention that YOU faced a serious medical need while incarcerated in the Los Angeles County Jail in 2011.

RESPONSE: Documents responsive to this request include Plaintiff's medical records from Century Regional Detention Facility and Cedars Sinai Medical Center.  Plaintiff does not presently have possession of her medical records.  Plaintiff's medical records are in the possession, custody and control of those health care providers that have been identified in this response.

DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

REQUEST NO. 9: Any and all DOCUMENTS which support the contention that YOU faced a substantial risk of serious harm while incarcerated in the Los Angeles County Jail in 2010.

RESPONSE: Objection.  This request is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Without waiving said objection, many of the documents responsive to this request are in the possession, custody or control of Defendant Baca and/or Los Angeles County and are therefore reasonably available to Defendant Baca. Plaintiff is informed that the following documents are responsive to this request: records regarding Plaintiff from her incarceration at Century Regional Detention Facility; Plaintiff's medical records from St. Francis Medical Center, L.A.-U.S.C. County Medical Center; records and video recordings regarding Plaintiff in the possession of Los Angeles County Sheriff's Department; and, the

Executive Summary of the Commission on Jail Violence. Plaintiff does not presently have possession of any of those documents herein.  The Executive Summary of the Commission on Jail Violence is a public record and is therefore equally available to Defendant Baca.

<u>DEFICIENCY</u>: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

<u>REQUEST NO. 10</u>: Any and all DOCUMENTS which support the contention that YOU faced a substantial risk of serious harm while incarcerated in the Los Angeles County Jail in 2011.

<u>RESPONSE</u>: Objection.  This request is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Without waiving said objection, many of the documents responsive to this request are in the possession, custody or control of Defendant Baca and/or Los Angeles County and are therefore reasonably available to Defendant Baca. Plaintiff is informed that the following documents are responsive to this request: records regarding Plaintiff from her incarceration at Century Regional Detention Facility; Plaintiff's medical records from St. Francis Medical Center, L.A.-U.S.C. County Medical Center; records and video recordings regarding Plaintiff in the possession of Los Angeles County Sheriff's Department; Los Angeles County Sheriff's investigative report regarding the use of excessive force by Los Angeles County Sheriff's Deputy Ian Beckford; and, the  Executive Summary of the Commission on Jail Violence. Plaintiff does not presently have possession of any of those documents herein.  The Executive Summary of the Commission on Jail Violence is a public record and is therefore equally available to Defendant Baca.

<u>DEFICIENCY</u>: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents

1    in her possession, custody, or control responsive to the request as required by F.R.C.P.

2    Rule 34(a)(1).

3    REQUEST NO. 11: Any and all DOCUMENTS which support the contention that

4    SHERIFF BACA'S subordinates deprived YOU of YOUR rights under the Constitution.

5    RESPONSE: Objection.  This request is vague and ambiguous.  Further objection is made

6    on the grounds that the request is overly broad because it fails to specify a particular time,

7    circumstance or right to which it refers.

8    DEFICIENCY: Plaintiff objects to the request without providing any response. F.R.C.P.

9    Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

10   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

11   party a request within the scope of Rule 26(b). The request is seeking documents that

12   support Plaintiff's claim that Sheriff Baca violated her constitutional rights as alleged in

13   the Complaint. This is a simple request for information that directly supports plaintiff's

14   own claim.

15   REQUEST NO. 12: Any and all DOCUMENTS which support the contention that

16   SHERIFF BACA directed his subordinates in the acts that deprived YOU of YOUR rights.

17   RESPONSE: Objection.  This request is vague and ambiguous.  Further objection is made

18   on the grounds that the request is overly broad because it fails to specify a particular time,

19   circumstance or right to which it refers.

20   DEFICIENCY: Plaintiff objects to the request without providing any response. F.R.C.P.

21   Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

22   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

23   party a request within the scope of Rule 26(b). The request is seeking documents that

24   support Plaintiff's claim that Sheriff Baca violated her constitutional rights as alleged in

25   the Complaint. This is a simple request for information that directly supports plaintiff's

26   own claim.

27   REQUEST NO. 13: Any and all DOCUMENTS which support the contention that

28   SHERIFF BACA set in motion a series of acts by his subordinates that he knew or

1   reasonably should have known would cause the subordinates to deprive YOU of YOUR

2   rights.

3   RESPONSE: Objection.  This request is vague and ambiguous.  Further objection is made

4   on the grounds that the request is overly broad because it fails to specify a particular time,

5   circumstance or right to which it refers. Without waiving objections, the Executive

6   Summary of the Commission on Jail Violence.  This document is a public record and is

7   therefore equally available to Defendant Baca.

8   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

9   any documents in her possession custody or control or provide that she has no documents

10  in her possession, custody, or control responsive to the request as required by F.R.C.P.

11  Rule 34(a)(1).

12  REQUEST NO. 14: Any and all DOCUMENTS which support the contention that

13  SHERIFF BACA knew, or reasonably should have known, that his subordinates were

14  engaging in acts that violated YOUR rights.

15  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

16  of the discovery process and discovery has not yet been completed.  The responding party

17  is therefore unable to provide a complete answer to this interrogatory at this time. Further

18  objection is made on the grounds that the request is overly broad because it fails to specify

19  a particular time, circumstance or right to which it refers.  Without waiving objections, the

20  Executive Summary of the Commission on Jail Violence.  This document is a public record

21  and is therefore equally available to Defendant Baca.

22  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

23  any documents in her possession custody or control or provide that she has no documents

24  in her possession, custody, or control responsive to the request as required by F.R.C.P.

25  Rule 34(a)(1).

26  REQUEST NO. 15: Any and all DOCUMENTS which support the contention that

27  SHERIFF BACA failed to act to prevent his subordinates from engaging in acts that

28  violated YOUR rights.

1   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

2   of the discovery process and discovery has not yet been completed.  The responding party

3   is therefore unable to provide a complete answer to this interrogatory at this time. Further

4   objection is made on the grounds that the request is overly broad because it fails to specify

5   a particular time, circumstance or right to which it refers.  Without waiving objections, the

6   Executive Summary of the Commission on Jail Violence.  This document is a public record

7   and is therefore equally available to Defendant Baca.

8   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

9   any documents in her possession custody or control or provide that she has no documents

10  in her possession, custody, or control responsive to the request as required by F.R.C.P.

11  Rule 34(a)(1).

12  REQUEST NO. 16: Any and all DOCUMENTS which support the contention that

13  SHERIFF BACA ratified his employees acts that caused a violation of YOUR rights.

14  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

15  of the discovery process and discovery has not yet been completed.  The responding party

16  is therefore unable to provide a complete answer to this interrogatory at this time. Further

17  objection is made on the grounds that the request is overly broad because it fails to specify

18  a particular time, circumstance or right to which it refers.  Without waiving objections, the

19  Executive Summary of the Commission on Jail Violence.  This document is a public record

20  and is therefore equally available to Defendant Baca.

21  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

22  any documents in her possession custody or control or provide that she has no documents

23  in her possession, custody, or control responsive to the request as required by F.R.C.P.

24  Rule 34(a)(1).

25  REQUEST NO. 17: Any and all DOCUMENTS which support the contention that

26  SHERIFF BACA knew of his employees acts that caused a violation of YOUR rights.

27  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

28  of the discovery process and discovery has not yet been completed.  The responding party

1   is therefore unable to provide a complete answer to this interrogatory at this time. Further

2   objection is made on the grounds that the request is overly broad because it fails to specify

3   a particular time, circumstance or right to which it refers.  Without waiving objections, the

4   Executive Summary of the Commission on Jail Violence.  This document is a public record

5   and is therefore equally available to Defendant Baca.

6   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

7   any documents in her possession custody or control or provide that she has no documents

8   in her possession, custody, or control responsive to the request as required by F.R.C.P.

9   Rule 34(a)(1).

10   REQUEST NO. 18: Any and all DOCUMENTS which support the contention that

11   SHERIFF BACA specifically approved his employees acts that caused a violation of

12   YOUR rights.

13   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

14   of the discovery process and discovery has not yet been completed.  The responding party

15   is therefore unable to provide a complete answer to this interrogatory at this time. Further

16   objection is made on the grounds that the request is overly broad because it fails to specify

17   a particular time, circumstance or right to which it refers.  Without waiving objections, the

18   Executive Summary of the Commission on Jail Violence.  This document is a public record

19   and is therefore equally available to Defendant Baca.

20   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

21   any documents in her possession custody or control or provide that she has no documents

22   in her possession, custody, or control responsive to the request as required by F.R.C.P.

23   Rule 34(a)(1).

24   REQUEST NO. 19: Any and all DOCUMENTS which support YOUR contention that

25   SHERIFF BACA is liable to YOU for not personally investigating a April 9, 2010 incident.

26   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

27   of the discovery process and discovery has not yet been completed.  The responding party

28   is therefore unable to provide a complete answer to this interrogatory at this time. Further

objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers.  Without waiving objections, the Executive Summary of the Commission on Jail Violence and all the documents that reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles Sheriff's Department .  These documents are within the possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

<u>DEFICIENCY</u>: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

<u>REQUEST NO. 20</u>: Any and all DOCUMENTS which support YOUR contention that SHERIFF BACA is liable to YOU for a denial of medical care as alleged in ¶25 of YOUR FAC.

<u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers.  Without waiving objections, the Executive Summary of the Commission on Jail Violence and all the documents that reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles Sheriff's Department .  These documents are within the possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

<u>DEFICIENCY</u>: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

REQUEST NO. 21: Any and all DOCUMENTS which support YOUR contention that SHERIFF BACA is liable to YOU for a denial of medical care as alleged in ¶25 of YOUR FAC.

RESPONSE: Objection. This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed. The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers. Without waiving objections, the Executive Summary of the Commission on Jail Violence and all the documents that reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles Sheriff's Department . These documents are within the possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

REQUEST NO. 22: Any and all DOCUMENTS which support YOUR contention that SHERIFF BACA is liable to YOU for a denial of shower privileges as alleged in ¶25 of YOUR FAC.

RESPONSE: Objection. This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed. The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers. Without waiving objections, the Executive Summary of the Commission on Jail Violence and all the documents that reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles Sheriff's Department . These documents are within the possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

1  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

2  any documents in her possession custody or control or provide that she has no documents

3  in her possession, custody, or control responsive to the request as required by F.R.C.P.

4  Rule 34(a)(1).

5  REQUEST NO. 23: Any and all DOCUMENTS which support YOUR contention that

6  SHERIFF BACA is liable to YOU for a deprivation of clean clothes and toiletries as

7  alleged in ¶25 of YOUR FAC.

8  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

9  of the discovery process and discovery has not yet been completed.  The responding party

10  is therefore unable to provide a complete answer to this interrogatory at this time. Further

11  objection is made on the grounds that the request is overly broad because it fails to specify

12  a particular time, circumstance or right to which it refers.  Without waiving objections, the

13  Executive Summary of the Commission on Jail Violence and all the documents that

14  reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles

15  Sheriff's Department .  These documents are within the possession, custody and control of

16  Defendant Baca and/or Defendant Los Angeles County.

17  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

18  any documents in her possession custody or control or provide that she has no documents

19  in her possession, custody, or control responsive to the request as required by F.R.C.P.

20  Rule 34(a)(1).

21  REQUEST NO. 24: Any and all DOCUMENTS which support YOUR contention that

22  SHERIFF BACA is liable to YOU for a refusal of attorney communications as alleged in

23  ¶25 of YOUR FAC.

24  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

25  of the discovery process and discovery has not yet been completed.  The responding party

26  is therefore unable to provide a complete answer to this interrogatory at this time. Further

27  objection is made on the grounds that the request is overly broad because it fails to specify

28  a particular time, circumstance or right to which it refers.  Without waiving objections, the

1   Executive Summary of the Commission on Jail Violence and all the documents that

2   reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles

3   Sheriff's Department .  These documents are within the possession, custody and control of

4   Defendant Baca and/or Defendant Los Angeles County.

5   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

6   any documents in her possession custody or control or provide that she has no documents

7   in her possession, custody, or control responsive to the request as required by F.R.C.P.

8   Rule 34(a)(1).

9   REQUEST NO. 25: Any and all DOCUMENTS which support YOUR contention that

10  SHERIFF BACA is liable to YOU for sexual harassment as alleged in ¶25 of YOUR FAC.

11  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

12  of the discovery process and discovery has not yet been completed.  The responding party

13  is therefore unable to provide a complete answer to this interrogatory at this time. Further

14  objection is made on the grounds that the request is overly broad because it fails to specify

15  a particular time, circumstance or right to which it refers.  Without waiving objections, the

16  Executive Summary of the Commission on Jail Violence and all the documents that

17  reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles

18  Sheriff's Department .  These documents are within the possession, custody and control of

19  Defendant Baca and/or Defendant Los Angeles County.

20  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

21  any documents in her possession custody or control or provide that she has no documents

22  in her possession, custody, or control responsive to the request as required by F.R.C.P.

23  Rule 34(a)(1).

24  REQUEST NO. 26: Any and all DOCUMENTS which support YOUR contention that

25  SHERIFF BACA is liable to YOU for food and medicine deprivation as alleged in ¶25 of

26  YOUR FAC.

27  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

28  of the discovery process and discovery has not yet been completed.  The responding party

is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers.  Without waiving objections, the Executive Summary of the Commission on Jail Violence and all the documents that reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles Sheriff's Department .  These documents are within the possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

REQUEST NO. 27: Any and all DOCUMENTS which support YOUR contention that SHERIFF BACA is liable to YOU for food and medicine deprivation as alleged in ¶25 of YOUR FAC.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers.  Without waiving objections, the Executive Summary of the Commission on Jail Violence and all the documents that reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles Sheriff's Department .  These documents are within the possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify any documents in her possession custody or control or provide that she has no documents in her possession, custody, or control responsive to the request as required by F.R.C.P. Rule 34(a)(1).

1   REQUEST NO. 28: Any and all DOCUMENTS which support the contention that a

2   COUNTY OF LOS ANGELES policy caused a deprivation of YOUR rights.

3   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

4   of the discovery process and discovery has not yet been completed.  The responding party

5   is therefore unable to provide a complete answer to this interrogatory at this time. Further

6   objection is made on the grounds that the request is overly broad because it fails to specify

7   a particular time, circumstance or right to which it refers.  Without waiving objections, the

8   Executive Summary of the Commission on Jail Violence and all the documents that

9   reference Defendant Baca's obligations as Chief Executive Officer of the Los Angeles

10  Sheriff's Department .  These documents are within the possession, custody and control of

11  Defendant Baca and/or Defendant Los Angeles County.

12  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

13  any documents in her possession custody or control or provide that she has no documents

14  in her possession, custody, or control responsive to the request as required by F.R.C.P.

15  Rule 34(a)(1).

16  REQUEST NO. 29: Any and all DOCUMENTS which support the contention that a Los

17  Angeles County Sheriff's Department policy caused a deprivation of YOUR rights.

18  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

19  of the discovery process and discovery has not yet been completed.  The responding party

20  is therefore unable to provide a complete answer to this interrogatory at this time. Further

21  objection is made on the grounds that the request is overly broad because it fails to specify

22  a particular time, circumstance or right to which it refers.  Without waiving objections, the

23  Executive Summary of the Commission on Jail Violence. This document is public record

24  and is therefore equally available to Defendant Baca.

25  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

26  any documents in her possession custody or control or provide that she has no documents

27  in her possession, custody, or control responsive to the request as required by F.R.C.P.

28  Rule 34(a)(1).

1   REQUEST NO. 30: Any and all DOCUMENTS which support the contention that a

2   COUNTY OF LOS ANGELES practice caused a deprivation of YOUR rights.

3   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

4   of the discovery process and discovery has not yet been completed.  The responding party

5   is therefore unable to provide a complete answer to this interrogatory at this time. Further

6   objection is made on the grounds that the request is overly broad because it fails to specify

7   a particular time, circumstance or right to which it refers.  Without waiving objections, the

8   Executive Summary of the Commission on Jail Violence. This document is public record

9   and is therefore equally available to Defendant Baca.

10  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

11  any documents in her possession custody or control or provide that she has no documents

12  in her possession, custody, or control responsive to the request as required by F.R.C.P.

13  Rule 34(a)(1).

14  REQUEST NO. 31: Any and all DOCUMENTS which support the contention that a Los

15  Angeles County Sheriff's Department practice caused a deprivation of YOUR rights.

16  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

17  of the discovery process and discovery has not yet been completed.  The responding party

18  is therefore unable to provide a complete answer to this interrogatory at this time. Further

19  objection is made on the grounds that the request is overly broad because it fails to specify

20  a particular time, circumstance or right to which it refers.  Without waiving objections, the

21  Executive Summary of the Commission on Jail Violence. This document is public record

22  and is therefore equally available to Defendant Baca.

23  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

24  any documents in her possession custody or control or provide that she has no documents

25  in her possession, custody, or control responsive to the request as required by F.R.C.P.

26  Rule 34(a)(1).

27  REQUEST NO. 32: Any and all DOCUMENTS which support the contention that a

28  COUNTY OF LOS ANGELES custom caused a deprivation of YOUR rights.

1   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

2   of the discovery process and discovery has not yet been completed.  The responding party

3   is therefore unable to provide a complete answer to this interrogatory at this time. Further

4   objection is made on the grounds that the request is overly broad because it fails to specify

5   a particular time, circumstance or right to which it refers.  Without waiving objections, the

6   Executive Summary of the Commission on Jail Violence. This document is public record

7   and is therefore equally available to Defendant Baca.

8   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

9   any documents in her possession custody or control or provide that she has no documents

10  in her possession, custody, or control responsive to the request as required by F.R.C.P.

11  Rule 34(a)(1).

12  REQUEST NO. 33: Any and all DOCUMENTS which support the contention that a Los

13  Angeles County Sheriff's Department custom caused a deprivation of YOUR rights.

14  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

15  of the discovery process and discovery has not yet been completed.  The responding party

16  is therefore unable to provide a complete answer to this interrogatory at this time. Further

17  objection is made on the grounds that the request is overly broad because it fails to specify

18  a particular time, circumstance or right to which it refers.  Without waiving objections, the

19  Executive Summary of the Commission on Jail Violence. This document is public record

20  and is therefore equally available to Defendant Baca.

21  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

22  any documents in her possession custody or control or provide that she has no documents

23  in her possession, custody, or control responsive to the request as required by F.R.C.P.

24  Rule 34(a)(1).

25  REQUEST NO. 34: Any and all DOCUMENTS which support the contention that

26  SHERIFF BACA set in motion a series of acts by his subordinates that he knew or

27  reasonably should have known would cause a deprivation of YOUR rights.

28

1  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

2  of the discovery process and discovery has not yet been completed.  The responding party

3  is therefore unable to provide a complete answer to this interrogatory at this time. Further

4  objection is made on the grounds that the request is overly broad because it fails to specify

5  a particular time, circumstance or right to which it refers.  Without waiving objections, the

6  Executive Summary of the Commission on Jail Violence. This document is public record

7  and is therefore equally available to Defendant Baca.

8  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

9  any documents in her possession custody or control or provide that she has no documents

10  in her possession, custody, or control responsive to the request as required by F.R.C.P.

11  Rule 34(a)(1).

12  REQUEST NO. 35: Any and all DOCUMENTS which support the contention that

13  SHERIFF BACA directed his subordinates in the acts that caused a deprivation of YOUR

14  rights.

15  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

16  of the discovery process and discovery has not yet been completed.  The responding party

17  is therefore unable to provide a complete answer to this interrogatory at this time. Further

18  objection is made on the grounds that the request is overly broad because it fails to specify

19  a particular time, circumstance or right to which it refers.  Without waiving objections, the

20  Executive Summary of the Commission on Jail Violence. This document is public record

21  and is therefore equally available to Defendant Baca.

22  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

23  any documents in her possession custody or control or provide that she has no documents

24  in her possession, custody, or control responsive to the request as required by F.R.C.P.

25  Rule 34(a)(1).

26  REQUEST NO. 36: Any and all DOCUMENTS which support the contention that

27  SHERIFF BACA knew or reasonably should have known his subordinates were engaging

28  in acts that would cause a deprivation of YOUR rights.

1   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

2   of the discovery process and discovery has not yet been completed.  The responding party

3   is therefore unable to provide a complete answer to this interrogatory at this time. Further

4   objection is made on the grounds that the request is overly broad because it fails to specify

5   a particular time, circumstance or right to which it refers.  Without waiving objections, the

6   Executive Summary of the Commission on Jail Violence. This document is public record

7   and is therefore equally available to Defendant Baca.

8   DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

9   any documents in her possession custody or control or provide that she has no documents

10  in her possession, custody, or control responsive to the request as required by F.R.C.P.

11  Rule 34(a)(1).

12  REQUEST NO. 37: Any and all DOCUMENTS which support the contention that any

13  failure to train caused a deprivation of YOUR rights.

14  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

15  of the discovery process and discovery has not yet been completed.  The responding party

16  is therefore unable to provide a complete answer to this interrogatory at this time. Further

17  objection is made on the grounds that the request is overly broad because it fails to specify

18  a particular time, circumstance or right to which it refers.  Without waiving objections, the

19  Executive Summary of the Commission on Jail Violence. This document is public record

20  and is therefore equally available to Defendant Baca.

21  DEFICIENCY: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

22  any documents in her possession custody or control or provide that she has no documents

23  in her possession, custody, or control responsive to the request as required by F.R.C.P.

24  Rule 34(a)(1).

25  REQUEST NO. 38: Any and all DOCUMENTS which support the contention that

26  SHERIFF BACA failed to train his subordinates.

27  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

28  of the discovery process and discovery has not yet been completed.  The responding party

1   is therefore unable to provide a complete answer to this interrogatory at this time. Further

2   objection is made on the grounds that the request is overly broad because it fails to specify

3   a particular time, circumstance or right to which it refers.  Without waiving objections, the

4   Executive Summary of the Commission on Jail Violence. This document is public record

5   and is therefore equally available to Defendant Baca.

6   <u>DEFICIENCY</u>: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

7   any documents in her possession custody or control or provide that she has no documents

8   in her possession, custody, or control responsive to the request as required by F.R.C.P.

9   Rule 34(a)(1).

10   <u>REQUEST NO. 39</u>: Any and all DOCUMENTS which support the contention that the

11   training policies of SHERIFF BACA were not adequate to train his employees from

12   handling the ususal and recurring situation with which they must deal.

13   <u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning

14   of the discovery process and discovery has not yet been completed.  The responding party

15   is therefore unable to provide a complete answer to this interrogatory at this time. Further

16   objection is made on the grounds that the request is overly broad because it fails to specify

17   a particular time, circumstance or right to which it refers.  Without waiving objections, the

18   Executive Summary of the Commission on Jail Violence. This document is public record

19   and is therefore equally available to Defendant Baca.

20   <u>DEFICIENCY</u>: Plaintiff fails to properly respond to the request. Plaintiff fails to identify

21   any documents in her possession custody or control or provide that she has no documents

22   in her possession, custody, or control responsive to the request as required by F.R.C.P.

23   Rule 34(a)(1).

24   **DEFENSE'S CONTENTIONS:**

25   *Federal Rules of Civil Procedure* 37(a)(3)(B)(iv) provides, "A party seeking

26   discovery may move for an order compelling an answer, designation, production or

27   inspection. This motion may be made if...a party fails to respond that inspection will be

28   permitted-or fails to permit inspection-as requested under Rule 34." An evasive or

1    incomplete disclosure, answer, or response must be treated as a failure to disclose, answer,

2    or respond. *Fed.Rules.Civ.Proc.* Rule 37(a)(4).

3                              **PLAINTIFF'S CONTENTIONS:**

4           Federal discovery law requires that, prior to the initiation of a motion to compel, the

5    parties informally attempt to resolve discovery matters.  (*Nevada Power Co. v. Monsanto*

6    *Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992)

7    144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n*

8    (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to

9    promote a frank exchange between counsel to resolve issues by agreement or at least

10   narrow and focus the matters in controversy before judicial resolution is sought"]).  Some

11   federal courts have lamented that, "in many instances the [informal] conference

12   requirements seems to have evolved into a pro for a matter."  (*Dondi Properties Corp. v.*

13   *Commerce Sav. And Loan Ass'n*, supra 121 F.R.D. at p. 289.)

14          In *Nevada Power Co. v. Monsanto Co., supra,* 151 F.R.D. 118, 120, the court

15   offered the following guidelines for the conduct of an informal negotiation

16   conference:"[T]he parties must present to each other the merits of their respective positions

17   with the same, candor, specificity, and support during informal negotiations as during the

18   briefing of discovery motions.  Only after all the cards have been laid on the table, and a

19   party has meaningfully assessed the relative strengths and weaknesses of its position in

20   light of all available information, can there be a 'sincere effort' to resolve the matter."

21          Concerning Defendants Demand for Production of Documents, Set One, Plaintiff

22   informed counsel for Defendants during the Rule 37-1 conference that she stood by all of

23   the objections presented in her response.  Plaintiff further explained that the document

24   production demand contains requests that are overly broad and non-specific as to the

25   particular constitutional violations and the applicable time periods.  Plaintiff indicated that

26   Defendants refusal to produce discovery concerning matters in 2010 and 2013 on the

27   grounds of relevancy would necessarily indicate that Defendants are not desirous of

28   discovery for those periods of time and any discovery requests propounded by Defendants

should reflect the same to avoid unnecessary speculation.  Counsel for Defendants had no response to the foregoing and therefore evaded its Rule 37-1 obligations.  Plaintiff has provided the best possible response and Defendants are merely unnecessarily exhausting this Court's time and resources.

**B.      SHERIFF BACA'S REQUEST FOR ADMISSIONS TO PLAINTIFF SHORTER [SET ONE]:**

REQUEST NO. 11: Admit that SHERIFF BACA did not direct his subordinates to use force on YOU.

RESPONSE: The responding party does not have sufficient information at this time to either admit or deny this request.  However, the discovery process may produce evidence concerning whether Sheriff Baca direct his subordinate to use force, Plaintiff therefore reserves the right to supplement her response.

DEFICIENCY: Plaintiff fails to respond to the Request. Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff neither denies or admits the request. Moreover, the discovery deadline has passed and Plaintiff's assertion that discovery process may produce evidence is without merit.

REQUEST NO. 12: Admit that YOU have no evidence to prove that SHERIFF BACA directed his subordinates to use force on YOU.

RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular time period or circumstances.  Further objection is made on the ground that the term "prove" is vague and ambiguous such that the responding party is required to speculate as to what is meant by the term in order to respond.  The request is also premature at this phase of discovery in that Plaintiff has just begun gather evidence to support the prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority of documents which prove that Sheriff Baca failed to train his personnel regarding the use of reasonable force is within the possession, custody and control of Defendants Baca and/or County of Los Angeles and will be produced via the discovery process.

DEFICIENCY: Plaintiff fails to respond to the Request. Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff neither denies or admits the request. Moreover, the discovery deadline has passed and Plaintiff's assertion that discovery process may produce evidence is without merit.

REQUEST NO. 13: Admit that YOU have no DOCUMENTS to prove that SHERIFF BACA directed his subordinates to use force on YOU.

RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular time period or circumstances.  Further objection is made on the ground that the term "prove" is vague and ambiguous such that the responding party is required to speculate as to what is meant by the term in order to respond.  The request is also premature at this phase of discovery in that Plaintiff has just begun gather evidence to support the prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority of documents which may prove that Sheriff Baca directed his subordinates to use force on Plaintiff is within the possession, custody and control of Defendants Baca and/or County of Los Angeles and will be produced via the discovery process.

DEFICIENCY: Plaintiff fails to respond to the Request. Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff neither denies or admits the request. Moreover, the discovery deadline has passed and Plaintiff's assertion that discovery process may produce evidence is without merit.

REQUEST NO. 14: Admit that YOU have no evidence to prove that SHERIFF BACA directed his subordinates to sexually assault YOU.

RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular time period or circumstances.  Further objection is made on the ground that the term "prove" is vague and ambiguous such that the responding party is required to speculate as to what is meant by the term in order to respond.  The request is also premature at this phase of discovery in that Plaintiff has just begun gather evidence to support the prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority of documents which may prove that Sheriff Baca directed his subordinates to sexually

1  assault Plaintiff is within the possession, custody and control of Defendants Baca and/or

2  County of Los Angeles and will be produced via the discovery process.

3  DEFICIENCY: Plaintiff fails to respond to the Request. Plaintiff fails to comply with

4  F.R.C.P. Rule 36. Plaintiff neither denies or admits the request. Moreover, the discovery

5  deadline has passed and Plaintiff's assertion that discovery process may produce evidence

6  is without merit.

7  REQUEST NO. 15: Admit that YOU have no DOCUMENTS to prove that SHERIFF

8  BACA directed his subordinates to sexually assault YOU.

9  RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular

10  time period or circumstances.  Further objection is made on the ground that the term

11  "prove" is vague and ambiguous such that the responding party is required to speculate as

12  to what is meant by the term in order to respond.  The request is also premature at this

13  phase of discovery in that Plaintiff has just begun gather evidence to support the

14  prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority

15  of documents which may prove that Sheriff Baca directed his subordinates to sexually

16  assault Plaintiff is within the possession, custody and control of Defendants Baca and/or

17  County of Los Angeles and will be produced via the discovery process.

18  DEFICIENCY: Plaintiff's objection is without merit. Plaintiff's own complaint sues

19  Sheriff Baca for a sexual assault. Plaintiff's claim that the request is overly broad is

20  without merit.  Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff neither denies or

21  admits the request. Moreover, the discovery deadline has passed and Plaintiff's assertion

22  that discovery process may produce evidence is without merit.

23  REQUEST NO. 16: Admit that YOU have no evidence to prove that SHERIFF BACA set

24  in motion a series of acts by his subordinates that he knew would cause the subordinates to

25  deprive YOU of YOUR rights.

26  RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular

27  time period or circumstances.  Further objection is made on the ground that the term

28  "prove" is vague and ambiguous such that the responding party is required to speculate as

1    to what is meant by the term in order to respond.  The request is also premature at this

2    phase of discovery in that Plaintiff has just begun gather evidence to support the

3    prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority

4    of evidence to prove that Sheriff Baca set in motion a series of acts by his subordinates that

5    he knew would the subordinates to deprive Plaintiff of her rights within the possession,

6    custody and control of Defendants Baca and/or County of Los Angeles and will be

7    produced via the discovery process.

8    DEFICIENCY: Plaintiff's objection is without merit. Plaintiff's own complaint sues

9    Sheriff Baca for a deprivation of her constitutional rights. Plaintiff's claim that the request

10   is overly broad is without merit.  Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff

11   neither denies or admits the request. Moreover, the discovery deadline has passed and

12   Plaintiff's assertion that discovery process may produce evidence is without merit.

13   REQUEST NO. 17: Admit that YOU have no DOCUMENTS to prove that SHERIFF

14   BACA set in motion a series of acts by his subordinates that he knew would cause the

15   subordinates to deprive YOU of YOUR rights.

16   RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular

17   time period or circumstances.  Further objection is made on the ground that the term

18   "prove" is vague and ambiguous such that the responding party is required to speculate as

19   to what is meant by the term in order to respond.  The request is also premature at this

20   phase of discovery in that Plaintiff has just begun gather evidence to support the

21   prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority

22   of the documents which prove that Sheriff Baca set in motion a series of acts by his

23   subordinates that he knew would the subordinates to deprive Plaintiff of her rights within

24   the possession, custody and control of Defendants Baca and/or County of Los Angeles and

25   will be produced via the discovery process.

26   DEFICIENCY: Plaintiff's objection is without merit. Plaintiff's own complaint sues

27   Sheriff Baca for a deprivation of her constitutional rights. Plaintiff's claim that the request

28   is overly broad is without merit.  Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff

1   neither denies or admits the request. Moreover, the discovery deadline has passed and

2   Plaintiff's assertion that discovery process may produce evidence is without merit.

3   REQUEST NO. 18: Admit that YOU have no evidence to prove that SHERIFF BACA set

4   in motion a series of acts by his subordinates that he knew would cause the subordinates to

5   sexually assault YOU.

6   RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular

7   time period or circumstances.  Further objection is made on the ground that the term

8   "prove" is vague and ambiguous such that the responding party is required to speculate as

9   to what is meant by the term in order to respond.  The request is also premature at this

10  phase of discovery in that Plaintiff has just begun gather evidence to support the

11  prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority

12  of evidence to prove that Sheriff Baca set in motion a series of acts by his subordinates that

13  he knew would the subordinates to deprive Plaintiff of her rights within the possession,

14  custody and control of Defendants Baca and/or County of Los Angeles and will be

15  produced via the discovery process.

16  DEFICIENCY: Plaintiff's objection is without merit. Plaintiff's own complaint sues

17  Sheriff Baca for a deprivation of her constitutional rights. Plaintiff's claim that the request

18  is overly broad is without merit.  Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff

19  neither denies or admits the request. Moreover, the discovery deadline has passed and

20  Plaintiff's assertion that discovery process may produce evidence is without merit.

21  REQUEST NO. 19: Admit that YOU have no DOCUMENTS to prove that SHERIFF

22  BACA set in motion a series of acts by his subordinates that he knew would cause the

23  subordinates to sexually assault YOU.

24  RESPONSE: Objection.  This request is overly broad in that it fails to identify a particular

25  time period or circumstances.  Further objection is made on the ground that the term

26  "prove" is vague and ambiguous such that the responding party is required to speculate as

27  to what is meant by the term in order to respond.  The request is also premature at this

28  phase of discovery in that Plaintiff has just begun gather evidence to support the

1   prosecution of her claims.  Furthermore, Plaintiff is informed and believes that the majority

2   of the documents which prove that Sheriff Baca set in motion a series of acts by his

3   subordinates that he knew would the subordinates to deprive Plaintiff of her rights within

4   the possession, custody and control of Defendants Baca and/or County of Los Angeles and

5   will be produced via the discovery process.

6   DEFICIENCY: Plaintiff's objection is without merit. Plaintiff's own complaint sues

7   Sheriff Baca for a sexual assault. Plaintiff's claim that the request is overly broad is

8   without merit.  Plaintiff fails to comply with F.R.C.P. Rule 36. Plaintiff neither denies or

9   admits the request. Moreover, the discovery deadline has passed and Plaintiff's assertion

10  that discovery process may produce evidence is without merit.

11                          **DEFENSE'S CONTENTIONS:**

12      *Federal Rules of Civil Procedure* 36(a)(6) provides, "[t]he requesting party may

13  move to determine the sufficiency of an answer or objection.  Unless the court finds an

14  objection justified, it must order that an answer be served. On finding that an answer does

15  not comply with this rule, the court may order either that the matter is admitted or that an

16  amended answer be served." An evasive or incomplete disclosure, answer, or response

17  must be treated as a failure to disclose, answer, or respond. *Fed.Rules.Civ.Proc.* Rule

18  37(a)(4).

19                          **PLAINTIFF'S CONTENTIONS:**

20      Federal discovery law requires that, prior to the initiation of a motion to compel, the

21  parties informally attempt to resolve discovery matters.  (*Nevada Power Co. v. Monsanto

22  Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992)

23  144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n*

24  (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to

25  promote a frank exchange between counsel to resolve issues by agreement or at least

26  narrow and focus the matters in controversy before judicial resolution is sought"]).  Some

27  federal courts have lamented that, "in many instances the [informal] conference

28  requirements seems to have evolved into a pro for a matter." (*Dondi Properties Corp. v.*

1   *Commerce Sav. And Loan Ass'n, supra* 121 F.R.D. at p. 289.)

2       In *Nevada Power Co. v. Monsanto Co., supra,* 151 F.R.D. 118, 120, the court

3   offered the following guidelines for the conduct of an informal negotiation

4   conference:"[T]he parties must present to each other the merits of their respective positions

5   with the same, candor, specificity, and support during informal negotiations as during the

6   briefing of discovery motions.  Only after all the cards have been laid on the table, and a

7   party has meaningfully assessed the relative strengths and weaknesses of its position in

8   light of all available information, can there be a 'sincere effort' to resolve the matter."

9       Not only have Defendants failed in their pre-filing obligations, they have failed to

10  present this Court any substantive basis for granting their motion to compel Plaintiff to

11  provide further discovery responses.  The requests for admissions propounded by

12  Defendants are poorly drafted and Defendants made no effort to clarify or resolve the

13  ambiguities presented by Plaintiff.  Plaintiff's objections are therefore meritorious and her

14  answers are neither evasive nor incomplete.  Indeed, Plaintiff has provided the best

15  possible discovery response at this juncture. She cannot be required to admit or deny facts

16  for which she does not have sufficient information to do so.  More importantly,

17  documentation which establishes the majority of Plaintiff's claims is within the possession,

18  custody and control of Defendants.

19  **C.    SHERIFF BACA'S INTERROGATORIES TO PLAINTIFF SHORTER**

20          **[SET ONE]:**

21  <u>INTERROGATORY NO. 3</u>: For each clearly established right guaranteed by the United

22  States Constitution identified in YOUR answer to Interrogatory No. 1, IDENTIFY all

23  PERSONS with knowledge of facts which support YOUR contention that SHERIFF

24  BACA violated such rights.

25  <u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning

26  of the discovery process and discovery has not yet been completed.  The responding party

27  is therefore unable to provide a complete answer to this interrogatory at this time.  The

28  responding party will, however, state that the identities of persons with knowledge that

1   Defendant Baca violated Plaintiff's established rights guaranteed by the United States
2   Constitution are either employees or agents of the Defendant Los Angeles County.
3   Therefore, the identities of such persons are known or reasonably available to Defendant
4   Baca.
5   DEFICIENCY: Plaintiff's objection is without merit. The Plaintiff fails to identify a valid
6   objection and also fails to identify any persons that support her contention that Sheriff Baca
7   violated her rights.
8   INTERROGATORY NO. 4: For each clearly established right guaranteed by the United
9   States Constitution identified in YOUR answer to Interrogatory No. 1, IDENTIFY all
10  DOCUMENTS which support YOUR contention that SHERIFF BACA violated said
11  rights.
12  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning
13  of the discovery process and discovery has not yet been completed.  The responding party
14  is therefore unable to provide a complete answer to this interrogatory at this time.  The
15  responding party will, however, state that the identities of documents that support
16  Plaintiff's contention that Defendant Baca violated Plaintiff's established rights guaranteed
17  by the United States Constitution are within the possession, custody or control of
18  Defendant Los Angeles County.  Therefore, the documents are known or reasonably
19  available to Defendant Baca.  Without waiving said objection, all records pertaining to
20  Plaintiff's arrests and incarceration at the Century Regional Detention Facility as well as
21  her medical records at St. Francis Medical Center in Lynwood, CA and Centinela Hospital
22  in Inglewood, CA.
23  DEFICIENCY: Plaintiff's objection is without merit. The Plaintiff fails to identify a valid
24  objection and also fails to identify any documents that support her contention that Sheriff
25  Baca violated her rights.
26  INTERROGATORY NO. 5: IDENTIFY all injuries and damages that YOU have sustained
27  which YOU claim were caused by SHERIFF BACA.
28  RESPONSE: Physical and emotional injuries.

1   <u>DEFICIENCY</u>: Plaintiff's answer is not complete. Plaintiff vaguely asserts physical and

2   emotional injuries without identifying the specific physical or emotional injury.

3   <u>INTERROGATORY NO. 6</u>: IDENTIFY all PERSONS who have knowledge of facts

4   which support YOUR contention that SHERIFF BACA caused YOU to suffer the injuries

5   and damages identified in YOUR response to Interrogatory No. 5.

6   <u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning

7   of the discovery process and discovery has not yet been completed.  The responding party

8   is therefore unable to provide a complete answer to this interrogatory at this time. Without

9   waiving said objection, Plaintiff Lecia Shorter, Defendant Baca, agents and employees of

10   Defendant Los Angeles County, employees at St. Francis Medical Center and Centinela

11   Hospital.

12   <u>DEFICIENCY</u>:  Plaintiff's objection is without merit. The Plaintiff fails to identify a valid

13   objection and also fails to identify any persons that support her contention that Sheriff Baca

14   violated her rights.

15   <u>INTERROGATORY NO. 7</u>:  IDENTIFY all DOCUMENTS which support YOUR

16   contention that SHERIFF BACA caused YOU to suffer the injuries and damages identified

17   in YOUR response to Interrogatory No. 5.

18   <u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning

19   of the discovery process and discovery has not yet been completed.  The responding party

20   is therefore unable to provide a complete answer to this interrogatory at this time.  The

21   responding party will, however, state that the identities of majority documents that support

22   Plaintiff's contention that Defendant Baca caused Plaintiff to suffer injuries and damages

23   are within the possession, custody or control of Defendant Los Angeles County.

24   Therefore, the documents are known or reasonably available to Defendant Baca.  Without

25   waiving said objection, all records pertaining to Plaintiff's arrests and incarceration at the

26   Century Regional Detention Facility as well as her medical records at St. Francis Medical

27   Center in Lynwood, CA and Centinela Hospital in Inglewood, CA and Cedars Sinai

28   Medical Center.

DEFICIENCY: Plaintiff's objection is without merit. The Plaintiff fails to identify a valid objection and also fails to identify any documents that support her contention that Sheriff Baca caused her to suffer injuries and damages.

INTERROGATORY NO. 9: Please describe in detail each INJURY YOU sustained as a result of the INCIDENT, including but not limited to mental or physical INJURIES.

RESPONSE: Objection.  Defendant Baca has not sufficiently defined the term "INCIDENT" thereby causing its meaning to be vague and ambiguous such that the responding party is required to speculate as to what is meant by the term in order to respond.

DEFICIENCY: Plaintiff's objection is without merit. The Incident is defined as circumstances and events that give rise to the cause of action as alleged in Plaintiff's complaint. The incident is the action Plaintiff is suing for.

INTERROGATORY NO. 10: Please describe in detail each physical and/or emotional INJURY that YOU still attribute to the INCIDENT, including the nature, severity, and duration of each INJURY.

RESPONSE: Objection.  Defendant Baca has not sufficiently defined the term "INCIDENT" thereby causing its meaning to be vague and ambiguous such that the responding party is required to speculate as to what is meant by the term in order to respond.

DEFICIENCY: Plaintiff's objection is without merit. The Incident is defined as circumstances and events that give rise to the cause of action as alleged in Plaintiff's complaint. The incident is the action Plaintiff is suing for.

INTERROGATORY NO. 11: Please IDENTIFY (by name, address and telephone number) each individual or HEALTH CARE PROVIDER from whom YOU received consultations, examinations, or treatment for the injuries YOU attribute to the INCIDENT.

RESPONSE: Objection.  Defendant Baca has not sufficiently defined the term "INCIDENT" thereby causing its meaning to be vague and ambiguous such that the

1   responding party is required to speculate as to what is meant by the term in order to

2   respond.

3   DEFICIENCY: Plaintiff's objection is without merit. The Incident is defined as

4   circumstances and events that give rise to the cause of action as alleged in Plaintiff's

5   complaint. The incident is the action Plaintiff is suing for.

6   INTERROGATORY NO. 12: Please IDENTIFY (by name, address and telephone number)

7   each individual or HEALTH CARE PROVIDER from whom YOU received consultations,

8   examinations, or treatment for the five (5) year period preceding the INCIDENT.

9   RESPONSE: Objection.  Defendant Baca has not sufficiently defined the term

10  "INCIDENT" thereby causing its meaning to be vague and ambiguous such that the

11  responding party is required to speculate as to what is meant by the term in order to

12  respond.

13  DEFICIENCY: Plaintiff's objection is without merit. The Incident is defined as

14  circumstances and events that give rise to the cause of action as alleged in Plaintiff's

15  complaint. The incident is the action Plaintiff is suing for.

16  INTERROGATORY NO. 13: Please state whether YOU have ever been diagnosed as

17  suffering from any mental and or physical illness, injury, condition, or drug/alcohol

18  dependency within the five (5) year period preceding the INCIDENT. If so, please state the

19  diagnosis for each illness.

20  RESPONSE: Objection.  Defendant Baca has not sufficiently defined the term

21  "INCIDENT" thereby causing its meaning to be vague and ambiguous such that the

22  responding party is required to speculate as to what is meant by the term in order to

23  respond.

24  DEFICIENCY: Plaintiff's objection is without merit. The Incident is defined as

25  circumstances and events that give rise to the cause of action as alleged in Plaintiff's

26  complaint. The incident is the action Plaintiff is suing for.

27  INTERROGATORY NO. 14: Please state all facts that support YOUR contention that

28  SHERIFF BACA knew of the danger or risk to YOUR health and safety.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

of the discovery process and discovery has not yet been completed.  The responding party

is therefore unable to provide a complete answer to this interrogatory at this time. Further

objection is made on the grounds that the request is overly broad because it fails to specify

a particular time, circumstance or right to which it refers.

DEFICIENCY: Plaintiff's objection that the interrogatory is premature is without merit.

Plaintiff complaint alleges that Sheriff Baca violated her constitutional rights. Defendant is

entitled to all facts that support that Sheriff Baca knew of a danger or risk to Plaintiff's

health or safety.

INTERROGATORY NO. 15: Please identify SHERIFF BACA'S subordinates that YOU

claim deprived YOU of YOUR rights under the Constitution.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

of the discovery process and discovery has not yet been completed.  The responding party

is therefore unable to provide a complete answer to this interrogatory at this time. Further

objection is made on the grounds that the request is overly broad because it fails to specify

a particular time, circumstance or right to which it refers.  Furthermore, the subordinates

are employees or agents of the Defendant Los Angeles County.  Therefore the identities of

such persons are known or reasonably available to Defendant Baca.  Without waiving said

objection, Los Angeles Sheriff Deputy Ortiz, Los Angeles Sheriff Deputy Avalos, Los

Angeles Sheriff Deputy Shane Parks, Los Angeles Sheriff Deputy Ian Beckford, Los

Angeles Sheriff Deputy Nalls, Los Angeles Sheriff Deputy Moreno, Los Angeles Sheriff

Deputy De Santa, and, Nurse Practitioner Bachelor.,

DEFICIENCY: Plaintiff's objection is without merit. The identity of the persons plaintiff

claims deprived her of her rights is discoverable under F.R.C.P. 26 and 33.

INTERROGATORY NO. 16: Please provide any facts that support the contention that

SHERIFF BACA directed his subordinates in the acts that deprived YOU of YOUR rights.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

of the discovery process and discovery has not yet been completed.  The responding party

is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers.  Without waiving said objections, Defendant LEROY BACA was acting in the course and scope of his official capacity as the elected Sheriff of Los Angeles County.  As Sheriff, he is the chief executive officer of the Los Angeles Sheriff Department. According to California law, the Sheriff is answerable for the safekeeping of the inmates in his custody.  California Government Code ĕĕ 26605 and 26610; California Penal Code ĕ 4006.  Specifically, Defendant BACA is responsible for the oversight, management and administration of policies of the County of Los Angeles with reference to local jails, including but not limited to housing practices, transportation, and, medical and dental service.  This includes all matters relating to the selection, supervision, promotion, training, and discipline of the uniformed staff, including the supervisory security and medical staffs, of the County Jails.  He is also responsible for the care, custody, and control of all inmates housed in the County Jails.

DEFICIENCY: Plaintiff's objections are without merit. The Interrogatory is requesting all facts that support Sheriff Baca directed his subordinates to deprive plaintiff's rights. The Plaintiff's response is non-responsive to the Interrogatory.

INTERROGATORY NO. 17: Please provide any facts that support the contention that SHERIFF BACA set in motion a series of acts by his subordinates that he knew or reasonably should have known would cause the subordinates to deprive YOU of YOUR rights.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the request is overly broad because it fails to specify a particular time, circumstance or right to which it refers.  Without waiving said objections, Defendant LEROY BACA was acting in the course and scope of his official capacity as the elected Sheriff of Los Angeles County.  As Sheriff, he is the chief executive officer of the

1   Los Angeles Sheriff Department. According to California law, the Sheriff is answerable for

2   the safekeeping of the inmates in his custody.  California Government Code §§ 26605 and

3   26610; California Penal Code § 4006.  Specifically, Defendant BACA is responsible for

4   the oversight, management and administration of policies of the County of Los Angeles

5   with reference to local jails, including but not limited to housing practices, transportation,

6   and, medical and dental service.  This includes all matters relating to the selection,

7   supervision, promotion, training, and discipline of the uniformed staff, including the

8   supervisory security and medical staffs, of the County Jails.  He is also responsible for the

9   care, custody, and control of all inmates housed in the County Jails.

10  <u>DEFICIENCY</u>: Plaintiff's objections are without merit. The Interrogatory is requesting all

11  facts that support Sheriff Baca directed his subordinates to deprive plaintiff's rights. The

12  Plaintiff's response is non-responsive to the Interrogatory.

13  <u>INTERROGATORY NO. 18</u>: Please provide any facts that support SHERIFF BACA

14  knew, or reasonably should have known, that his subordinates were engaging in acts that

15  violated YOUR rights.

16  <u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning

17  of the discovery process and discovery has not yet been completed.  The responding party

18  is therefore unable to provide a complete answer to this interrogatory at this time. Further

19  objection is made on the grounds that the request is overly broad because it fails to specify

20  a particular time, circumstance or right to which it refers.  Without waiving said objections,

21  Defendant LEROY BACA was acting in the course and scope of his official capacity as the

22  elected Sheriff of Los Angeles County.  As Sheriff, he is the chief executive officer of the

23  Los Angeles Sheriff Department. According to California law, the Sheriff is answerable for

24  the safekeeping of the inmates in his custody.  California Government Code §§ 26605 and

25  26610; California Penal Code § 4006.  Specifically, Defendant BACA is responsible for

26  the oversight, management and administration of policies of the County of Los Angeles

27  with reference to local jails, including but not limited to housing practices, transportation,

28  and, medical and dental service.  This includes all matters relating to the selection,

1   supervision, promotion, training, and discipline of the uniformed staff, including the

2   supervisory security and medical staffs, of the County Jails.  He is also responsible for the

3   care, custody, and control of all inmates housed in the County Jails.

4         Additionally, Plaintiff filed numerous complaints with Defendant Baca and the

5   County of Los Angeles informing them that Defendant Baca's subordinates were depriving

6   Plaintiff of her rights under the Constitution.

7   DEFICIENCY: Plaintiff's objections are without merit. The Interrogatory is requesting all

8   facts that support Sheriff Baca directed his subordinates to deprive plaintiff's rights. The

9   Plaintiff's response is non-responsive to the Interrogatory.

10  INTERROGATORY NO. 19: Please provide any facts that support the fact that SHERIFF

11  BACA failed to act to prevent his subordinates from engaging in acts that violated YOUR

12  rights.

13  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

14  of the discovery process and discovery has not yet been completed.  The responding party

15  is therefore unable to provide a complete answer to this interrogatory at this time. Further

16  objection is made on the grounds that the request is overly broad because it fails to specify

17  a particular time, circumstance or right to which it refers.  Without waiving said objections,

18  Defendant LEROY BACA was acting in the course and scope of his official capacity as the

19  elected Sheriff of Los Angeles County.  As Sheriff, he is the chief executive officer of the

20  Los Angeles Sheriff Department. According to California law, the Sheriff is answerable for

21  the safekeeping of the inmates in his custody.  California Government Code §§ 26605 and

22  26610; California Penal Code § 4006.  Specifically, Defendant BACA is responsible for

23  the oversight, management and administration of policies of the County of Los Angeles

24  with reference to local jails, including but not limited to housing practices, transportation,

25  and, medical and dental service.  This includes all matters relating to the selection,

26  supervision, promotion, training, and discipline of the uniformed staff, including the

27  supervisory security and medical staffs, of the County Jails.  He is also responsible for the

28  care, custody, and control of all inmates housed in the County Jails.

1    Additionally, Plaintiff filed numerous complaints with Defendant Baca and the

2    County of Los Angeles informing them that Defendant Baca's subordinates were depriving

3    Plaintiff of her rights under the Constitution and Baca took no action to investigate

4    Plaintiff's complaints, reprimands his subordinates or institute policies and procedures that

5    would prevent his subordinates from engaging in acts that violated Plaintiff's rights.

6    <u>DEFICIENCY</u>: Plaintiff's objections are without merit. The Interrogatory is requesting all

7    facts that support Sheriff Baca directed his subordinates to deprive plaintiff's rights. The

8    Plaintiff's response is non-responsive to the Interrogatory.

9    <u>INTERROGATORY NO. 20</u>: Please IDENTIFY all persons who are witnessed the

10   INCIDENT.

11   <u>RESPONSE</u>: Objection. Defendant Baca has not sufficiently defined the term

12   "INCIDENT" thereby causing its meaning to be vague and ambiguous such that the

13   responding party is required to speculate as to what is meant by the term in order to

14   respond. Further objection is made on the ground that the interrogatory is overly broad in

15   that it does not indicate a time or particular circumstance to which it refers.

16   <u>DEFICIENCY</u>: Plaintiff's objection is without merit. The Incident is defined as the

17   circumstances and events that give rise to the cause of action as alleged in Plaintiff's

18   complaint. The incident is the action Plaintiff is suing for.

19   <u>INTERROGATORY NO. 21</u>: Please IDENTIFY all witnesses to YOUR claim of denial of

20   medical care.

21   <u>RESPONSE</u>: Objection. This request is overly broad in that it does not indicate a time or

22   particular circumstance to which it refers. Without waiving said objection, Nurse

23   Practitioner Bachelor and various other agents and employees of Defendant Los Angeles

24   County.

25   <u>DEFICIENCY</u>: Plaintiff's objection is without merit. Defendant is seeking the identity of

26   all witnesses to any and all of plaintiff's claims of denial of medical care.

27   <u>INTERROGATORY NO. 22</u>: Please IDENTIFY all witnesses to YOUR claim of

28   excessive force.

1   RESPONSE: Objection. This request is overly broad in that it does not indicate a time or

2   particular circumstance to which it refers.

3   DEFICIENCY: Plaintiff's objection is without merit. Defendant is seeking the identity of

4   all witnesses to any and all of plaintiff's claims of excessive force.

5   INTERROGATORY NO. 23: Please IDENTIFY all witnesses to YOUR claim of a sexual

6   assault.

7   RESPONSE: Objection. This request is overly broad in that it does not indicate a time or

8   particular circumstance to which it refers.

9   DEFICIENCY: Plaintiff's objection is without merit. Defendant is seeking the identity of

10   all witnesses to any and all of plaintiff's claims of denial of sexual assault.

11   INTERROGATORY NO. 24: Please IDENTIFY all witnesses to YOUR claim of a

12   violation of conditions of confinement.

13   RESPONSE: Objection. This request is overly broad in that it does not indicate a time or

14   particular circumstance to which it refers. Without waiving said objection, employees and

15   agents of  Defendant Los Angeles County and members of the Los Angeles Sheriff's

16   Department.

17   DEFICIENCY: Plaintiff's objection is without merit. Defendant is seeking the identity of

18   all witnesses to any and all of plaintiff's claims of denial of constitutional conditions of

19   confinement.

20                              **DEFENSE'S CONTENTIONS:**

21        *Federal Rules of Civil Procedure* 37(a)(3)(B)(iii) provides, "A party seeking

22   discovery may move for an order compelling an answer, designation, production or

23   inspection. This motion may be made if...a party fails to answer an interrogatory submitted

24   under Rule 33." An evasive or incomplete disclosure, answer, or response must be treated

25   as a failure to disclose, answer, or respond. *Fed.Rules.Civ.Proc.* Rule 37(a)(4).

26                              **PLAINTIFF'S CONTENTIONS:**

27        Federal discovery law requires that, prior to the initiation of a motion to compel, the

28   parties informally attempt to resolve discovery matters.  (*Nevada Power Co. v. Monsanto*

1    *Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992)

2    144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n*

3    (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to

4    promote a frank exchange between counsel to resolve issues by agreement or at least

5    narrow and focus the matters in controversy before judicial resolution is sought"]).  Some

6    federal courts have lamented that, "in many instances the [informal] conference

7    requirements seems to have evolved into a pro for a matter."  (*Dondi Properties Corp. v.*

8    *Commerce Sav. And Loan Ass'n, supra* 121 F.R.D. at p. 289.)

9          In *Nevada Power Co. v. Monsanto Co., supra, 1*51 F.R.D. 118, 120, the court

10   offered the following guidelines for the conduct of an informal negotiation

11   conference:"[T]he parties must present to each other the merits of their respective positions

12   with the same, candor, specificity, and support during informal negotiations as during the

13   briefing of discovery motions.  Only after all the cards have been laid on the table, and a

14   party has meaningfully assessed the relative strengths and weaknesses of its position in

15   light of all available information, can there be a 'sincere effort' to resolve the matter."

16         Not only have Defendants failed in their pre-filing obligations, they have failed to

17   present this Court any substantive basis for granting their motion to compel Plaintiff to

18   provide further discovery responses.  The special interrogatories propounded by Defendant

19   Baca are poorly drafted and counsel for Defendant Baca made no effort to clarify or

20   resolve the ambiguities presented by Plaintiff.  Plaintiff's objections are therefore

21   meritorious and her answers are neither evasive nor incomplete.  Indeed, Plaintiff has

22   provided the best possible discovery response at this juncture. She cannot be required to

23   respond to poorly drafted interrogatories particularly since Defendants are contending that

24   some of Plaintiff's claims are either barred by the applicable statute of limitations or are

25   irrelevant.  More importantly, documentation which establishes the majority of Plaintiff's

26   claims is within the possession, custody and control of Defendants.  And, the identity of

27   employees and agents of the Los Angeles Sheriff's Department and Los Angeles County as

28   well as additional information sought by Defendants is within their exclusive knowledge.

D.     **COUNTY OF LOS ANGELES INTERROGATORIES TO PLAINTIFF**
       **SHORTER [SET ONE]:**

INTERROGATORY NO. 3:  For each clearly established right guaranteed by the United States Constitution identified in YOUR answer to Interrogatory No. 1, IDENTIFY all PERSONS with knowledge of facts which support YOUR contention that the COUNTY OF LOS ANGELES violated said rights.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. The responding party will, however, state that the identities of persons with knowledge that Defendant County of Los Angeles violated Plaintiff's established rights guaranteed by the United States Constitution are either employees or agents of the Defendant Los Angeles County.  Therefore, the identities of such persons are known or reasonably available to Defendant County of Los Angeles.

DEFICIENCY: Plaintiff's answer is non-responsive. Plaintiff does not identify any person in her response.

INTERROGATORY NO. 4: For each clearly established right guaranteed by the United States Constitution identified in YOUR answer to Interrogatory No. 1, IDENTIFY all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES violated said rights.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. The responding party will, however, state that the identities of documents that support Plaintiff's contention that Defendant County of Los Angeles violated Plaintiff's established rights guaranteed by the United States Constitution are within the possession, custody or control of the Defendant Los Angeles County.  Therefore, the documents are known or reasonably available to Defendant County of Los Angeles. Without waiving said objection,

1   all records pertaining to Plaintiff's arrests and incarceration at the Century Regional

2   Detention Facility as well as her medical records at St. Francis Medical Center in

3   Lynwood, CA and Centinela Hospital in Inglewood, CA.

4   <u>DEFICIENCY</u>: Plaintiff's objection and assertion that responsive documents are within the

5   possession of Defendant is without merit. Plaintiff does not IDENTIFY any such

6   documents.

7   <u>INTERROGATORY NO. 5</u>: IDENTIFY all injuries and damages that YOU have sustained

8   which YOU claim were caused by the COUNTY OF LOS ANGELES.

9   <u>RESPONSE</u>: Physical and emotion injuries.

10   <u>DEFICIENCY</u>: Plaintiff's answer is not complete. Plaintiff vaguely asserts physical and

11   emotional injuries without identifying the specific physical or emotional injury.

12   <u>INTERROGATORY NO. 6</u>: IDENTIFY all PERSONS who have knowledge of facts

13   which support YOUR contention that the COUNTY OF LOS ANGELES caused YOU to

14   suffer the injuries and damages identified in YOUR response to Interrogatory No. 5.

15   <u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning

16   of the discovery process and discovery has not yet been completed.  The responding party

17   is therefore unable to provide a complete answer to this interrogatory at this time. Without

18   waiving said objection, Plaintiff Lecia Shorter, Defendant Baca, agents and employees of

19   Defendant Los Angeles County, employees at St. Francis Medical Center and Centinela

20   Hospital.

21   <u>DEFICIENCY</u>:  Plaintiff's objection is without merit. The Plaintiff fails to IDENTIFY any

22   persons.

23   <u>INTERROGATORY NO. 7</u>:  IDENTIFY all DOCUMENTS which support YOUR

24   contention that the COUNTY OF LOS ANGELES caused YOU to suffer the injuries and

25   damages identified in YOUR response to Interrogatory No. 5.

26   <u>RESPONSE</u>: Objection.  This interrogatory is premature because we are in the beginning

27   of the discovery process and discovery has not yet been completed.  The responding party

28   is therefore unable to provide a complete answer to this interrogatory at this time. The

1   responding party will, however, state that the identities of the majority documents that

2   support Plaintiff's contention that Defendant County of Los Angeles caused Plaintiff to

3   suffer injuries and damages are within the possession, custody or control of the Defendant

4   Los Angeles County.  Therefore, the documents are known or reasonably available to

5   Defendant County of Los Angeles. Without waiving said objection, all records pertaining

6   to Plaintiff's arrests and incarceration at the Century Regional Detention Facility as well as

7   her medical records at St. Francis Medical Center in Lynwood, CA, Centinela Hospital in

8   Inglewood, CA and Cedars Sinai Medical Center.

9   DEFICIENCY:  Plaintiff's objection is without merit. The Plaintiff fails to identify a valid

10  objection and also fails to identify any documents.

11  INTERROGATORY NO. 9:  Please list every federal violation YOU claim and YOUR

12  basis of liability.

13  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

14  of the discovery process and discovery has not yet been completed.  The responding party

15  is therefore unable to provide a complete answer to this interrogatory at this time. The

16  responding party will, however, state that Defendant County of Los Angeles has violated

17  42 U.S.C. ě1983, the failure to implement appropriate policies, customs and practices; The

18  right to be free of cruel and unusual punishment, guaranteed by the Eighth and Fourteenth

19  Amendments to the United States Constitution; Sixth Amendment right to a speedy trial;

20  the right to be free of excessive bail; the First Amendment right to freedom of religion;

21  Sixth Amendment right to be represented by counsel for her defense; and, the First

22  Amendment right to freedom of association with her attorney.  Defendant County of Los

23  Angeles has also violated any and all federal laws, rules and regulations regarding the

24  oversight, management and administration of policies concerning local jails, including but

25  not limited to housing practices, transportation, and, medical and dental services and safety

26  and well being of inmates.

27  DEFICIENCY: Plaintiff provides that a complete answer can not be provided. Defendant is

28  entitled to this information under F.R.C.P. Rule 26 and 33.

1    INTERROGATORY NO. 11: Please list and IDENTIFY all YOUR criminal convictions.

2    RESPONSE: Objection. This interrogatory is irrelevant in that it does seek information

3    which will prove or disprove any matter that is of significance to the issues in the pending

4    action.  Neither is likely to lead to the discovery of admissible evidence.  Further objection

5    is made on the grounds that any "criminal convictions" are matter of public record and

6    such record and such information is equally available to the propounding party.

7    DEFICIENCY: Defendant is entitled to this information under F.R.C.P. Rule 26 and 33.

8    Moreover, Plaintiff's prior convictions are discoverable for impeachment purposes.

9    INTERROGATORY NO. 12:  Please state YOUR true name and social security number.

10   RESPONSE: Objection. This interrogatory seeks to invade Plaintiff's constitutional right

11   of privacy.  Without waiving said objection, Lecia Lenette Shorter.

12   DEFICIENCY: Defendant is entitled to this information under F.R.C.P. Rule 26 and 33.

13   Defendant can not obtain Plaintiff's medical records without a social security number.

14                          **DEFENSE'S CONTENTIONS:**

15        *Federal Rules of Civil Procedure* 37(a)(3)(B)(iii) provides, "A party seeking

16   discovery may move for an order compelling an answer, designation, production or

17   inspection. This motion may be made if...a party fails to answer an interrogatory submitted

18   under Rule 33." An evasive or incomplete disclosure, answer, or response must be treated

19   as a failure to disclose, answer, or respond. *Fed.Rules.Civ.Proc.* Rule 37(a)(4).

20                          **PLAINTIFF'S CONTENTIONS**:

21        Federal discovery law requires that, prior to the initiation of a motion to compel, the

22   parties informally attempt to resolve discovery matters.  (*Nevada Power Co. v. Monsanto

23   Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992)

24   144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n*

25   (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to

26   promote a frank exchange between counsel to resolve issues by agreement or at least

27   narrow and focus the matters in controversy before judicial resolution is sought"]).  Some

28   federal courts have lamented that, "in many instances the [informal] conference

1    requirements seems to have evolved into a pro for a matter."  (*Dondi Properties Corp. v.*

2    *Commerce Sav. And Loan Ass'n, supra* 121 F.R.D. at p. 289.)

3        In *Nevada Power Co. v. Monsanto Co., supra*, 151 F.R.D. 118, 120, the court

4    offered the following guidelines for the conduct of an informal negotiation

5    conference:"[T]he parties must present to each other the merits of their respective positions

6    with the same, candor, specificity, and support during informal negotiations as during the

7    briefing of discovery motions.  Only after all the cards have been laid on the table, and a

8    party has meaningfully assessed the relative strengths and weaknesses of its position in

9    light of all available information, can there be a 'sincere effort' to resolve the matter."

10       Not only have Defendants failed in their pre-filing obligations, they have failed to

11   present this Court any substantive basis for granting their motion to compel Plaintiff to

12   provide further discovery responses.  The special interrogatories propounded by Defendant

13   County of Los Angeles are poorly drafted and counsel for Defendant County of Los

14   Angeles made no effort to clarify or resolve the ambiguities presented by Plaintiff.

15   Plaintiff's objections are therefore meritorious and her answers are neither evasive nor

16   incomplete.  Indeed, Plaintiff has provided the best possible discovery response at this

17   juncture. She cannot be required to respond to poorly drafted interrogatories particularly

18   since Defendants are contending that some of Plaintiff's claims are either barred by the

19   applicable statute of limitations or are irrelevant.  More importantly, documentation which

20   establishes the majority of Plaintiff's claims is within the possession, custody and control

21   of Defendants.  And, the identity of employees and agents of the Los Angeles Sheriff's

22   Department and Los Angeles County as well as additional information sought by

23   Defendants is within their exclusive knowledge.

24   **E.      COUNTY OF LOS ANGELES REQUEST FOR PRODUCTION OF**

25   **         DOCUMENTS TO PLAINTIFF SHORTER [SET ONE]:**

26   REQUEST NO. 2: Any and all DOCUMENTS which support YOUR contention that the

27   COUNTY OF LOS ANGELES deprived YOU of YOUR rights guaranteed by the United

28   States Constitution.

RESPONSE: Objection.  This request is overly broad because it fails to specify a particular time, circumstances of right to which it refers.  The responding party further objections on the grounds that the identifies of documents that support Plaintiff's contentions that Defendant County of Los Angeles deprived Plaintiff of her established rights guaranteed by the United States Constitution are within the possession, custody or control of Defendant Los Angeles County. Therefore, the documents are known or reasonably available to Defendant County of Los Angeles.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that the County of Los Angeles violated her constitutional rights as alleged in the Complaint. This is a simple request for information that is directly relevant to plaintiff's claim.

REQUEST NO. 3: Any and all DOCUMENTS which show all injuries and damages which YOU claim were caused by the COUNTY OF LOS ANGELES.

RESPONSE: Objection.  This request is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to full comply with this request at this time.  Many of the documents responsive to this request are in the possession, custody or control of Defendant Los Angeles County and are therefore reasonably available to Defendant Los Angeles County. Without waiving said objection, the responding party states that the following documents support her contention that the County of Los Angeles caused her to suffer the injuries and damages.  Any and all records regarding Plaintiff from her incarcerations at Century Regional Detention Facility; Plaintiff's medical records from St. Francis Medical Center, L.A.-U.S.C. County Medical Center, Centinela Hospital, Cedars Sinai Medical Center; records and video recordings regarding Plaintiff in the possession of Los Angeles County Sheriff's Department; Los Angeles County Sheriff's investigative report regarding the use

of excessive force by Los Angeles County Sheriff Deputy Ian Beckford; Executive Summary of the Commission on Jail Violence; and, photographs of Plaintiff's injuries cause by  Los Angeles County Sheriff Deputy Shane Parks.  Plaintiff does not presently have possession of her medical records or any of the documents identified with the exception of photographs of Plaintiff's injuries caused by  Los Angeles County Sheriff Deputy Shane Parks. Plaintiff's medical records are in the possession, custody and control of those health care providers that have been identified in this response. The Summary of the Commission on Jail Violence is a public record and is therefore equally available to Defendant County of Los Angeles.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that the County of Los Angeles caused her injuries. This is a simple request for information that is directly relevant to plaintiff's claim.

REQUEST NO. 4: Any and all DOCUMENTS from any HEALTH CARE FACILITIES including hospitals, clinics, emergency rooms, and infirmaries where YOU received examination, consultation, treatment, hospitalization, physical therapy, surgery, or any other medical service from which YOU received medical attention for injuries which YOU contend were caused by the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

RESPONSE: Documents responsive to this request include Plaintiff's medical records from Century Regional Detention Facility; L.A.-U.S.C. County Medical Center, St. Francis Medical Center and Centinela Hospital.  Plaintiff does not presently have possession of her medical records.  Plaintiff's medical records are, however, in the possession, custody and control of those health care providers that have been identified in this response.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

1   party a request within the scope of Rule 26(b). The request is seeking documents that

2   support Plaintiff's claim that the County of Los Angeles violated her constitutional rights

3   as alleged in the Complaint. This is a simple request for information that is directly

4   relevant to plaintiff's claim.

5   REQUEST NO. 5: Any and all DOCUMENTS which support YOUR contention that the

6   policies and/or customs of the COUNTY OF LOS ANGELES caused a violation of YOUR

7   rights guaranteed by the United States Constitution.

8   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

9   of the discovery process and discovery has not yet been completed.  The responding party

10  is therefore unable to provide a complete answer to this interrogatory at this time. Further

11  objection is made on the grounds that the interrogatory is overly broad because it fails to

12  specify a particular time, circumstance or right to which it refers.  Without waiving said

13  objections, Executive Summary of the Commission on Jail Violence and all documents that

14  reference the County of Los Angeles' legal obligations regarding oversight, management

15  and administration of local jails, including but not limited to housing practices,

16  transportation, and, medical and dental service.  This includes all matters relating to the

17  selection, supervision, promotion, training, and discipline of the uniformed staff, including

18  the supervisory security and medical staffs, of the County Jails.  He is also responsible for

19  the care, custody, and control of all inmates housed in the County Jails.  The County of Los

20  Angeles is also responsible for the care, custody, and control of all inmates housed in the

21  County Jails.  These documents are within the possession, custody and control of

22  Defendant Baca and/or Defendant Los Angeles County.

23  DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

24  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

25  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

26  party a request within the scope of Rule 26(b). The request is seeking documents that

27  support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

28  a simple request for information that is directly relevant to plaintiff's claim.

REQUEST NO. 6: Any and all DOCUMENTS which support YOUR contention that the polices and/or customs of the COUNTY OF LOS ANGELES which allegedly caused a violation of YOUR rights guaranteed by the United States Constitution are in fact policies and/or customs of the COUNTY OF LOS ANGELES.

RESPONSE: Objection.  This interrogatory is premature because we are in the beginning of the discovery process and discovery has not yet been completed.  The responding party is therefore unable to provide a complete answer to this interrogatory at this time. Further objection is made on the grounds that the interrogatory is overly broad because it fails to specify a particular time, circumstance or right to which it refers.  Without waiving said objections, Executive Summary of the Commission on Jail Violence and all documents that reference the County of Los Angeles' legal obligations regarding oversight, management and administration of local jails, including but not limited to housing practices, transportation, and, medical and dental service.  This includes all matters relating to the selection, supervision, promotion, training, and discipline of the uniformed staff, including the supervisory security and medical staffs, of the County Jails.  The County of Los Angeles is also responsible for the care, custody, and control of all inmates housed in the County Jails.  The County of Los Angeles is also responsible for the care, custody, and control of all inmates housed in the County Jails.  These documents are within the possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is a simple request for information that is directly relevant to plaintiff's claim.

REQUEST NO. 7: Any and all DOCUMENTS which support YOUR contention  that the alleged failure by the COUNTY OF LOS ANGELES to properly train, supervise, or

1   discipline its personnel lead to a deprivation of YOUR rights guaranteed by the United

2   States Constitution.

3   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

4   of the discovery process and discovery has not yet been completed.  The responding party

5   is therefore unable to provide a complete answer to this interrogatory at this time. Further

6   objection is made on the grounds that the interrogatory is overly broad in its failure to

7   indicate a time or circumstance to which it refers.  Without waiving said objections,

8   Executive Summary of the Commission on Jail Violence and all documents that reference

9   the County of Los Angeles' legal obligations regarding oversight, management and

10  administration of local jails, including but not limited to housing practices, transportation,

11  and, medical and dental service. This includes all matters relating to the selection,

12  supervision, promotion, training, and discipline of the uniformed staff, including the

13  supervisory security and medical staffs, of the County Jails.  The County of Los Angeles is

14  also responsible for the care, custody, and control of all inmates housed in the County Jails.

15  These documents are within the possession, custody and control of Defendant Baca and/or

16  Defendant Los Angeles County.

17  DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

18  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

19  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

20  party a request within the scope of Rule 26(b). The request is seeking documents that

21  support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

22  a simple request for information that is directly relevant to plaintiff's claim.

23  REQUEST NO. 8: Any and all DOCUMENTS which support YOUR contention that the

24  COUNTY OF LOS ANGELES was aware of a substantial risk of serious harm to YOU

25  prior to the INCIDENT.

26  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

27  of the discovery process and discovery has not yet been completed.  The responding party

28  is therefore unable to provide a complete answer to this interrogatory at this time. Further

objection is made on the grounds that the interrogatory is overly broad in its failure to

indicate a time or circumstance to which it refers.  Without waiving said objections, the

Executive Summary of the Commission on Jail Violence and all documents that reference

the County of Los Angeles' legal obligations regarding oversight, management and

administration of local jails, including but not limited to housing practices, transportation,

and, medical and dental service. This includes all matters relating to the selection,

supervision, promotion, training, and discipline of the uniformed staff, including the

supervisory security and medical staffs, of the County Jails.  The County of Los Angeles is

also responsible for the care, custody, and control of all inmates housed in the County Jails.

These documents are within the possession, custody and control of Defendant Baca and/or

Defendant Los Angeles County.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

party a request within the scope of Rule 26(b). The request is seeking documents that

support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

a simple request for information that is directly relevant to plaintiff's claim.

REQUEST NO. 9: Any and all DOCUMENTS which support YOUR contention that

despite being aware of the substantial risk of serious harm to YOU prior to the INCIDENT,

the COUNTY OF LOS ANGELES failed to protect YOU from the INCIDENT.

RESPONSE: Objection. This request is vague and ambiguous in that Defendant has failed

to adequately define the term "INCIDENT".  The term is also overly broad in that there

were numerous "incidents" referenced in the FAC and Plaintiff is not certain to which

incident Defendant is referring.  Without waiving said objections, the Executive Summary

of the Commission on Jail Violence and all documents that reference the County of Los

Angeles' legal obligations regarding oversight, management and administration of local

jails, including but not limited to housing practices, transportation, and, medical and dental

service. This includes all matters relating to the selection, supervision, promotion, training,

1   and discipline of the uniformed staff, including the supervisory security and medical staffs,

2   of the County Jails.  The County of Los Angeles is also responsible for the care, custody,

3   and control of all inmates housed in the County Jails. These documents are within the

4   possession, custody and control of Defendant Baca and/or Defendant Los Angeles County.

5   DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

6   Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

7   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

8   party a request within the scope of Rule 26(b). The request is seeking documents that

9   support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

10  a simple request for information that is directly relevant to plaintiff's claim.

11  REQUEST NO. 10: Any and all DOCUMENTS which support YOUR contention that the

12  COUNTY OF LOS ANGELES maintained policies and/or customs which lead to a

13  deprivation of your constitutionally or federally guaranteed rights.

14  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

15  of the discovery process and discovery has not yet been completed.  The responding party

16  is therefore unable to provide a complete answer to this interrogatory at this time. Further

17  objection is made on the grounds that the interrogatory is overly broad in its failure to

18  indicate a time or circumstance to which it refers.  Without waiving said objections, the

19  Executive Summary of the Commission on Jail Violence and all documents that reference

20  the County of Los Angeles' legal obligations regarding oversight, management and

21  administration of local jails, including but not limited to housing practices, transportation,

22  and, medical and dental service. This includes all matters relating to the selection,

23  supervision, promotion, training, and discipline of the uniformed staff, including the

24  supervisory security and medical staffs, of the County Jails.  The County of Los Angeles is

25  also responsible for the care, custody, and control of all inmates housed in the County Jails.

26  These documents are within the possession, custody and control of Defendant Los Angeles

27  County.

28

1  DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

2  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

3  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

4  party a request within the scope of Rule 26(b). The request is seeking documents that

5  support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

6  a simple request for information that is directly relevant to plaintiff's claim.

7  REQUEST NO. 11: Any and all DOCUMENTS which support YOUR contention that the

8  COUNTY OF LOS ANGELES failed to train its employees.

9  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

10  of the discovery process and discovery has not yet been completed.  The responding party

11  is therefore unable to provide a complete answer to this interrogatory at this time. Further

12  objection is made on the grounds that the interrogatory is overly broad in its failure to

13  indicate a time or circumstance to which it refers.  Without waiving said objections, the

14  Executive Summary of the Commission on Jail Violence.  This document is a public record

15  and is therefore equally available to Defendant County of Los Angeles.

16  DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

17  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

18  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

19  party a request within the scope of Rule 26(b). The request is seeking documents that

20  support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

21  a simple request for information that is directly relevant to plaintiff's claim.

22  REQUEST NO. 12: Any and all DOCUMENTS including reports or records, of medical,

23  surgical, chiropractic, psychological, psychiatric or other treatment, examination,

24  evaluation, hospitalization or ambulatory services that YOU are claiming as damages

25  resulting from the INCIDENT.

26  RESPONSE: Documents responsive to this request include Plaintiff's medical records

27  from Century Regional Detention Facility, L.A.-U.S.C. County Medical Center, Cedars

28  Sinai Medical Center, St. Francis Medical Center and Centinela Hospital.  Plaintiff does

not presently have possession of her medical records.  Plaintiff's medical records are in the possession, custody and control of those health care providers that have been identified in this response.

<u>DEFICIENCY</u>: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is a simple request for information that is directly relevant to plaintiff's claim.

<u>REQUEST NO. 13</u>: Any and all DOCUMENTS including written or recorded statements made by any PERSON(S) concerning the INCIDENT alleged in YOUR FAC.

<u>RESPONSE</u>: Objection. This request is vague and ambiguous in that Defendant has failed to adequately define the term "INCIDENT".  The request is also overly broad in that there were numerous "incidents" referenced in the FAC and Plaintiff is not certain to which incident Defendant is referring.

<u>DEFICIENCY</u>: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is a simple request for information that is directly relevant to plaintiff's claim.

<u>REQUEST NO. 14</u>: Any and all written or recorded statements made by YOU concerning the INCIDENT alleged in YOUR FAC.

<u>RESPONSE</u>: Objection. This request is vague and ambiguous in that Defendant has failed to adequately define the term "INCIDENT".  The request is also overly broad in that there were numerous "incidents" referenced in the FAC and Plaintiff is not certain to which incident Defendant is referring.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is a simple request for information that is directly relevant to plaintiff's claim.

REQUEST NO. 15: Any and all complaints made by YOU to the COUNTY OF LOS ANGELES concerning the INCIDENT alleged in YOUR FAC.

RESPONSE: Objection. This request is vague and ambiguous in that Defendant has failed to adequately define the term "INCIDENT" and "complaint." The request is also overly broad in that there were numerous "incidents" referenced in the FAC and Plaintiff is not certain to which incident Defendant is referring or the nature and/or type of complaint.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other party a request within the scope of Rule 26(b). The request is seeking documents that support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is a simple request for information that is directly relevant to plaintiff's claim.

REQUEST NO. 16: Any and all complaints made by YOU to PERSONS or entities other than the COUNTY OF LOS ANGELES concerning the INCIDENT alleged in YOUR FAC.

RESPONSE: Objection. This request is vague and ambiguous in that Defendant has failed to adequately define the term "INCIDENT" and "complaint." The request is also overly broad in that there were numerous "incidents" referenced in the FAC and Plaintiff is not certain to which incident Defendant is referring or the nature and/or type of complaint.

DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P. Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

1   party a request within the scope of Rule 26(b). The request is seeking documents that

2   support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

3   a simple request for information that is directly relevant to plaintiff's claim.

4   REQUEST NO. 17: Any and all DOCUMENTS which support the contention that the

5   training policies of the COUNTY OF LOS ANGELES were not adequate to train its

6   employees to handle the usual and recurring situations with which they must deal.

7   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

8   of the discovery process and discovery has not yet been completed.  The responding party

9   is therefore unable to provide a complete answer to this interrogatory at this time. Further

10  objection is made on the grounds that the interrogatory is overly broad in its failure to

11  indicate a time or circumstance to which it refers.  Without waiving said objections, the

12  Executive Summary of the Commission on Jail Violence.  This document is a public record

13  and is therefore equally available to Defendant County of Los Angeles.

14  DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

15  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

16  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

17  party a request within the scope of Rule 26(b). The request is seeking documents that

18  support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

19  a simple request for information that is directly relevant to plaintiff's claim.

20  REQUEST NO. 18: Any and all DOCUMENTS which support the contention that the

21  COUNTY OF LOS ANGELES was deliberately indifferent to the obvious consequences of

22  its failure to train its employees adequately.

23  RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

24  of the discovery process and discovery has not yet been completed.  The responding party

25  is therefore unable to provide a complete answer to this interrogatory at this time. Further

26  objection is made on the grounds that the interrogatory is overly broad in its failure to

27  indicate a time or circumstance to which it refers.  Without waiving said objections, the

28

1    Executive Summary of the Commission on Jail Violence.  This document is a public record

2    and is therefore equally available to Defendant County of Los Angeles.

3    DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

4    Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

5    the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

6    party a request within the scope of Rule 26(b). The request is seeking documents that

7    support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

8    a simple request for information that is directly relevant to plaintiff's claim.

9    REQUEST NO. 19: Any and all DOCUMENTS which support the contention that the

10   failure of the COUNTY OF LOS ANGELES to provide adequate training caused the

11   deprivation of YOUR rights by the COUNTY OF LOS ANGELES' employees.

12   RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

13   of the discovery process and discovery has not yet been completed.  The responding party

14   is therefore unable to provide a complete answer to this interrogatory at this time. Further

15   objection is made on the grounds that the interrogatory is overly broad in its failure to

16   indicate a time or circumstance to which it refers.  Without waiving said objections, the

17   Executive Summary of the Commission on Jail Violence.  This document is a public record

18   and is therefore equally available to Defendant County of Los Angeles.

19   DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

20   Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

21   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

22   party a request within the scope of Rule 26(b). The request is seeking documents that

23   support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

24   a simple request for information that is directly relevant to plaintiff's claim.

25   REQUEST NO. 20: Any and all DOCUMENTS which support the contention that a

26   COUNTY OF LOS ANGELES final policymaker ratified a COUNTY OF LOS

27   ANGELES' employees act that caused a violation of YOUR rights.

28

1    RESPONSE: Objection.  This interrogatory is premature because we are in the beginning

2    of the discovery process and discovery has not yet been completed.  The responding party

3    is therefore unable to provide a complete answer to this interrogatory at this time. Further

4    objection is made on the grounds that the interrogatory is overly broad in its failure to

5    indicate a time or circumstance to which it refers.  The request is also vague and

6    ambiguous in its reference to the term "final policymaker."  Without waiving said

7    objections, the Executive Summary of the Commission on Jail Violence.  This document is

8    a public record and is therefore equally available to Defendant County of Los Angeles.

9    DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

10   Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

11   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

12   party a request within the scope of Rule 26(b). The request is seeking documents that

13   support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

14   a simple request for information that is directly relevant to plaintiff's claim.

15   REQUEST NO. 21: Any and all DOCUMENTS which support the contention that a

16   COUNTY OF LOS ANGELES final policymaker knew of and specifically approved of the

17   COUNTY OF LOS ANGELES' employees' act.

18   RESPONSE: Objection.  This request is vague and ambiguous in that Defendant has failed

19   to define the terms "act" and "final policymaker."  Further objection is made on the ground

20   that the request fails to refer to a particular time, circumstance or even and is therefore

21   overly broad.

22   DEFICIENCY: Plaintiff objects to the request without producing any documents. F.R.C.P.

23   Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

24   the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

25   party a request within the scope of Rule 26(b). The request is seeking documents that

26   support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

27   a simple request for information that is directly relevant to plaintiff's claim.

28

1  <u>REQUEST NO. 22</u>: Any and all DOCUMENTS which support the contention that a

2  COUNTY OF LOS ANGELES final policymaker deprived YOU of YOUR rights under

3  the United States Constitution.

4  <u>RESPONSE</u>: Objection.  This request is vague and ambiguous in that Defendant has failed

5  to define the term "final policymaker."  Further objection is made on the ground that the

6  request fails to refer to a particular time, circumstance or even and is therefore overly

7  broad. Without waiving said objections, the Executive Summary of the Commission on Jail

8  Violence.  This document is a public record and is therefore equally available to Defendant

9  County of Los Angeles.

10  <u>DEFICIENCY</u>: Plaintiff objects to the request without producing any documents. F.R.C.P.

11  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

12  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

13  party a request within the scope of Rule 26(b). The request is seeking documents that

14  support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

15  a simple request for information that is directly relevant to plaintiff's claim.

16  <u>REQUEST NO. 23</u>: Any and all DOCUMENTS which support the contention that a

17  COUNTY OF LOS ANGELES final policymaker deprived YOU of YOUR rights under

18  the laws of the United States.

19  <u>DEFICIENCY</u>: Plaintiff objects to the request without producing any documents. F.R.C.P.

20  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

21  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

22  party a request within the scope of Rule 26(b). The request is seeking documents that

23  support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

24  a simple request for information that is directly relevant to plaintiff's claim.

25  <u>DEFICIENCY</u>: Plaintiff objects to the request without producing any documents. F.R.C.P.

26  Rule 26b provides that parties may obtain discovery regarding any non-privileged matter to

27  the party's claim or defense. F.R.C.P. Rule 34 provides that a party may serve on any other

28  party a request within the scope of Rule 26(b). The request is seeking documents that

1   support Plaintiff's claim that the County of Los Angeles caused violated her rights. This is

2   a simple request for information that is directly relevant to plaintiff's claim.

3   **DEFENSE'S CONTENTIONS**:

4   *Federal Rules of Civil Procedure* 37(a)(3)(B)(iv) provides, "A party seeking

5   discovery may move for an order compelling an answer, designation, production or

6   inspection. This motion may be made if...a party fails to respond that inspection will be

7   permitted-or fails to permit inspection-as requested under Rule 34." An evasive or

8   incomplete disclosure, answer, or response must be treated as a failure to disclose, answer,

9   or respond. *Fed.Rules.Civ.Proc.* Rule 37(a)(4).

10   **PLAINTIFF'S CONTENTIONS:**

11   Federal discovery law requires that, prior to the initiation of a motion to compel, the

12   parties informally attempt to resolve discovery matters.  (*Nevada Power Co. v. Monsanto*

13   *Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992)

14   144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n*

15   (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to

16   promote a frank exchange between counsel to resolve issues by agreement or at least

17   narrow and focus the matters in controversy before judicial resolution is sought"]).  Some

18   federal courts have lamented that, "in many instances the [informal] conference

19   requirements seems to have evolved into a pro for a matter."  (*Dondi Properties Corp. v.*

20   *Commerce Sav. And Loan Ass'n, supra* 121 F.R.D. at p. 289.)

21   In *Nevada Power Co. v. Monsanto Co., supra,* 151 F.R.D. 118, 120, the court

22   offered the following guidelines for the conduct of an informal negotiation

23   conference:"[T]he parties must present to each other the merits of their respective positions

24   with the same, candor, specificity, and support during informal negotiations as during the

25   briefing of discovery motions.  Only after all the cards have been laid on the table, and a

26   party has meaningfully assessed the relative strengths and weaknesses of its position in

27   light of all available information, can there be a 'sincere effort' to resolve the matter."

28

1    Not only have Defendants failed in their pre-filing obligations, they have failed to

2    present this Court any substantive basis for granting their motion to compel Plaintiff to

3    provide further discovery responses.  The Request for Production of Documents

4    propounded by Defendant County of Los Angeles are poorly drafted and counsel for

5    Defendant County of Los Angeles made no effort to clarify or resolve the ambiguities

6    presented by Plaintiff.  Plaintiff's objections are therefore meritorious and her answers are

7    neither evasive nor incomplete.  Indeed, Plaintiff has provided the best possible discovery

8    response at this juncture. She cannot be required to respond to poorly drafted document

9    production requests particularly since Defendants are contending that some of Plaintiff's

10   claims are either barred by the applicable statute of limitations or are irrelevant.  More

11   importantly, documentation which establishes the majority of Plaintiff's claims is within

12   the possession, custody and control of Defendants.  And, the identity of employees and

13   agents of the Los Angeles Sheriff's Department and Los Angeles County as well as

14   additional information sought by Defendants is within their exclusive knowledge.

15   **F.   PLAINTIFF'S FAILURE TO MAKE RULE 26 DISCLOSURES**

16   **DEFENSE'S CONTENTIONS:**

17   *Fed.Rules.Civ.Proc.* Rule 26 provides that a party must without awaiting a

18   discovery request, provide to the other parties, the name and contact information of each

19   individual likely to have discoverable information, a copy or description of all documents

20   that the disclosing party has in its possession, custody, or control and may use to support its

21   claims or defenses, a computation of damages, and any insurance agreements.

22   Plaintiff has failed to make and Rule 26 disclosures.

23   **PLAINTIFF'S CONTENTIONS:**

24   Federal discovery law requires that, prior to the initiation of a motion to compel, the

25   parties informally attempt to resolve discovery matters.  (*Nevada Power Co. v. Monsanto*

26   *Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992)

27   144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n*

28   (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to

1   promote a frank exchange between counsel to resolve issues by agreement or at least

2   narrow and focus the matters in controversy before judicial resolution is sought"]).  Some

3   federal courts have lamented that, "in many instances the [informal] conference

4   requirements seems to have evolved into a pro for a matter."  (*Dondi Properties Corp. v.*

5   *Commerce Sav. And Loan Ass'n, supra* 121 F.R.D. at p. 289.)

6       In *Nevada Power Co. v. Monsanto Co., supra,* 151 F.R.D. 118, 120, the court

7   offered the following guidelines for the conduct of an informal negotiation

8   conference:"[T]he parties must present to each other the merits of their respective positions

9   with the same, candor, specificity, and support during informal negotiations as during the

10  briefing of discovery motions.  Only after all the cards have been laid on the table, and a

11  party has meaningfully assessed the relative strengths and weaknesses of its position in

12  light of all available information, can there be a 'sincere effort' to resolve the matter."

13      Not only have Defendants failed in their pre-filing obligations, they have failed to

14  present this Court any substantive basis for granting their motion to compel Plaintiff to

15  provide Rule 26 disclosures. During the Rule 37-1 discovery conference, Plaintiff

16  explained to defense counsel that she had identified all of the parties and documents to

17  which she is privy at this juncture.  Plaintiff further explained that most of the documents

18  that support her claims are business records of Defendants and are therefore within their

19  possession, custody and control with the exception of Plaintiff's medical records from

20  private medical providers.  As to those records, Defendants are contending that Plaintiff's

21  2010 allegations are barred by the statute of limitations and therefore cannot be considered

22  by a trier of fact.  Otherwise, Plaintiff has identified Cedars Sinai Medical Center as a

23  private medical provider who is in possession of relevant medical records.

24      Plaintiff has provided the best possible discovery response at this juncture. She

25  cannot be required to give that which she does not possess particularly since

26  documentation which establishes the majority of Plaintiff's claims is within the possession,

27  custody and control of Defendants.  And, the identity of employees and agents of the Los

28  Angeles Sheriff's Department and Los Angeles County as well as additional information

1  sought by Defendants is within their exclusive knowledge.

2                                   **CONCLUSION**

3          Therefore, defendants COUNTY OF LOS ANGELES and SHERIFF BACA hereby

4  requests that the Court issue an order compelling the plaintiff to respond to each

5  Interrogatory, Request for Production of Documents, and Request for Admission without

6  objection, within ten (10) days of the hearing on this motion.

7                              **PLAINTIFF'S CONCLUSION**

8          Plaintiff respectfully requests that this Court deny Defendants' request for an order

9  compelling Plaintiff to provide further responses to their Special Interrogatories, Request

10 for Production of Documents and Requests for Admissions for failure their failure to

11 adequately meet and confer and their failure to provide a basis for granting the requested

12 relief.

13 DATED: September 13, 2013              NELSON & FULTON

14

15                                        By: s / Rina M. Mathevosian
                                              HENRY PATRICK NELSON
16                                            RINA M. MATHEVOSIAN
                                              Attorneys for Defendants,
17                                            County of Los Angeles and Sheriff Baca

18

19 DATED:  September 13, 2013             By: s / Lecia Shorter
                                              LECIA SHORTER
20                                            Pro Per

21

22

23

24

25

26

27

28

## DECLARATION OF RINA M. MATHEVOSIAN

I, RINA M. MATHEVOSIAN, declare that if called and sworn to testify, I would state the following under oath:

1. I am an attorney licensed to practice before all courts of the State of California and admitted to the United States District Court for the central District. I am an associate employed by Nelson and Fulton, the attorneys of record for Defendants County of Los Angeles and Sheriff Baca.

2. On February 8, 2013, the Court issued a scheduling order in this case setting the discovery cut-off dates.  The discovery cut off is September 6, 2013.  A true and correct copy of this order is attached hereto and incorporated by reference herein as Exhibit "A".

3. On May 3, 2013,  Defendant County of Los Angeles' and Sheriff Leroy Baca served Interrogatories on Plaintiff (Set one) and Requests for Production of documents (Set one).  Sheriff Baca also served Request for Admissions (Set one).

4. On May 30, 2013, Plaintiff Shorter served responses to Sheriff Baca's Request for Admissions.

5. On June 6, 2013, Plaintiff Shorter served responses to Defendant Sheriff Baca's Special Interrogatories.

6. On June 8, 2013, Plaintiff served responses to County's Special Interrogatories.

7. On June 11, 2013, Plaintiff Shorter served responses to Defendant Sheriff Baca's Request for Production of Documents.

8. On June 11, 2013, Plaintiff Shorter served responses to County's Request for Production of Documents.

9. Upon receiving Plaintiff's discovery responses, I advised Plaintiff via telephone that her discovery responses were deficient.

10. On August 23, 2013, I e-mailed and mailed Plaintiff a letter outlining the deficiencies in Plaintiff's discovery responses. A true and correct copy of the letter is attached hereto as Exhibit "B."

11.     On September 5, 2013, I met and conferred with Plaintiff in person in regards to Plaintiff's deficient discovery responses.

12.     On September 6, 2013, I e-mailed Defendant County of Los Angeles and Sheriff Baca's Joint Stipulation to Plaintiff.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 13th day of September 2013 at Los Angeles, California.

s / Rina M. Mathevosian
RINA M. MATHEVOSIAN

1
2

## PROOF OF SERVICE BY MAIL

3    **STATE OF CALIFORNIA**, **COUNTY OF LOS ANGELES**

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business address is: 3435 Wilshire Boulevard, Suite 2800,
5    Los Angeles, California 90010.

6          On September 13, 2013, I served the within document described as:

7
8    **JOINT STIPULATION OF THE PARTIES REGARDING DEFENDANT**
**COUNTY OF LOS ANGELES AND SHERIFF LEROY BACA'S MOTION**
**TO COMPEL PLAINTIFF'S RESPONSE TO INTERROGATORIES, REQUEST**
**FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS**
9

10   on the interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in
sealed envelopes addressed as follows:
11

12                                   **LECIA L. SHORTER**
                              **287 S. Robertson Boulevard, Suite 291**
13                                 **Beverly Hills, CA. 90211**
                                        *Pro Se*
14

15
16   **[BY MAIL]** I caused such envelope(s) with postage thereon fully prepaid to be placed in the
United States mail at Los Angeles, California.  I am readily familiar with the firm's practice of
17   collection and processing correspondence for mailing, said practice being that in the ordinary
course of business, mail is deposited in the U.S. Postal Service the same day as it is placed for
collection.
18
19   **[FEDERAL]**  I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

20          Executed September 13, 2013 in Los Angeles, California.

21                                              s / Patricia M. Garcia
                                                PATRICIA M. GARCIA
22
23
24
25
26
27
28