1  LECIA L. SHORTER
   287 S. ROBERTSON BLVD., STE 291
2  BEVERLY HILLS, CA 90211
   (310) 869-5835
3  leciashorter@yahoo.com

4  Plaintiff in Pro Per

5

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

LECIA L. SHORTER,

             Plaintiff,

      vs.

LEROY BACA, GLORIA MOLINA, MARK

RIDLEY-THOMAS, ZEV YAROSLAVSKY,

DON   KNABE, MICHAEL D.

ANTONOVICH, DEPUTY SHERIFF

AVALOS, DEPUTY SHERIFF ORTIZ, the

COUNTY OF LOS ANGELES and, Does 1

through 25, inclusive,

             Defendants.

Case No.: CV 12-07337-JVS-(AGR)

JOINT STIPULATION OF THE
PARTIES REGARDING PLAINTIFF
LECIAL L. SHORTER'S MOTION TO
COMPEL FURTHER DISCOVERY
RESPONSES FROM DEFENDANTS
COUNTY OF LOS ANGELES AND LEROY
BACA

[F.R.C.P. 37(a)]

DATE: OCTOBER 29, 2013
TIME:  10:00 A.M.
PLACE: COURTROOM B

Judge: Hon. Alicia G. Rosenberg

Discovery cut off: September 6, 2013

Pre-trial Conference date: TBD

Trial date: TBD

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT

SEP 2 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

        Pursuant to Local Rule 37-2, Plaintiff LECIA L. SHORTER and Defendants COUNTY

OF LOS ANGELES and LEROY BACA provide the following joint stipulation regarding

disputed discovery propounded by Plaintiff LECIA L. SHORTER.

# TABLE OF CONTENTS

1.  PLAINTIFF'S INTRODUCTORY STATEMENT

.  A.  DEFENDANT LEROY BACA

   B.  DEFENDANT COUNTY OF LOS ANGELES

   C.  RULE 37-1 DISCOVERY CONFERENCE

II.  DEFENDANTS INTRODUCTORY STATEMENT

III.  DISPUTED DISCOVERY

   A.  DEFENDANT LEROY BACA

      1.  Plaintiff's Special Interrogatories, Set One

         a.  Plaintiff's Contentions

         b.  Defendant's Contentions

      2.  Plaintiff's Request for Production of Documents, Set One

         a.  Plaintiff's Contentions

         b.  Defendant's Contentions

   B.  DEFENDANT COUNTY OF LOS ANGELES

      1.  Plaintiff's Special Interrogatories, Set One

         a.  Plaintiff's Contentions

         b.  Defendant's Contentions

      2.  Plaintiff's Request for Production of Documents, Set One

         a.  Plaintiff's Contentions

         b.  Defendant's Contentions

   C.  RULE 26 DISCLOSURES

      1.  Plaintiff's Contentions

      2.  Defendant's Contentions

IV.  CONCLUSION

V.  DECLARATION OF LECIA L. SHORTER

# I.
## PLAINTIFF'S INTRODUCTORY STATEMENT

**Defendant Leroy Baca**

On or about April 8, 2013, Plaintiff propounded Special Interrogatories, Set One and Request for Production of Documents, Set One to Defendant Leroy Baca. On May 8, 2013, Defendant Baca served a response to Plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set One.

On May 20, 2013, in an effort to informally meet and confer, Plaintiff wrote the attorneys of record for Defendant Baca concerning the deficiencies in the discovery responses of Defendant Baca. [See Exhibit One attached hereto]. Plaintiff also requested that Defendants Baca and County of Los Angeles provide Rule 26 mandatory disclosures. In her correspondence, Plaintiff explained the following:

> The responses provided appear to(sic) not comport with the California Civil Discovery Act or the Federal Rules of Civil Procedure. Instead, Mr. Baca's responses appear to be made in bad faith and as a deliberate effort to evade his legal obligation to respond to authorized methods of discovery. Additionally Rule 26 of the Federal Rules of Civil Procedure requires mandatory initial disclosures which could have been provided in the responses to my initial round of discovery, yet no disclosures were provided.

Thereafter, Plaintiff enumerated the specific deficiencies and provided statutory authority as well as factual analysis of why further responses were mandated.

On June 26, 2013, Defendant Baca provided supplemental responses to Plaintiff Special Interrogatories, Set One and Request for Production of Documents, Set One. Plaintiff also wrote

the attorneys of record for Defendants on June 26, 2013 and requested they comply with Rule 26 of the Federal Rules of Civil Procedure by making certain mandatory disclosures. [See Exhibit Two attached hereto].

On July 8, 2013, Plaintiff wrote the attorneys of record for Defendant concerning the inadequacies in Defendant Baca's supplemental responses. Plaintiff also again requested compliance with Rule 26 mandatory disclosures. [See Exhibit Three attached hereto].

On July 19, 2013, **two months** after Plaintiff's initial request, Defendants provided what they referred to as Rule 26 disclosures. The disclosure included names of various Los Angeles County employees with no contact information. The disclosure also mentioned limited documents purported to be in the parties' possession, custody or control. [See Exhibit Four attached hereto].

Defendant Baca provided second supplemental responses to Plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set One on July 19, 2013. Counsel for Defendants also wrote Plaintiff professing to respond to Plaintiff's request that Defendant Baca provide further supplemental responses. [See Exhibit Five attached hereto]. It is Plaintiff's position that the letter of July 19 fails to comply with Defendants obligations to act in good faith in that it is curt and void of any legal authority for the inadequate, evasive, incomplete responses or the meritless objections presented by Defendant Baca.

On July 23, 2013, Plaintiff wrote counsel for Defendants and specifically stated the following:

Pursuant to the mandatory disclosure provisions of Rule 26 of the Federal Rules of Civil Procedure, a request is hereby made that you provide the names, titles and contact information of all persons who have knowledge of and are responsible for

4

this classification including but not limited to the "mental health staff" to which

these comments refer.  I also request that you produce any and all medical records

submitted by the medical or mental health staff which support the comments

made in the subject documents.  [See Exhibit Six attached hereto].

In their Rule 26 disclosures, Defendants provided very limited information about the "mental

health staff."  No mention was made of the physicians or psychiatrists responsible for Plaintiff's

classification.  Neither were any documents produced substantiating Plaintiff's mental health

classification.[1]  Defendants also failed to provide information concerning employees of the

Sheriff's Department, e.g. watch commanders, supervisors, etc. who have information

concerning the allegations set forth in the First Amended Complaint.


**Defendant County of Los Angeles**

The conduct of Defendant County of Los Angeles throughout the discovery process has

been egregious.  Specifically, the responses to the Special Interrogatories propounded by

Plaintiff are replete with non-meritorious objections with absolutely no substantive responses.

Also, Defendant County of Los Angeles has produced a very limited amount of the items

requested in Plaintiff's Request for Production of Documents and the privilege log produced

does not allow Plaintiff or this court an ability to determine whether these documents are in fact

privileged or protected by the work product doctrine.

---

[1]  On July 19, 2013, counsel for Defendants wrote Plaintiff and indicated that Defendants would charge Plaintiff $36.20 for copies of her medical records.  Their calculation was based upon 184 pages at $.20 per copy.  [See Exhibit Five attached hereto].  During the conference on September 5, 2013, Plaintiff explained to Rina Mathevosian, Esq. that the standard cost for photocopies ranges between .09 to .11 cents per copy and Defendants charge of .20 per copy is excessive.  Plaintiff also explained that the fact that Plaintiff can request these documents does not relieve Defendants of their obligation to produce the same.

On May 22, 2013, Plaintiff propounded Special Interrogatories, Set One and Request for Production of Documents, Set One to Defendant County of Los Angeles.

On June 21, 2013, Defendant County of Los Angeles served its responses to Plaintiff's discovery.

On August 1, 2013, Plaintiff wrote the attorneys of record for Defendant County of Los Angeles concerning the inadequacies in its discovery responses. [See Exhibit Seven attached hereto]. Defendant County of Los Angeles never provided a written response to Plaintiff's correspondence of August 1, 2013.

On September 6, 2013, Defendant County of Los Angeles supplemented its response to Plaintiff's Request for Production of Documents, Set One. Included in the supplemental response is a privilege log pertaining to documents that are currently in the possession of counsel for Defendants yet were not produced. According to the privilege log, those documents are responsive to Interrogatory Numbers 1, 2 and 4 and Request for Production of Documents Numbers 2, 3 and 4. [See Exhibit Eleven attached hereto]. The privilege log does not sufficiently describe the documents for which the attorney client privilege and work product protection are claimed. Plaintiff is therefore unable to determine whether those documents qualify as privileged or work product as those terms are defined by Federal and California law.

It is Plaintiff's position that documents generated by Sheriff Department employees during the routine course and scope of their employment are not privileged unless they are communications specifically directed to County Counsel. It is also Plaintiff's position that documents not generated by the office of County Counsel e.g. investigative memoranda, do not fall within the purview of the work product doctrine. Plaintiff's has requested that Defendants produce documents related to its investigative efforts, if any, regarding claims submitted by

Plaintiff. Defendants cannot now abscond from their discovery obligations by attempting to label these documents as privileged or work product when they are not.

**Rule 37-1 Discovery Conference**

On August 6, 2013, Plaintiff wrote the attorneys of record for Defendants and requested a conference pursuant to Local Rule 37-1. [See Exhibit Eight attached hereto]. In her correspondence, Plaintiff set forth the guidelines that should be followed during a Rule 37-1 discovery conference. Plaintiff also indicated that she intended to address the remaining deficiencies in the discovery responses of Defendant Baca and identified those deficiencies. Plaintiff further stated that the discovery responses of Defendant County of Los Angeles as set forth in Plaintiff's August 1, 2013 correspondence would be part and parcel of the Rule 37-1 conference.

On August 12, 2013, Plaintiff telephoned counsel for Defendants to schedule a date for the Rule 37-1 conference. The parties originally agreed to have the conference on August 19, 2013. Thereafter, the conference was rescheduled to August 27, 2013. During the telephone call of August 12, 2013, counsel for Defendants mentioned for the first time that there were issues with the discovery responses provided by Plaintiff and they would like to have those issues addressed during the Rule 37-1 conference. Late in the afternoon of August 23, 2013, counsel for Defendants sent Plaintiff a 26 page letter concerning Plaintiff's discovery responses that were provided nearly three months prior on May 30, 2013. On August 27, 2013, Plaintiff emailed a letter to counsel for Defendants and explained that she would not be prepared to discuss the extensive discovery issues in the August 23, 2013 correspondence. [See Exhibit Nine attached hereto]. Thereafter, counsel for Defendants telephoned Plaintiff and requested that the

Rule 37-1 conference again be rescheduled so that the discovery issues of all parties could be addressed in one conference. Plaintiff agreed and the conference was rescheduled to September 5, 2013.

On September 5, 2013, Plaintiff and counsel for Defendants met to discuss the outstanding discovery issues. It is Plaintiff's position that counsel for Defendants was not adequately prepared and most certainly did not address the substantive issues regarding the discovery responses of Defendants. In fact, with the exception of with the exception of Rule 26 disclosure information related to medical and psychiatric staff for the 2011 allegations, supplemental discovery responses would only be provided on behalf of Defendant Los Angeles County by September 9, 2013 as to the Request for Production of Documents numbers 9 and 14, 15 and 16.

Plaintiff explained to counsel for Defendants that Defendant Baca's responses to Request for Production of Document Numbers 1, 2, 3, 5, 13, 14, 15, 16, 17, 18 and 19 remain at issue. Also at issue are the activity log for Plaintiff's 2013 incarceration and the travel logs for Plaintiff's 2010 and 2013 incarcerations. Counsel for Defendants represented that Defendant Baca will stand by his objections. A generic response that Mr. Baca will stand by his objections is inadequate and the information requested is privileged does not constitute a meaningful attempt to meet and confer pursuant to the federal discovery guidelines. When Plaintiff requested statutory authority or case law to support the objections and claims of privilege asserted by Defendants none were provided.

After the discovery conference, Plaintiff forwarded a letter to counsel for Defendants wherein she confirmed the discussions on September 5 and explained the provisions of Rule 26. Specifically, Plaintiff stated Rule 26(b)(1) provides that unless otherwise limited by court order,

the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. It is Plaintiff's position that Rule 26(b)(1) affords her the right to obtain discovery regarding the 2010 and 2013 incidents irrespective of the statute of limitations and/or the fact that the operative pleading has not yet been amended. [See Exhibit 10 attached hereto].

On September 6, 2013, Defendant County of Los Angeles served a Supplemental Response to Plaintiff's Request for Production of Documents, Set One. The supplemental responses included a privilege log pertaining to documents that are responsive to Request Numbers 2, 3 and 4 of Plaintiff's Request for Production of Documents, Set One, and, Special Interrogatory Numbers 1, 2 and 4. [See Exhibit 11 attached hereto]. The documents are generally described as being related to "Claim of Lecia Shorter #10-1079768*001; Claim of Lecia Shorter #11-1085988*001; Claim of Lecia Shorter #12-1095685*001." Plaintiff is unable to determine whether the documents that are currently in the possession of defense counsel are in fact privileged or work product as alleged.

\\\

\\\

\\\

\\\

## II.
## DEFENDANTS' INTRODUCTORY STATEMENT

Plaintiff sues Sheriff Baca and the County of Los Angeles under 42 U.S.C. Section 1983 along with several state causes action.

Although Plaintiff's First Amended Complaint names seven additional Defendants along with Doe Defendants, only the County of Los Angeles and Sheriff Baca have been served with the Complaint. Moreover, the deadline to serve additional parties has passed.

Plaintiff's causes of action are based on a detention in the County Jail from November 15, 2011-December 17, 2011. Specifically, Plaintiff's "First Count" alleges that Defendants violated her rights under 42 U.S.C. Section 1983 from November 15, 2011-December 17, 2011. Plaintiff's Second Count alleges Defendants "implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices." Plaintiff's Third Count is not against any served Defendant. Plaintiff's Fourth Count against Defendant Sheriff Baca and the County of Los Angeles alleges cruel and unusual punishment related to her incarceration from November 15, 200-December 17, 2011. Plaintiff's Fifth Count alleges "interference with right to speedy trial and freedom of association." Plaintiff's Sixth and Seventh Claim is for Negligent and Intentional Infliction of Emotional distress. Plaintiff's Eighth through Eleventh Claims are for Defamation, Battery, Negligent Hiring and Supervision, and Negligence.

On May 8, 2013, Defendant Sheriff Baca timely served a response to Plaintiff's Demand for Production of Documents and Interrogatories.

On June 26, 2013, Sheriff Baca served a Supplemental response to Plaintiff's Interrogatories.

On June 21, 2013, County of Los Angeles timely served a response to Plaintiff's Interrogatories and Request for Production of Documents.

On July 19, 2013, Sheriff Baca served a 2nd Supplemental Response to Plaintiff's Interrogatories.

On July 19, 2013, Sheriff Baca served a 2nd Supplemental response to Plaintiff's Demand for Production of Documents.

On July 19, 2013, Defendants made Rule 26 Disclosures, although Plaintiff claims to be exempt from making any such disclosures.

On July 19, 2013, Sheriff Baca counsel caused to be served on Plaintiff a letter detailing Sheriff Baca's and the County's response to Plaintiff's request for additional discovery.

On July 24, 2013, Defendants counsel caused a letter to be sent to Plaintiff advising Plaintiff that contrary to Plaintiff's correspondence and assertions regarding discovery, that Sheriff Baca served Supplemental and Second Supplemental responses to Interrogatories and Request for Production of Documents.

On August 16, 2013, Defendants made supplemental Rule 26 Disclosures.

Defendants have produced discovery to Plaintiff in this case including but not limited to the following: Inmate Information for Lecia Shorter, booking No. 2945864 and booking No. 2516242 , Movement history for Lecia Shorter booking No. 2945864, polices regarding disciplinary guidelines, searches, a guide through custody in the Los Angeles County Jail, Inmate Information for Booking No. 2516242 (October 17, 2010, arrest), Movement History for Lecia Shorter, Booking No. 2516242 (Exhibit 3 to Sheriff Baca's Supplemental Responses to Request for Production of Documents), Shower Logs for Lecia Shorter Booking No. 2516242), Shower Logs for Lecia Shorter, Booking No. 2945864, Sheriff's Department Daily Activity Logs for

November 15, 2011-December 18, 2011, policies and procedures regarding Inmate requests for services and complaints, and a policy regarding referred inmate complaints.

To date, Plaintiff claims to be exempt from making Rule 26 disclosures and has failed to make any disclosures.

## III.

## DISPUTED DISCOVERY

### A. DEFENDANT LEROY BACA

#### 1. Plaintiff's Special Interrogatories, Set One

During the Rule 37-1 conference, Plaintiff informed counsel that as referenced in her correspondence of August 6, 2013, Defendants letter of July 19, 2013 does not constitute a meaningful meet and confer.  Specifically, Plaintiff explained that a simple recitation of the objection provided along with a statement of privilege was insufficient concerning Special Interrogatory Nos. 1, 3, 5, 6, 7, 9, 10, 12, 13, 14 and 15.   Counsel for Defendants merely indicated that Defendant Baca stands by all of his objections.

Defendant Baca served a timely response to Plaintiff's Interrogatories, a Supplemental Response to Plaintiff's Interrogatories on June 26, 2013, a Second Supplemental Response to Plaintiff's Interrogatories on July 19, 2013, and counsel has discussed Sheriff Baca's objections in correspondence dated July 19, 2013 and July 24, 2013. An in person meeting was also conducted on September 5, 2013.

**SPECIAL INTERROGATORY NO. ONE**

State the date YOU joined the Los Angeles Sheriff's Department, describe each position and the responsibilities YOU have had since that time.

**RESPONSE:**

Objection. The request is overly broad and seeking information that is irrelevant to any claim or defense. The date the Sheriff joined the Department and all the positions he has held has no relevance to any of Plaintiff's claims. The interrogatory is also seeking privileged and confidential information.

**DEFICIENCY:**

This interrogatory seeks information concerning Mr. Baca's affiliation with the Los Angeles Sheriff's Department. The objection that the information sought is irrelevant is entirely misplaced in light of the fact that Mr. Baca is a named defendant in this action and is charged with allegations relating to his official capacity as the executive officer of the Los Angeles Sheriff's Department. Rule 33(a) of the Federal Rules of Civil Procedure provides that an interrogatory may relate to any matter that may be inquired into under Rule 26(b). And, Rule 26(b) provides that any party may obtain evidence related to its claims. The First Amended Complaint contains accusation concerning Defendant Baca in his capacity as executive officer of the Los Angeles Sheriff's Department. As a public elected official, information concerning Mr. Baca in his official capacity is neither privileged nor confidential. Furthermore, Defendant Baca has not indicated the particular privilege invoked or any facts which substantiate his contention that the information requested is confidential.

**SPECIAL INTERROGATORY NO. THREE:**

State the date on which Deputy Sheriff Avalos joined the Los Angeles Sheriff's Department and indicate what position(s) she has held and the job responsibilities for each position since the date of her hire.

**RESPONSE:**

Objection. The request is vague and ambiguous. The request does not sufficiently identify Deputy Sheriff Avalos. The request is also overbroad and seeking irrelevant information.

**DEFICIENCY:**

Because the First Amended Complaint makes specific allegations regarding Deputy Avalos, her basic employment information with the Los Angeles Sheriff's Department is relevant and discoverable. The interrogatory is neither vague nor ambiguous in that it is seeking information regarding her positions with the Sheriff's Department and the job responsibilities since her date of hire. Furthermore, Defendants are well aware that the allegations refer to Deputy Alejandra Avalos, Badge #536418, in that they have provided her complete name in their supplemental Rule 26 disclosures.

**SPECIAL INTERROGATORY NO. SIX:**

State whether any of the Defendants named in this lawsuit have ever been the subject of civilian complaints by inmates, and if so, for each complaint made against each officer, state:

a. the date when the complaint was made;

b. the name and address of the complainant and any witnesses to the incident which was the subject of the complaint;

c. the name and address of each person to whom the complaint was made;

d. the place where the complaint was made;

e. the detailed allegations of the complaint;

f. whether the complaint was investigated, and if it was, the name and address of the investigator, including the investigator's badge number, position and unit or district;

g. the nature of the investigation; and

h. the result of the investigation, including any disciplinary steps taken against the officer.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least ten different subparts. Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks documents which are protected pursuant to the peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and California Evidence Code §§1040, 1043 and 1045. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit.

**DEFICIENCY:**

Defendants are well aware that the persons named in this Complaint are Leroy Baca, Deputy Alejandro Avalos and Deputy Jacqueline Ortiz. Instead of making a good faith attempt to answer the interrogatory in whole or in part, Defendant Baca merely responded that he stands by his objections without further explanation or specific legal authority that supports his position. For instance, Plaintiff asked counsel for Defendants to explain the "federal privilege of critical self-analysis" and she could not. Neither could she provide any legal authority to support her assertion.

Because this is a civil rights action based upon a history of excessive force by sheriff deputies, inmate abuse and substandard jail conditions caused by a lack of oversight of and executives of the Sheriff's Department and the County of Los Angeles, Plaintiff is entitled to obtain information that establishes a pattern of the same.

Furthermore, the information sought is public information notwithstanding the fact that complaints regarding Deputies Avalos and Ortiz may be part of their personnel records. Defendants do not have standing to assert a privacy privilege regarding matters that are public record. Furthermore, the Federal Rules of Civil Procedure do not preclude subparts. According to the *Citizens Commission on Jail Violence* "The problem of excessive and unnecessary force in the Los Angeles County jails was the result of many factors, beginning most fundamentally with a failure of leadership in the Department. Simply stated, the Sheriff did not pay enough attention to the jails until external events forced him to do so. Further, his senior leaders failed to monitor conditions in the jails and elevate use of force issues so that they received the necessary attention by the Sheriff, and the Undersheriff engaged in conduct that undermined supervision of aggressive deputies and promoted an environment of lax and untimely discipline of deputy misconduct. With multiple command layers between the jails and the Sheriff, there was no one in the Department who was responsible and accountable to the Sheriff for addressing the force problems in the jails. Nor was there an experienced, professional corrections leader in place to capably run the County's vast and challenging jail system."

**SPECIAL INTERROGATORY NO. SEVEN:**

State whether any defendant named in this lawsuit has ever been investigated for, or charged with, a violation of the disciplinary code or other internal rules and regulations of the Los Angeles County Sheriff's Department, and if so, for each investigation or charge, state:

a. the date of the investigation or charge;

b. the alleged conduct which prompted the charge or investigation and the section of the code or the number of the rule or regulation violated;

c. the name, badge number and position of the person who initiated the investigation or the charge; and

d. the result of the investigation or charge, including any disciplinary steps taken against the officer.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least ten different subparts. Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks documents which are protected pursuant to the peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and California Evidence Code §§1040, 1043 and 1045. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit.

**DEFICIENCY:**

Defendants are well aware that the persons named in this Complaint are Leroy Baca, Deputy Alejandro Avalos and Deputy Jacqueline Ortiz. Instead of making a good faith attempt to answer the interrogatory in whole or in part, Defendant Baca merely responded that he stands

17

by his objections without further explanation or specific legal authority that supports his position.

For instance, Plaintiff asked counsel for Defendants to explain the "federal privilege of critical

self-analysis" and she could not.  Neither could she provide any legal authority to support her

assertion.

Because this is a civil rights action based upon a history of excessive force by sheriff

deputies, inmate abuse and substandard jail conditions caused by a lack of oversight of and

executives of the Sheriff's Department and the County of Los Angeles, Plaintiff is entitled to

obtain information that establishes a pattern of the same.

Furthermore, the information sought is public information notwithstanding the fact that

complaints regarding Deputies Avalos and Ortiz may be part of their personnel records.

Defendants do not have standing to assert a privacy privilege regarding matters that are public

record.  Furthermore, the Federal Rules of Civil Procedure do not preclude subparts.

According to the Citizens Commission on Jail Violence "The problem of excessive and

unnecessary force in the Los Angeles County jails was the result of many factors, beginning

most fundamentally with a failure of leadership in the Department. Simply stated, the Sheriff did

not pay enough attention to the jails until external events forced him to do so. Further, his senior

leaders failed to monitor conditions in the jails and elevate use of force issues so that they

received the necessary attention by the Sheriff, and the Undersheriff engaged in conduct that

undermined supervision of aggressive deputies and promoted an environment of lax and

untimely discipline of deputy misconduct. With multiple command layers between the jails and

the Sheriff, there was no one in the Department who was responsible and accountable to the

Sheriff for addressing the force problems in the jails. Nor was there an experienced, professional

corrections leader in place to capably run the County's vast and challenging jail system."

**SPECIAL INTERROGATORY NO. NINE (Incorrectly Numbered Eight):**

State the factual, legal, psychological and/or medical reason(s) for the selection of the module in which Plaintiff was permanently housed during her incarceration at Century Regional Detention Facility from November 13, 2011 to December 17, 2011.

**RESPONSE:**

Objection. The request is overly broad, compound, ambiguous and vague. The request is also seeking information that is irrelevant.

**DEFICIENCY:**

The objections are without merit. On or about June 26, 2013, Defendant Baca supplemented his discovery responses to my Demand for Production of Documents, Set One. Exhibit Three of the supplemental response is an inmate information form regarding Plaintiff's November 13, 2011 arrest and subsequent incarceration at Century Regional Detention Facility. The inmate information form includes a "special handling" section with IRC Comments that state "M/O STATUS REQ. BY MED/PSYCH STAFF ON 11-16-11. 23/2400."

Defendant Baca is aware that the First Amended Complaints contains allegations relating to Plaintiff being improperly classified as a mental health inmate and that classifications impact an inmate's permanent housing, clothing, transportation, diet and access to canteen and hygiene items. A mere representation that Defendant stands by his objections without further explanation is not a meaningful meet and confer efforts as contemplated by the federal discovery guidelines. Clearly Plaintiff is entitled to know the factual, legal, psychological and/or medical reason(s) that resulted in Plaintiff being permanently housed with inmates with mental health issues.

**SPECIAL INTERROGATORY NO. TEN (Incorrectly Numbered Nine):**

State the factual, legal, psychological and/or medical reason(s) for the selection of the module in which Plaintiff was permanently housed during her incarceration at Century Regional Detention Facility from November 13, 2011 to December 17, 2011.

**RESPONSE:**

Objection.  The request is vague and ambiguous.  The request is also seeking privileged and confidential information.  Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

The objections are without merit.  Furthermore, Defendant Baca has provided no facts which would allow Plaintiff or this Court to assess the propriety of any claims of confidentiality or privilege.

On or about June 26, 2013, Defendant Baca supplemented his discovery responses to my Demand for Production of Documents, Set One.  Exhibit Three of the supplemental response is an inmate information form regarding Plaintiff's November 13, 2011 arrest and subsequent incarceration at Century Regional Detention Facility.  The inmate information form includes a "special handling" section with IRC Comments that state "M/O STATUS REQ. BY MED/PSYCH STAFF ON 11-16-11. 23/2400."

Defendant Baca is aware that the First Amended Complaints contains allegations relating to Plaintiff being improperly classified as a mental health inmate and that classifications impact an inmate's permanent housing, clothing, transportation, diet and access to canteen and hygiene items.  A mere representation that Defendant stands by his objections without further explanation is not a meaningful meet and confer efforts as contemplated by the federal discovery guidelines.

Clearly Plaintiff is entitled to know the factual, legal, psychological and/or medical reason(s) that resulted in Plaintiff being permanently housed with inmates with mental health issues.

**SPECIAL INTERROGATORY NO. TWELVE (Incorrectly Numbered Eleven):**

Indicate the name, job title, responsibility, address and telephone number of every individual who had responsibility for inmates in the module in which Plaintiff was permanently housed during her incarceration at Century Regional Detention Facility from November 13, 2011 to December 17, 2011.

**RESPONSE:**

Objection. The request is vague and ambiguous. The interrogatory is vague as to the term "responsibility." The interrogatory is also overly broad in seeking the name of all individuals that had any responsibility for inmates over a month period. The interrogatory is also seeking irrelevant information. Finally, the interrogatory is seeking privileged information.

**DEFICIENCY:**

The objections are without merit. Furthermore, Defendant Baca has not provided the nature of the privilege he claims or any factual information which would allow Plaintiff or this Court to assess the propriety of a claim of privilege.

Furthermore, the First Amended Complaint includes claims for negligent hiring and supervision as well as civil rights violations for failure to implement appropriate policies and procedures. The information sought is therefore relevant to Plaintiff's claims. The word "responsibility" is neither vague nor ambiguous and is certainly a term that is easily identifiable by any legal professional.

**SPECIAL INTERROGATORY NO. THIRTEEN (Incorrectly Numbered Twelve):**

State the name, job title of each individual within the Los Angeles County Sheriff's Department

or any of its agents or employees who was questioned concerning the incarceration of Plaintiff at

Century Regional Detention Facility from November 13, 2011 to December 17, 2011, and for

each person named, state:

    a. the name, badge number, position, district and/or unit of each person who did the

questioning or made any attempt to question;

    b. the dates on which the questioning took place;

    c. whether a written statement was prepared and by whom;

    d. whether the statement was signed; and

    e. whether there were any reports, memoranda, summaries or other documents prepared

as a result of the questioning and if so, the title or description of each report, summary,

memoranda, or document that was prepared.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. The interrogatory is vague

as to the term "questioned." The interrogatory does not identify a subject matter. Thus, the

interrogatory is seeking irrelevant information. The interrogatory is also compound and is

improper as it has at least six different subparts.

**DEFICIENCY:**

    The objections are without merit. Plaintiff is not seeking the name of all individuals that

had any responsibility for inmates over a month period. The interrogatory clearly seeks

information concerning any investigation that may have been conducted by Defendant Baca

directly or indirectly concerning Plaintiff's incarceration from November 13, 2011 to December

17, 2011.  Defendant Baca has not indicated the nature of his claim of privilege.  Neither has he provided facts which would allow Plaintiff or this Court to assess the propriety of any claim of privilege.

Furthermore, the First Amended Complaint includes claims for negligent hiring and supervision as well as civil rights violations for failure to implement appropriate policies and procedures.  The information sought is therefore relevant to Plaintiff's claims.  The word "questioned" is neither vague nor ambiguous and is certainly a term that is easily identifiable by any legal professional.   The Federal Rules of Civil Procedure do not preclude subparts.

**SPECIAL INTERROGATORY NO. FOURTEEN (Incorrectly Numbered Thirteen):**

State whether you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the arrest and detention of Plaintiff in November and December of 2011, and if so, for each item, state:

      a. the name or description of the item;

      b. the name and address of each person who made, prepared or took the item;

      c. the names and addresses of the present custodian of the item;

      d. the date, time and place where the item was made, prepared, or taken;

      e. the method by and purpose for which the item was made, prepared, or taken; and

      f. the manner in which the item is relevant to the arrest and detention of the plaintiff.

**RESPONSE:**

Objection.  The interrogatory is vague, ambiguous, and overly broad.  The interrogatory is overly broad as to the arrest and detention of Plaintiff.  The interrogatory is overly broad as to subject

23

matter and scope. Thus, the interrogatory is seeking irrelevant information. The interrogatory is also compound and is improper as it has at least seven different subparts.

**DEFICIENCY:**

The objections are without merit. The interrogatory is neither vague, ambiguous, nor overly broad, particularly as to Plaintiff's arrest and detention in November and December of 2011. The interrogatory clearly seeks the identification of documents and records. This is information to which Plaintiff is entitled pursuant to Rule 26. The objection based upon relevance is meritless in that the misconduct of employees under the direct supervision of Defendant Leroy Baca during Plaintiff's arrest and detention are the basis of the allegations of the First Amended Complaint. The Federal Rules of Civil Procedure do not preclude subparts.

**SPECIAL INTERROGATORY NO. FIFTEEN (Incorrectly Numbered Fourteen):**

State whether YOU have knowledge of any item mentioned in response to the preceding interrogatory, or otherwise mentioned or referred to in these interrogatories, your answers, or in Plaintiff's request for production served upon you contemporaneously with these interrogatories, being altered in any manner, lost, or destroyed since December of 2011, or after each such item was initially made, prepared, or taken, and if so, for each altered, destroyed or lost item, state:

a. the name or description of the item;

b. the circumstances under which it was altered, lost, or destroyed;

c. the date, time and place it was altered, lost or destroyed;

d. the person or persons responsible for its alteration, loss, or destruction; and

e. the name and address of each person who has knowledge of its contents or nature.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. The interrogatory is overly broad as to subject matter and scope. Thus, the interrogatory is seeking irrelevant information. The interrogatory is also compound and is improper as it has at least seven different subparts.

**DEFICIENCY:**

The objections are without merit. The interrogatory is neither vague, ambiguous, nor overly broad in that it concerns Plaintiff's arrest and detention in November and December of 2011. The interrogatory clearly seeks information concerning the possession, alteration and destruction of documents and records. The objection based upon relevance is meritless in that the misconduct of employees under the direct supervision of Defendant Lee Baca during Plaintiff's arrest and detention are the basis of the allegations of the First Amended Complaint. The Federal Rules of Civil Procedure do not preclude subparts.

**PLAINTIFF'S CONTENTIONS:**

Federal Rules of Civil Procedure, Rule 37(a)(3)(B)(iv) provides in pertinent part that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if...a party fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34." An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Federal Rules of Civil Procedure, Rule 37(a)(4).

Not only has Defendant Baca repeatedly provided meritless objections and evasive and incomplete responses, his attorneys of record have failed to comply with their Rule 37-1 pre-filing discovery obligations.

Federal discovery law requires that, prior to the initiation of a motion to compel, the parties informally attempt to resolve discovery matters. (*Nevada Power Co. v. Monsanto Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992) 144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n* (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or at least narrow and focus the matters in controversy before judicial resolution is sought"]). Some federal courts have lamented that, "in many instances the [informal] conference requirements seems to have evolved into a pro for a matter." *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n, supra* 121 F.R.D. at p. 289.

In *Nevada Power Co. v. Monsanto Co., supra,* 151 F.R.D. 118, 120, the court offered the following guidelines for the conduct of an informal negotiation conference:"[T]he parties must present to each other the merits of their respective positions with the same, candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter."

## DEFENDANT SHERIFF BACA'S CONTENTIONS:

### 1. PLAINTIFF'S INTERROGATORY NOS. 1, 3, 6, 7, 12, 13, AND 14 ARE SEEKING IRRELEVANT INFORMATION AND ARE OVERBROAD

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). "The first analysis, by necessity, encompasses relevance. If the requested information is not relevant to the case at hand, or reasonably

calculated to lead to the discovery of admissible evidence, the inquiry ends." Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Ca. 1992).

Plaintiff's Interrogatory No. 1 requesting information regarding the date Sheriff Baca joined the Sheriff's Department and his position and responsibilities is irrelevant to any of plaintiff's claims. Plaintiff Complaint alleges causes of action related to an incarceration in the County Jail from November-December 2011. Specifically, plaintiff claims denial of medical care, unconstitutional conditions of confinement, and "cruel and unusual punishment." Plaintiff's request is not relevant to any claim in Plaintiff's First Amended Complaint. Moreover, Plaintiff does not have any facts in the Complaint to support an individual capacity suit against Defendant Sheriff Baca.

Interrogatory No. 3 seeking information regarding when Deputy Sheriff Avalos joined the Department and her responsibilities since the date of hire is not relevant to any of Plaintiff's claims or defenses. Moreover, Deputy Avalos although listed as a Defendant in the Complaint is not a party to this action. Plaintiff never served Deputy Avalos with the Complaint.

Interrogatory Nos. 6 and 7 requesting if any "Defendants" named in the lawsuit have ever been the subject of civilian complaints by inmates and Interrogatory Nos. 7 asking if any "Defendants" have been investigated, is seeking irrelevant information. Any civilian complaints or investigations against "Defendants" is seeking unlimited information that has no relevance to Plaintiff's Complaint.

Interrogatory No. 12, asking for names and contact information for every "individual who had responsibility for inmates in the module in which Plaintiff was permanently" housed for two months is seeking irrelevant information. Persons having responsibility for inmates unrelated to Plaintiff's claims has no relevance and is not discoverable.

Interrogatory No. 13, asking for information related to every individual who was questioned regarding Plaintiff's incarceration from November 13, 2011 to December 17, 2011 is overly broad.

Interrogatory No. 14 is overly broad and seeking irrelevant information in that it is requesting information related to Plaintiff's arrest. Plaintiff's complaint does not allege any causes of action against Defendant Sheriff Baca related to Plaintiff's arrest.

## 2. **PLAINTIFF'S INTERROGATORY NOS. 3, 6, 7, 9, 10, 13, ARE VAGUE AND AMBIGOUS**

Interrogatory No. 3 is vague as to the term "Deputy Sheriff Avalos." Interrogatory No. 6 is vague and ambiguous as to "Defendants." There are seven Defendants in addition to the County of Los Angeles and Sheriff Baca named in the caption of Plaintiff's Complaint. Interrogatory No. 7 is vague and ambiguous in that it request "investigations" for any "internal rules" or "regulations" for "any defendant named in the lawsuit."

Interrogatory Nos. 9 and 10 appear to be identical. The interrogatories are ambiguous in addition to being overly broad.

Interrogatory No. 13 is vague in that it asks for information on every that was "questioned" concerning Plaintiff's incarceration in Century Regional Detention Facility from November 13, 2011-December 17, 2011.

## 3. **PLAINTIFF'S INTERROGATORY NOS. 1, 3, 6, 7, 13, SEEK PRIVILEGED INFORMATION**

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). Interrogatory Nos. 1, 3, 6, 7, and 13 request official information. The official privilege is grounded in the recognition that "disclosure of at

least some kinds of information developed by law enforcement could harm significant

government interests." Kelly v. City of San Jose, 114 F.R.D. 653, 660, 661, (N.D. Cal. 1987).

"Federal common law recognizes a qualified privilege for official information." See, Sanchez v.

City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), cert. den'd 502 U.S. 947 (1991); Kerr

v. United States Dis. Court of N.D. Cal, 426 U.S. 394 (1976).

Interrogatory Nos. 13, 14, and 15 are also seeking information protected by the attorney

client privilege. Clarke v. American Commerce Nat'l Bank, (9th Cir. 1992) 974 F2d 127, 129.

### 4. **PLAINTIFF'S INTERROGATORY NOS. 6, 7, 13, and 15 ARE IMPROPER IN FORM AND UNDULY BURDENOME**

A party may serve no more than 25 interrogatories on any party.  FRCP 33(a)(1).  The 25

interrogatory limit includes "discrete subparts." Prochaska & Assocs. Merill Lynch, Pierce,

Fenner & Smith, Inc. (DE 1993) 155 FRD 189, 191.

Interrogatory Nos. 6, 7, 13, and 15 are improper in that each contains discrete subparts.

### 2. **REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**Demand for Production of Documents No. 1:**

Any and all surveillance video and/or digital memorialization of any contacts between Los

Angeles County Sheriff Deputies and Plaintiff, including the booking area and holding cells at

Century Regional Detention Facility, as well as any evidence that such memorializations have

been destroyed or altered in any manner from January 1, 2010 to the present.

**RESPONSE:**

Objection.  The request is vague, ambiguous and overly broad.  The request is seeking

information that is irrelevant to any claim or defense in this case.

**DEFICIENCY:**

The objections are without merit.  First, the demand seeks surveillance video and/or digital memorialization of any sheriff deputy and Plaintiff from January 1, 2010 to the present. The misconduct alleged in the First Amended Complaint includes allegations from 2010. Such evidence is not only relevant but critical to the claims that are the subject of the operative pleading.

Rule 26(b)(1) provides that unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the information requested should have been provided pursuant to the mandatory disclosure provisions of Rule 26.

**Demand for Production of Documents No. 2:**

Every document that mentions or refers to the decision to permanently house Plaintiff in the module in which she was permanently housed during her incarceration at Century Regional Detention Facility from November 13, 2011 to December 17, 2011.

**RESPONSE:**

Objection.  The request is vague and ambiguous.  Finally, the request is seeking irrelevant information.  Without waiving said objection, responding party will produce inmate information for Lecia Shorter attached hereto as exhibit "1."

**DEFICIENCY:**

The objections are without merit.  And, Defendant Baca has only partially complied with his discovery obligations concerning this request in that he produced only one item in response to this interrogatory.  Plaintiff requested counsel for Defendants to confirm that the one item produced is the only document that mentions or refers to the decision to permanently house Plaintiff during her incarceration from November 13, 2011 to December 17, 2011 and she refused.  Plaintiff is certain that are medical records, memorandum and other indicia concerning the decision to permanently house her in a mental health module.

**Demand for Production of Documents No. 3:**

Any and all documents YOU were requested to identify in Special Interrogatory Number 13 that was served simultaneous with this document production demand.

**RESPONSE:**

Objection.  The request improperly refers to another document.  Moreover, Interrogatory No. 13 was objected to.

**DEFICIENCY:**

The objections are without merit.  In light of the claims set forth in the First Amended Complaint, Plaintiff is entitled to the identification and production of documents that constitute investigations concerning her complaints that are related to her incarcerations.

**Demand for Production of Documents No. 5:**

All notes, memorandum, emails, letter or reports concerning any and all investigations of complaints made by Plaintiff about Los Angeles County Sheriff Deputies from January 1, 2010 to the present, excluding only those documents of attorneys that may be privileged communications.

**RESPONSE:**

Objection. The request is vague and ambiguous. The request is also overbroad and seeking irrelevant information. The request is also seeking privileged and confidential information.

**DEFICIENCY:**

The objections are without merit. Los Angeles Sheriff Department employees are public servants. The information sought specifically pertains to Plaintiff. There is therefore no document requested that is privileged or confidential. Also, Defendant has not specified a particular claim of privileges or any facts which establish such. Neither has he indicated any facts which establish that the documents sought are confidential. Furthermore, the complaints pertain to allegations in the First Amended Complaint and are therefore relevant.

**Demand for Production of Documents No. 13:**

Any and all documents that reference inmate rights while a patient at a private medical facility.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overly broad. The request is seeking irrelevant information.

**DEFICIENCY:**

The First Amended Complaint refers to a failure on the part of Defendant Baca to address and/or investigate inmate complaints regarding Sheriff Deputies, generally, and specifically the complaints of Plaintiff from 2010 to the present. The First Amended Complaint also contains claims for failure to implement appropriate policies and procedures as well as negligent hiring and supervision. During her incarceration in 2010, Plaintiff was hospitalized at St. Francis Medical Center. Although Plaintiff is not seeking damages for the incidents related to the 2010 hospitalization, she is seeking to establish a pattern of failures by Defendant Baca to investigate

inmate complaints, supervise Sheriff deputies and implement appropriate policies and procedures.

**Demand for Production of Documents No. 14:**

All complaints from any and all sources relating to acts of aggressive behavior, violence, excessive force, sexual harassment, sexual abuse, rape, or attempted violence or racial bias, gender bias, ethnic bias, sexual orientation bias, coercive conduct, violation of constitutional rights, illegal search and seizures, perjury, dishonesty, reports to cover up the use of excessive force, planting of evidence, false or misleading internal reports including but not limited to false overtime or medial reports, and any other evidence of misconduct amounting to moral turpitude within the meaning of People v. Wheeler (1992) 4 Cal.4th 284 against Los Angeles County Sheriff Deputies Alvarez and Ortiz.

**RESPONSE:**

Objection. The REQUEST is vague, ambiguous, and overly broad. First, the REQUEST does not provide the complete name of any one person. Responding party can not respond without the full name of the name Deputy Sheriff's. Thus, Defendant's can not create a privilege log nor draft a privilege declaration. The request is also seeking information that is irrelevant to any of Plaintiff's claims. Moreover, the REQUEST seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks documents which are protected pursuant to the peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and California Evidence Code §§1040, 1043 and 1045. The request also seeks information the

disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit. The request also seeks information protected by the attorney client privilege.

**DEFICIENCY:**

The objections are disingenuous and without merit. On August 16, 2013, Defendants produced a supplemental Rule 26 disclosure which indicates the complete names of Deputy Alejandra Avalos and Deputy Jacqueline Ortiz. Thus, Defendant Baca was not only able to respond at the time of the discovery conference on September 5, 2013, he was able to prepare a privilege log and/or declaration of privilege if warranted.

The First Amended Complaint also contains claims for failure to implement appropriate policies and procedures as well as negligent hiring and supervision thereby making the request relevant. Finally, Defendant Baca has disclosed the requested information to third parties, thereby negating his claims of attorney client privilege and privacy. Specifically, the information requested has been or should have been disclosed to the Citizens Commission on Jail Violence.

**Demand for Production of Documents No. 15:**

Any and all DOCUMENTS that relate to any discipline imposed upon Los Angeles County Sheriff Deputies Alvarez and Ortiz as a result of the investigation of any citizen or inmate complaint.

**RESPONSE:**

Objection. THE REQUEST is vague, ambiguous, and overly broad. First, the REQUEST does not provide the complete name of any one person. Responding party can not respond without the full name of the name Deputy Sheriff's. Thus, Defendant's can not create a privilege log nor draft a privilege declaration. The request is also seeking information that is irrelevant to any of

34

Plaintiff's claims.  Moreover, the REQUEST seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis.  The request also seeks documents which are protected pursuant to the peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and California Evidence Code §§1040, 1043 and 1045.  The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit.  The request also seeks information protected by the attorney client privilege.

**DEFICIENCY:**

The objections are disingenuous and without merit.  On August 16, 2013, Defendants produced a supplemental Rule 26 disclosure which indicates the complete names of Deputy Alejandra Avalos and Deputy Jacqueline Ortiz.  Thus, Defendant Baca was not only able to respond at the time of the discovery conference on September 5, 2013, he was able to prepare a privilege log and/or declaration of privilege if warranted.

The First Amended Complaint also contains claims for failure to implement appropriate policies and procedures as well as negligent hiring and supervision thereby making the request relevant.  Finally, Defendant Baca has disclosed the requested information to third parties, thereby negating his claims of attorney client privilege and privacy. Specifically, the information requested has been or should have been disclosed to the Citizens Commission on Jail Violence.

**Demand for Production of Documents No. 16:**

Transcripts of testimony of all persons who testified at Civil Service Commission hearings wherein Los Angeles County Sheriff Deputies Alvarez and Ortiz were accused of misconduct.

**RESPONSE:**

Objection. The REQUEST is vague, ambiguous, and overly broad. First, the REQUEST does not provide the complete name of any one person. Responding party can not respond without the full name of the name Deputy Sheriff's. Thus, Defendant's can not create a privilege log nor draft a privilege declaration. The request is also seeking information that is irrelevant to any of Plaintiff's claims. Moreover, the REQUEST seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks documents which are protected pursuant to the peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and California Evidence Code §§1040, 1043 and 1045. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit. The request also seeks information protected by the attorney client privilege.

**DEFICIENCY:**

The objections are disingenuous and without merit. On August 16, 2013, Defendants produced a supplemental Rule 26 disclosure which indicates the complete names of Deputy Alejandra Avalos and Deputy Jacqueline Ortiz. Thus, Defendant Baca was not only able to

respond at the time of the discovery conference on September 5, 2013, he was able to prepare a privilege log and/or declaration of privilege if warranted.

The First Amended Complaint also contains claims for failure to implement appropriate policies and procedures as well as negligent hiring and supervision thereby making the request relevant. Finally, Defendant Baca has disclosed the requested information to third parties, thereby negating his claims of attorney client privilege and privacy. Furthermore, Civil Service Commission hearings are not privileged and Defendant Baca has not presented any authority establishing such a privilege.

**Demand for Production of Documents No. 17:**

Copies of all evidence submitted to the Civil Service Commission in any hearing where Los Angeles County Sheriff Deputies Alvarez and Ortiz were accused of misconduct.

**RESPONSE:**

Objection. The REQUEST is vague, ambiguous, and overly broad. First, the REQUEST does not provide the complete name of any one person. Responding party can not respond without the full name of the name Deputy Sheriff's. Thus, Defendant's can not create a privilege log nor draft a privilege declaration. The request is also seeking information that is irrelevant to any of Plaintiff's claims. Moreover, the REQUEST seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks documents which are protected pursuant to the peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and California Evidence Code §§1040, 1043 and 1045. The request also seeks information the

disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit. The request also seeks information protected by the attorney client privilege.

**DEFICIENCY:**

The objections are disingenuous and without merit. On August 16, 2013, Defendants produced a supplemental Rule 26 disclosure which indicates the complete names of Deputy Alejandra Avalos and Deputy Jacqueline Ortiz. Thus, Defendant Baca was not only able to respond at the time of the discovery conference on September 5, 2013, he was able to prepare a privilege log and/or declaration of privilege if warranted.

The First Amended Complaint also contains claims for failure to implement appropriate policies and procedures as well as negligent hiring and supervision thereby making the request relevant. Finally, Defendant Baca has disclosed the requested information to third parties, thereby negating his claims of attorney client privilege and privacy. Furthermore, Civil Service Commission hearings are not privileged, neither is the evidence produced at the hearings. Defendant Baca has not presented any authority to the contrary.

**Demand for Production of Documents No. 18:**

All DOCUMENTS that reflect findings, rulings, and statements made by the Commission, its members and its hearing officer(s) that were relevant to the discipline, if any, imposed upon Los Angeles County Sheriff Deputies Alvarez and Ortiz.

**RESPONSE:**

Objection. The REQUEST is vague, ambiguous, and overly broad. First, the REQUEST does not provide the complete name of any one person. Responding party can not respond without the full name of the name Deputy Sheriff's. Thus, Defendant's can not create a privilege log nor

draft a privilege declaration. The request is also seeking information that is irrelevant to any of

Plaintiff's claims. Moreover, the REQUEST seeks documents which are protected pursuant to

the right to privacy embodied by the United States Constitution and the California Constitution,

and it seeks documents that are privileged under the federal executive/deliberative process or

official information privilege, the federal law enforcement privilege, and the federal privilege of

critical self-analysis. The request also seeks documents which are protected pursuant to the

peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and

California Evidence Code §§1040, 1043 and 1045. The request also seeks information the

disclosure of which would constitute an unwarranted invasion of the right to privacy of persons

who are not parties to this lawsuit. The request also seeks information protected by the attorney

client privilege.

**DEFICIENCY:**

The objections are disingenuous and without merit. On August 16, 2013, Defendants

produced a supplemental Rule 26 disclosure which indicates the complete names of Deputy

Alejandra Avalos and Deputy Jacqueline Ortiz. Thus, Defendant Baca was not only able to

respond at the time of the discovery conference on September 5, 2013, he was able to prepare a

privilege log and/or declaration of privilege if warranted.

The First Amended Complaint also contains claims for failure to implement appropriate

policies and procedures as well as negligent hiring and supervision thereby making the request

relevant. Finally, Defendant Baca has disclosed the requested information to third parties,

thereby negating his claims of attorney client privilege and privacy. Furthermore, Civil Service

Commission hearings are not privileged, neither are the findings, rulings, and statements made

by the Commission, its members or hearing officers.  Defendant Baca has not presented any authority to the contrary.

**Demand for Production of Documents No. 19:**

All complaints from any and all sources relating to acts of aggressive behavior, violence, excessive force, sexual harassment, sexual abuse, rape, or attempted violence or racial bias, gender bias, ethnic bias, sexual orientation bias, coercive conduct, violation of constitutional rights, illegal search and seizures, perjury, dishonesty, reports to cover up the use of excessive force, planting of evidence, false or misleading internal reports including but not limited to false overtime or medial reports, and any other evidence of misconduct amounting to moral turpitude within the meaning of People v. Wheeler (1992) 4 Cal.4th 284 against any Los Angeles County Sheriff Deputies employed at Century Regional Detention Facility from April 1, 2008 to the present.

**RESPONSE:**

Objection.  The REQUEST is vague, ambiguous, and overly broad.  First, the REQUEST does not provide the complete name of any one person.  Responding party can not respond without the full name of the name Deputy Sheriff's.  Thus, Defendant's can not create a privilege log nor draft a privilege declaration.  The request is also seeking information that is irrelevant to any of Plaintiff's claims.  Moreover, the REQUEST seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis.  The request also seeks documents which are protected pursuant to the peace officer personnel records privilege, California Penal Code §§832.7 and 832.8, and

California Evidence Code §§1040, 1043 and 1045.  The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit.  The request also seeks information protected by the attorney client privilege.

**DEFICIENCY:**

The objections are disingenuous and without merit.  The First Amended Complaint also contains claims for failure to implement appropriate policies and procedures as well as negligent hiring and supervision thereby making the request relevant.  Finally, Defendant Baca has disclosed the requested information to third parties, thereby negating his claims of attorney client privilege and privacy. Furthermore, Civil Service Commission hearings are not privileged, neither are the findings, rulings, and statements made by the Commission, its members or hearing officers. Defendant Baca has not presented any authority to the contrary.

**PLAINTIFF'S CONTENTIONS:**

Rule 26 provides that "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial -preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  Defendants have not complied with this provision in that Defendants have not provided a description of the nature of the documents, communications or other things not produced or disclosed for which they are claiming the applicability of a privilege or protection.  As a result, Plaintiff is unable to assess the applicability of the privileges and protection claimed.

Federal Rules of Civil Procedure, Rule 37(a)(3)(B)(iv) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if...a party fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34." An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Federal Rules of Civil Procedure, Rule 37(a)(4).

In addition to the foregoing, Rule 26 provides that every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is: (A)    consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.  Additionally, when a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation.  Defendants and their attorneys of record have not acted in good faith in the discovery process thereby unnecessarily exhausting this Court's

42

resources and forcing Plaintiff to expend a great deal of time and expense to enforce Defendants' discovery obligations.

### DEFENDANT BACA'S CONTENTIONS:

### 1. PLAINTIFF'S REQUEST NOS. 1, 2, 3, 5, and 14-19 ARE SEEKING IRRELEVANT AND OVERBROAD INFORMATION

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). "The first analysis, by necessity, encompasses relevance. If the requested information is not relevant to the case at hand, or reasonably calculated to lead to the discovery of admissible evidence, the inquiry ends." Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Ca. 1992).

Plaintiff's Request No. 1 seeking over three years of video surveillance is over broad. Plaintiff's claim in her Complaint is regarding a November-December 2011 incarceration. Thus, Plaintiff is requesting irrelevant information.

Plaintiff's Request No. 5, seeking documents relating to complaints made by Plaintiff from January 1, 2010 to the present is overly broad and seeking irrelevant information. Plaintiff's claim in her Complaint is regarding a November-December 2011 incarceration. Thus, Plaintiff is requesting irrelevant information.

Plaintiff's Request No. 14-18 seeking complaints, discipline, transcripts, documents, against Deputies Avalos and Ortiz for excessive force, sexual abuse, rape, racial bias, perjury, misconduct etc. is irrelevant to Plaintiff's claims and is over broad.  Specifically, plaintiff sues Sheriff Baca and the County of Los Angeles and claims denial of medical care, unconstitutional conditions of confinement, and "cruel and unusual punishment." Plaintiff's requests are not relevant to any claim in Plaintiff's First Amended Complaint.  Moreover, Deputy Avalos and

Deputy Ortiz although listed as a Defendants in the Complaint are not a parties to this action. Plaintiff never served either Deputies with the Complaint.

Similarly, Plaintiff's Request No. 19 requesting all complaints "against any Los Angeles County Sheriff Deputies employed at Century Regional Detention Facility from April 1, 2008 to the present" has no relevance to Plaintiff's claims and is overly broad.

### 2. PLAINTIFF'S REQUEST NOS. 13-19, ARE VAGUE AND AMBIGOUS

Plaintiff's Request seeking information regarding "Deputy Avalos," "Deputy Ortiz," and any Los Angeles County Sheriff Deputies employed at Century Regional Detention Facility are vague and ambiguous. Thus, Request Nos. 13-19 are vague and ambiguous.

### 3. PLAINTIFF'S REQUEST NOS. 3, 5, AND 14-18 SEEK PRIVILEGED INFORMATION

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). Request Nos. 14-18 seek official information. The official privilege is grounded in the recognition that "disclosure of at least some kinds of information developed by law enforcement could harm significant government interests." Kelly v. City of San Jose, 114 F.R.D. 653, 660, 661, (N.D. Cal. 1987). "Federal common law recognizes a qualified privilege for official information." See, Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), cert. den'd 502 U.S. 947 (1991); Kerr v. United States Dis. Court of N.D. Cal, 426 U.S. 394 (1976).

Request Nos. 3 and 5 are seeking information protected by the attorney client privilege. Clarke v. American Commerce Nat'l Bank, (9th Cir. 1992) 974 F2d 127, 129.

44

## B. DEFENDANT COUNTY OF LOS ANGELES

### 1. SPECIAL INTERROGATORIES, SET ONE

**Special Interrogatory Number One:**

On or about May 4, 2010, Plaintiff filed a claim for damages with YOU regarding Los Angeles County Sheriff Deputies Ian Beckford and R. Williams, please indicate:

a.       Whether YOU conducted an investigation of the allegations presented by Plaintiff;

b.       The name, address and telephone number of each individual and/or entity involved in the investigation;

c.       The role of each individual and/or entity involved in the investigation;

d.       All DOCUMENTS generated by YOU as a result of the investigation;

e.       The conclusion reached by YOU as a result of YOUR investigation; and,

f.       the identity of any individual(s) who were found to have violated any rule, regulation, policy or law and identify the rule, regulation, policy or law that individual was determined to have violated.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least six different subparts. Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of

persons who are not parties to this lawsuit. The request also seeks information protected by the attorney client privilege. Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit. Rule 26(b) allows Plaintiff to obtain evidence directly related to her claims. The First Amended Complaint includes allegations against Defendant Los Angeles County for a failure to implement appropriate policies, practices and procedures in the Los Angeles County jails as well as a failure to investigate inmate complaints and oversee the Los Angeles Sheriff's Department. According to the Citizens Commission on Jail Violence, the problem of excessive and unnecessary force in the Los Angeles County jails has been deemed to be the result of many factors, beginning most fundamentally with a failure of leadership in the Los Angeles Sheriff's Department. Los Angeles County and the Los Angeles Sheriff's Department are public agencies subject to laws concerning the dissemination of information to the public. Defendant has not set forth any facts or legal authority which would allow Plaintiff or this Court to assess the legitimacy of its claims of privilege or privacy.

**Special Interrogatory Number Two:**

On or about January 21, 2011, Plaintiff filed a complaint and claim for damages with the Los Angeles County Sheriff's Department concerning a series of incidents that occurred during her incarceration from October 19, 2010 through November 24, 2010, please indicate:

a.      Whether YOU conducted an investigation of the allegations presented by Plaintiff;

b.      The name, address and telephone number of each individual and/or entity involved in the investigation;

c.      The role of each individual and/or entity involved in the investigation;

d.     All DOCUMENTS generated by YOU as a result of the investigation;

e.     The conclusion reached by YOU as a result of YOUR investigation;

f.     the identity of any individual(s) who were found to have violated any rule, regulation, policy or law and identify the rule, regulation, policy or law that individual was determined to have violated.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad.  First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least six different subparts.  Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit.  The request also seeks information protected by the attorney client privilege.  Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit.   Rule 26(b) allows Plaintiff to obtain evidence directly related to her claims. The First Amended Complaint includes allegations against Defendant Los Angeles County for a failure to implement appropriate policies, practices and procedures in the Los Angeles County jails as well as a failure to investigate inmate complaints and oversee the Los Angeles Sheriff's Department.  According to the Citizens Commission on Jail Violence, the problem of excessive and unnecessary force in the Los

Angeles County jails has been deemed to be the result of many factors, beginning most fundamentally with a failure of leadership in the Los Angeles Sheriff's Department.  Los Angeles County and the Los Angeles Sheriff's Department are public agencies subject to laws concerning the dissemination of information to the public.  Defendant has not set forth any facts or legal authority which would allow Plaintiff or this Court to assess the legitimacy of its claims of privilege or privacy.

**Special Interrogatory Number Three:**

On or about January 21, 2011, Plaintiff filed a complaint and claim for damages with the Los Angeles County Sheriff's Department concerning a series of incidents that occurred during her incarceration from October 19, 2010 through November 24, 2010, please indicate:

a.        Whether YOU conducted an investigation of the allegations presented by Plaintiff;

b.        The name, address and telephone number of each individual and/or entity involved in the investigation;

c.        The role of each individual and/or entity involved in the investigation;

d.        All DOCUMENTS generated by YOU as a result of the investigation;

e.        The conclusion reached by YOU as a result of YOUR investigation; and,

f.        the identity of any individual(s) who were found to have violated any rule, regulation, policy or law and identify the rule, regulation, policy or law that individual was determined to have violated.

**RESPONSE:**

Objection.  The interrogatory is vague, ambiguous, and overly broad.  First, the Interrogatory does not provide the name of any one person.  Next, the interrogatory is compound and is improper as it has at least six different subparts.  Moreover, the interrogatory seeks documents

which are protected pursuant to the right to privacy embodied by the United States Constitution

and the California Constitution, and it seeks documents that are privileged under the federal

executive/deliberative process or official information privilege, the federal law enforcement

privilege, and the federal privilege of critical self-analysis. The request also seeks information

the disclosure of which would constitute an unwarranted invasion of the right to privacy of

persons who are not parties to this lawsuit. The request also seeks information protected by the

attorney client privilege. Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit. Rule 26(b) allows Plaintiff to obtain

evidence directly related to her claims. The First Amended Complaint includes allegations

against Defendant Los Angeles County for a failure to implement appropriate policies, practices

and procedures in the Los Angeles County jails as well as a failure to investigate inmate

complaints and oversee the Los Angeles Sheriff's Department. According to the Citizens

Commission on Jail Violence, the problem of excessive and unnecessary force in the Los

Angeles County jails has been deemed to be the result of many factors, beginning most

fundamentally with a failure of leadership in the Los Angeles Sheriff's Department. Los

Angeles County and the Los Angeles Sheriff's Department are public agencies subject to laws

concerning the dissemination of information to the public. Defendant has not set forth any facts

or legal authority which would allow Plaintiff or this Court to assess the legitimacy of its claims

of privilege or privacy.

**Special Interrogatory Number Four:**

On or about January 18, 2012, Plaintiff filed a complaint and claim for damages directly with the

County of Los Angeles concerning various incidents that occurred during her incarceration at the

Century Regional Detention Center from November 15, 2011 through December 17, 2011, please indicate:

a.      Whether YOU conducted an investigation of the allegations presented by Plaintiff;

b.      The name, address and telephone number of each individual and/or entity involved in the investigation;

c.      The role of each individual and/or entity involved in the investigation;

d.      All DOCUMENTS generated by YOU as a result of the investigation;

e.      The conclusion reached by YOU as a result of YOUR investigation; and,

f.      the identity of any individual(s) who were found to have violated any rule, regulation, policy or law and identify the rule, regulation, policy or law that individual was determined to have violated.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least six different subparts. Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit. The request also seeks information protected by the attorney client privilege. Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit.  Rule 26(b) allows Plaintiff to obtain

evidence directly related to her claims.  The First Amended Complaint includes allegations

against Defendant Los Angeles County for a failure to implement appropriate policies, practices

and procedures in the Los Angeles County jails as well as a failure to investigate inmate

complaints and oversee the Los Angeles Sheriff's Department.  According to the Citizens

Commission on Jail Violence, the problem of excessive and unnecessary force in the Los

Angeles County jails has been deemed to be the result of many factors, beginning most

fundamentally with a failure of leadership in the Los Angeles Sheriff's Department.  Los

Angeles County and the Los Angeles Sheriff's Department are public agencies subject to laws

concerning the dissemination of information to the public.  Defendant has not set forth any facts

or legal authority which would allow Plaintiff or this Court to assess the legitimacy of its claims

of privilege or privacy.

**Special Interrogatory Number Five:**

On or about April 19, 2013, Plaintiff filed a claim for damages regarding her arrest on January 9,

2013 and incarceration from January 9, 2013 to January 21, 2013, please indicate:

a.      Whether YOU conducted an investigation of the allegations presented by Plaintiff;

b.      The name, address and telephone number of each individual and/or entity involved in the

investigation;

c.      The role of each individual and/or entity involved in the investigation;

d.      All DOCUMENTS generated by YOU as a result of the investigation;

e.      The conclusion reached by YOU as a result of YOUR investigation; and,

f.      The identity of any individual(s) who were found to have violated any rule, regulation, policy or law and identify the rule, regulation, policy or law that individual was determined to have violated.

**RESPONSE:**

Objection.  The interrogatory is vague, ambiguous, and overly broad.  First, the Interrogatory does not provide the name of any one person.  Next, the interrogatory is compound and is improper as it has at least six different subparts.  Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit.  The request also seeks information protected by the attorney client privilege.  Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit.  Rule 26(b) allows Plaintiff to obtain evidence that supports her claims against Defendant.  The First Amended Complaint includes allegations against Defendant Los Angeles County for a failure to implement appropriate policies, practices and procedures in the Los Angeles County jails as well as a failure to investigate inmate complaints and oversee the Los Angeles Sheriff's Department.  According to the Citizens Commission on Jail Violence, the problem of excessive and unnecessary force in the Los Angeles County jails has been deemed to be the result of many factors, beginning most fundamentally with a failure of leadership in the Los Angeles Sheriff's Department.  Los

Angeles County and the Los Angeles Sheriff's Department are public agencies subject to laws concerning the dissemination of information to the public. Defendant has not identified any evidence nor set forth any facts which support its claim that the information sought is protected by the attorney client privilege.

**Special Interrogatory Number Six:**

State the reason(s) for the formation of the LOS ANGELES CITIZENS COMMISSION ON JAIL VIOLENCE and state:

a. the date when the commission was formed;

b. the name, address and telephone number of each commission member;

c. the conclusions and/or recommendations of the commission;

d. all actions taken by YOU as a result of the conclusions and/or recommendations of the commission;

e. and, if no actions were taken, state the reason(s) therefore.

f. identify the names, job titles, addresses and telephone numbers of all individuals assigned with the task of implementing the recommendations of the commission

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least six different subparts. Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks information

the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit.  The request also seeks information protected by the attorney client privilege.  Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit.  Rule 26(b) allows Plaintiff to obtain evidence directly related to her claims. The First Amended Complaint includes allegations against Defendant Los Angeles County for a failure to implement appropriate policies, practices and procedures in the Los Angeles County jails as well as a failure to investigate inmate complaints and oversee the Los Angeles Sheriff's Department.  According to the Citizens Commission on Jail Violence, the problem of excessive and unnecessary force in the Los Angeles County jails has been deemed to be the result of many factors, beginning most fundamentally with a failure of leadership in the Los Angeles Sheriff's Department.  Los Angeles County and the Los Angeles Sheriff's Department are public agencies subject to laws concerning the dissemination of information to the public.  Defendant has not identified any evidence or set forth any facts which support its assertion that the information sought is protected by the attorney client privilege.

**Special Interrogatory Number Seven:**

State the name, address and telephone number of all independent third party entities which have reviewed, evaluated or otherwise investigated the performance of the Los Angeles County Sheriff's Department concerning the Los Angeles county jails in the last fifteen (15) years, and for each investigation state:

a. the date of the investigation;

b. the alleged conduct which prompted the investigation and the section of the code or the number of the rule or regulation violated; and,

c. the result of the investigation or charge, including any disciplinary steps taken against a member of the Los Angeles County Sheriff's Department.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least six different subparts. Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit. The request also seeks information protected by the attorney client privilege. Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit. Rule 26(b) allows Plaintiff to obtain evidence directly related to her claims. The First Amended Complaint includes allegations against Defendant Los Angeles County for a failure to implement appropriate policies, practices and procedures in the Los Angeles County jails as well as a failure to investigate inmate complaints and oversee the Los Angeles Sheriff's Department. According to the Citizens Commission on Jail Violence, the problem of excessive and unnecessary force in the Los Angeles County jails has been deemed to be the result of many factors, beginning most

b. the alleged conduct which prompted the investigation and the section of the code or the number of the rule or regulation violated; and,

c. the result of the investigation or charge, including any disciplinary steps taken against a member of the Los Angeles County Sheriff's Department.

**RESPONSE:**

Objection. The interrogatory is vague, ambiguous, and overly broad. First, the Interrogatory does not provide the name of any one person. Next, the interrogatory is compound and is improper as it has at least six different subparts. Moreover, the interrogatory seeks documents which are protected pursuant to the right to privacy embodied by the United States Constitution and the California Constitution, and it seeks documents that are privileged under the federal executive/deliberative process or official information privilege, the federal law enforcement privilege, and the federal privilege of critical self-analysis. The request also seeks information the disclosure of which would constitute an unwarranted invasion of the right to privacy of persons who are not parties to this lawsuit. The request also seeks information protected by the attorney client privilege. Finally, the interrogatory is improperly seeking irrelevant information.

**DEFICIENCY:**

The objections are boiler plate and without merit. Rule 26(b) allows Plaintiff to obtain evidence directly related to her claims. The First Amended Complaint includes allegations against Defendant Los Angeles County for a failure to implement appropriate policies, practices and procedures in the Los Angeles County jails as well as a failure to investigate inmate complaints and oversee the Los Angeles Sheriff's Department. According to the Citizens Commission on Jail Violence, the problem of excessive and unnecessary force in the Los Angeles County jails has been deemed to be the result of many factors, beginning most

fundamentally with a failure of leadership in the Los Angeles Sheriff's Department. Los Angeles County and the Los Angeles Sheriff's Department are public agencies subject to laws concerning the dissemination of information to the public. Defendant has not identified any evidence or set forth any facts which support its assertion that the information sought is protected by the attorney client privilege.

**Special Interrogatory Number Eight:**

State all facts which support your contention that YOU have not failed to implement appropriate policies, customs and practices to prevent inmate abuse by Los Angeles County jail employees within Los Angeles County jails as alleged by Plaintiff in the First Amended Complaint on file herein.

**RESPONSE:**

Objection. The request is overly broad and vague. The request also seeks information protected by the attorney work product doctrine. Discovery is still continuing.

**DEFICIENCY:**

The objections are disingenuous, boiler plate and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Defendant County of Los Angeles has a filed responsive pleading denying the allegations of Plaintiff's complaint. Plaintiff is therefore entitled to all facts which support Defendant's defense, if any. Also, Defendant has not set forth any facts which support is assertion that the information concerning its defense is protected by the attorney work product doctrine.

**Special Interrogatory Number Nine:**

State the facts which support YOUR contention that YOU did not engage in acts, or omissions, which subjected Plaintiff to punishment in violation of the First, Sixth, Eighth or Fourteenth Amendments.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad. The request is also requesting information protected by the attorney client privilege. The request is also seeking information protected by the attorney work product doctrine. Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous, boiler plate and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Defendant County of Los Angeles has filed a responsive pleading specifically stating that it did not engage in acts, or omissions, which subjected Plaintiff to punishment in violation of the First, Sixth, Eighth or Fourteenth Amendments. Plaintiff is therefore entitled to all facts which support Defendant's defense, if any. Also, Defendant has not set forth any facts which support its assertion that the information regarding its defense is protected by the attorney work product doctrine.

**Special Interrogatory Number Ten:**

State all facts that support YOUR affirmative defense that YOU did not act with deliberate indifference to Plaintiff's Constitutional rights.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad.  The request is also requesting information protected by the attorney client privilege.  The request is also seeking information protected by the attorney work product doctrine.  Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit.  Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Defendant County of Los Angeles has filed a responsive pleading which contains an affirmative defense specifically stating that Defendant did not act with deliberate indifference to Plaintiff's Constitutional rights.  Plaintiff is therefore entitled to all facts which support Defendant's defense, if any.  Defendant has not set forth any facts which support its assertion that the information regarding its defense is protected by the attorney work product doctrine or the attorney client privilege.

**Special Interrogatory Number Eleven:**

State all facts which support YOUR affirmative defense that YOU did not authorize, initiate, promulgate, reinforce or ratify any official policy, custom or practice which caused a deprivation of Plaintiff's Civil Rights.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad.  The request is also requesting information protected by the attorney client privilege.  The request is also seeking information protected by the attorney work product doctrine.  Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Defendant County of Los Angeles has filed a responsive pleading which contains an affirmative defense specifically stating that Defendant did not authorize, initiate, promulgate, reinforce or ratify any official policy, custom or practice which caused a deprivation of Plaintiff's Civil Rights. Plaintiff is therefore entitled to all facts which support Defendant's defense, if any. Defendant has not set forth any facts which support its assertion that the information regarding its defense is protected by the attorney work product doctrine or the attorney client privilege.

**Special Interrogatory Number Twelve**

State all facts which support YOUR affirmative defense that the individually named defendants in the First Amended Complaint acted reasonably under the circumstances pursuant to Government Code Section 820.4 during the times alleged.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad. The request is also requesting information protected by the attorney client privilege. The request is also seeking information protected by the attorney work product doctrine. Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Defendant County of Los Angeles has filed a responsive pleading which contains an

59

affirmative defense specifically stating that the individually named defendants in the First

Amended Complaint acted reasonably under the circumstances pursuant to Government Code

Section 820.4 during the times alleged. Plaintiff is therefore entitled to all facts which support

Defendant's defense, if any. Defendant has not set forth any facts which support its assertion

that the information regarding its defense is protected by the attorney work product doctrine or

the attorney client privilege.

**Special Interrogatory Number Thirteen:**

State all facts which support YOUR affirmative defense that Plaintiff failed to avoid or mitigate

the alleged injuries and/or damages and thus, recovery should be reduced.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad. The request is also requesting

information protected by the attorney client privilege. The request is also seeking information

protected by the attorney work product doctrine. Finally, discovery is still continuing in this case

and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties

may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

defense. Defendant County of Los Angeles has filed a responsive pleading which contains an

affirmative defense specifically stating that Plaintiff failed to avoid or mitigate the alleged

injuries and/or damages thus, recovery should be reduced. Plaintiff is therefore entitled to all

facts which support Defendant's defense or a statement that Defendant is not aware of any facts

which support its assertion. Defendant has not set forth any facts which support its position that

60

1   the information regarding its defense is protected by the attorney work product doctrine or the

2   attorney client privilege.

3   **Special Interrogatory Number Fourteen**

4   State all facts which support YOUR contention that YOU were not negligent in the oversight of

5
6   the hiring of Los Angeles County jail personnel located at Century Regional Detention Facility

7   as alleged by Plaintiff in the First Amended Complaint.

8   **RESPONSE:**

9   Objection. The request is vague, ambiguous and overly broad. The request is also requesting

10  information protected by the attorney client privilege. The request is also seeking information

11
12  protected by the attorney work product doctrine. Finally, discovery is still continuing in this case

13  and Defendant does not waive any affirmative defense.

14  **DEFICIENCY:**

15      The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties

16  may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

17
18  defense. Defendant County of Los Angeles has filed a responsive pleading which contains an

19  affirmative defense specifically stating that Defendant was not negligent in the oversight of the

20  hiring of Los Angeles County Jail personnel located at Century Regional Detention Facility as

21  alleged by Plaintiff. Plaintiff is therefore entitled to all facts which support Defendant's defense

22
23  or a statement that Defendant is not aware of any facts which support its assertion. Defendant

24  has not set forth any facts which support its position that the information regarding its defense is

25  protected by the attorney work product doctrine or the attorney client privilege.

26

27

28

**Special Interrogatory Number Fifteen**

State all facts which support YOUR contention that YOU were not negligent in the supervision of Los Angeles County jail personnel located at Century Regional Detention Facility as alleged by Plaintiff in the First Amended Complaint.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad. The request is also requesting information protected by the attorney client privilege. The request is also seeking information protected by the attorney work product doctrine. Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Defendant County of Los Angeles has filed a responsive pleading which contains an affirmative defense specifically stating that Defendant was not negligent in the supervision of Los Angeles County jail personnel located at the Century Regional Detention Facility. Plaintiff is therefore entitled to all facts which support Defendant's defense or a statement that Defendant is not aware of any facts which support its assertion. Defendant has not set forth any facts which support its position that the information regarding its defense is protected by the attorney work product doctrine or the attorney client privilege.

**Special Interrogatory Number Sixteen**

State all facts which support YOUR contention that YOU were not negligent in the training of Los Angeles County jail personnel located at Century Regional Detention Facility as alleged by Plaintiff in the First Amended Complaint.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad.  The request is also requesting information protected by the attorney client privilege.  The request is also seeking information protected by the attorney work product doctrine.  Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit.  Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Defendant County of Los Angeles has filed a responsive pleading which contains an affirmative defense specifically stating that Defendant not negligent in the training of Los Angeles County jail personnel located at Century Regional Detention Facility.  Plaintiff is therefore entitled to all facts which support Defendant's defense or a statement that Defendant is not aware of any facts which support its assertion.  Defendant has not set forth any facts which support its position that the information regarding its defense is protected by the attorney work product doctrine or the attorney client privilege.

**Special Interrogatory Number Seventeen**

For the past five years, indicate with specificity the Los Angeles County Board of Supervisor's method of overseeing the personnel training process and procedure regarding Los Angeles County jail personnel in order to ensure compliance with acceptable correctional industry standards and the promotion of inmate safety and humane care.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad.  The request is also requesting information protected by the attorney client privilege.  The request is also seeking information

protected by the attorney work product doctrine. Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Negligence in the hiring, training and oversight of Los Angeles County jail personnel located at Century Regional Detention Facility is one of the primary claims made by Plaintiff in this action. Plaintiff is therefore entitled to obtain discovery of matters that are directly relevant to her claims against Defendant. Defendant has not set forth any facts which support its position that the information regarding its defense is protected by the attorney work product doctrine or the attorney client privilege.

**Special Interrogatory Number Eighteen**

For the past five years, indicate with specificity the Los Angeles County Board of Supervisor's method of overseeing the personnel hiring process and procedure regarding Los Angeles County jail personnel in order to ensure compliance with acceptable correctional industry standards and the promotion of inmate safety and humane care.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad. The request is also requesting information protected by the attorney client privilege. The request is also seeking information protected by the attorney work product doctrine. Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Negligence in the hiring, training and oversight of Los Angeles County jail personnel located at Century Regional Detention Facility is one of the primary claims made by Plaintiff in this action. Plaintiff is therefore entitled to obtain discovery of matters that are directly relevant to her claims against Defendant. Defendant has not set forth any facts which support its position that the information regarding its defense is protected by the attorney work product doctrine or the attorney client privilege.

**Special Interrogatory Number Twenty**

For the past five years, indicate with specificity the Los Angeles County Board of Supervisor's method of overseeing the personnel supervision of Los Angeles County jail personnel in order to ensure compliance with acceptable correctional industry standards and the promotion of inmate safety and humane care.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad. The request is also requesting information protected by the attorney client privilege. The request is also seeking information protected by the attorney work product doctrine. Finally, discovery is still continuing in this case and Defendant does not waive any affirmative defense.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Negligence in the hiring, training and oversight of Los Angeles County jail personnel

located at Century Regional Detention Facility is one of the primary claims made by Plaintiff in

this action.  Plaintiff is therefore entitled to obtain discovery of matters that are directly relevant

to her claims against Defendant.  Defendant has not set forth any facts which support its position

that the information regarding its defense is protected by the attorney work product doctrine or

the attorney client privilege.

**Special Interrogatory Number Twenty One:**

Identify the name, job title, address and telephone number of all Los Angeles County Sheriff

Department officials who have been assigned the responsibility of monitoring excessive use of

force by Los Angeles Deputy Sheriff's inside of Century Regional Detention Facility for the past

five years.

**RESPONSE:**

Objection.  The request is vague, ambiguous and overly broad.  The request is overly broad as to

subject matter.  Moreover the request is seeking privileged and confidential information.  The

request is also seeking irrelevant information.

**DEFICIENCY:**

The objections are disingenuous and without merit.  Rule 26(b)(1) provides that parties

may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

defense.  The use of excessive force by Los Angeles County jail personnel located at Century

Regional Detention Facility is one of the primary claims made by Plaintiff in this action.

Plaintiff is therefore entitled to obtain discovery of matters that are directly relevant to her claims

against Defendant.  Defendant has not indicated the specific privilege it is invoking.  Neither has

Defendant set forth any facts which support its position that the information sought is

confidential.  In the event there are no personnel assigned this particular task, Plaintiff is entitled to a verified statement from Defendant indicating such.

**Special Interrogatory Number Twenty Two:**

Specify all actions taken by YOU during the past five years to restructure Los Angeles County jails to ensure accountability and safe operations at Century Regional Detention Facility.

**RESPONSE:**

Objection.  The request is vague, ambiguous and overly broad.   The request is overly broad as to subject matter.  Moreover the request is seeking privileged and confidential information.  The request is also seeking irrelevant information.

**DEFICIENCY:**

The objections are disingenuous and without merit.  Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Defendant's failure to ensure accountability and safe operations at Century Regional Detention Facility is one of the primary claims made by Plaintiff in this action.  Plaintiff is therefore entitled to obtain discovery of matters that are directly relevant to her claims against Defendant.  Defendant has not indicated the specific privilege it is invoking.  Neither has Defendant set forth any facts which support its position that the information sought is confidential.  In the event Defendant has taken no action to restructure Los Angeles County jails to ensure accountability and safe operations, Plaintiff is entitled to a verified statement from Defendant indicating such.

**Special Interrogatory Number Twenty Three:**

Indicate with specificity how investigations concerning injuries to inmates caused by Los

Angeles County Sheriff's within Century Regional Detention Facility are conducted from 2010

to the present.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad. The request is overly broad as to

subject matter. Moreover the request is seeking privileged and confidential information. The

request is also seeking irrelevant information.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties

may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

defense. Defendant's failure to investigate the use of excessive force by Los Angeles County jail

personnel located at Century Regional Detention Facility is one of the primary claims made by

Plaintiff in this action. Plaintiff is therefore entitled to obtain discovery of matters that are

directly relevant to her claims against Defendant. Defendant has not indicated the specific

privilege it is invoking. Neither has Defendant set forth any facts which support its position that

the information sought is confidential. In the Defendant has not investigated injuries caused by

Sheriff deputies in the past five years, Plaintiff is entitled to a verified statement from Defendant

indicating such.

**Special Interrogatory Number Twenty Four:**

Indicate the names, job titles, address and telephone numbers of all individuals charged with the

responsibility of investigating allegations of inmate injuries alleged to have been caused by Los

Angeles County Sheriff's employees inside of Century Regional Detention Facility since 2010.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad.  The request is overly broad as to subject matter.  Moreover the request is seeking privileged and confidential information.  The request is also seeking irrelevant information.

**DEFICIENCY:**

The objections are disingenuous and without merit.  Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Defendant's failure to investigate the use of excessive force by Los Angeles County jail personnel located at Century Regional Detention Facility is one of the primary claims made by Plaintiff in this action.  Plaintiff is therefore entitled to obtain discovery of matters that are directly relevant to her claims against Defendant.  Defendant has not indicated the specific privilege it is invoking.  Neither has Defendant set forth any facts which support its position that the information sought is confidential.  In the Defendant has not investigated injuries caused by Sheriff deputies in the past five years, Plaintiff is entitled to a verified statement from Defendant indicating such.

**Special Interrogatory Number Twenty Five:**

Indicate the manner in which inmate grievance procedures are handled at Century Regional Detention Facility since 2010.

**RESPONSE:**

Objection. The request is vague, ambiguous and overly broad.  The request is overly broad as to subject matter.  Moreover the request is seeking privileged and confidential information.  The request is also seeking irrelevant information.

**DEFICIENCY:**

The objections are disingenuous and without merit. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Defendant's failure to ensure properly handling of inmate grievances at Century Regional Detention Facility is one of the claims made by Plaintiff in this action. Plaintiff is therefore entitled to obtain discovery of matters that are directly relevant to her claims against Defendant. Defendant has not indicated the specific privilege it is invoking. Neither has Defendant set forth any facts which support its position that the information sought is confidential. In the Defendant has not investigated injuries caused by Sheriff deputies in the past five years, Plaintiff is entitled to a verified statement from Defendant indicating such.

**PLAINTIFF'S CONTENTIONS:**

Federal Rules of Civil Procedure. Rule 37(a)(3)(B)(iv) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if...a party fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34." An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Federal Rules of Civil Procedure, Rule 37(a)(4). The responses of Defendant County of Los Angeles to Plaintiff's Special Interrogatories are unquestionably evasive, thereby invoking an order from this Court compelling responses.

Additionally, Federal discovery law requires that, prior to the initiation of a motion to compel, the parties informally attempt to resolve discovery matters. *(Nevada Power Co. v. Monsanto Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992) 144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n*

(N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or at least narrow and focus the matters in controversy before judicial resolution is sought"]).  Some federal courts have lamented that, "in many instances the [informal] conference requirements seems to have evolved into a pro for a matter." (*Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n, supra* 121 F.R.D. at p. 289.)

In *Nevada Power Co. v. Monsanto Co., supra,* 151 F.R.D. 118, 120, the court offered the following guidelines for the conduct of an informal negotiation conference:"[T]he parties must present to each other the merits of their respective positions with the same, candor, specificity, and support during informal negotiations as during the briefing of discovery motions.  Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter."  Defendant County of Los Angeles made no effort to meaningful resolve the discovery disputes.  For instance, Plaintiff requested counsel for Defendants to explain the meaning of the privilege against critical self-analysis and she was unable to provide an adequate explanation or authority which supports the existence of such a privilege.  It is therefore appropriate that this Court order Defendant County of Los Angeles' compliance and compel responses to Plaintiff's Special Interrogatories.

## DEFENDANT COUNTY OF LOS ANGELES' CONTENTIONS:

1. **INTERROGATORY NOS.  1-3, 5-7, 17, 18, 20, 21, 23-24 ARE SEEKING IRRELEVANT INFORMATION**:

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). "The first analysis, by necessity, encompasses

relevance. If the requested information is not relevant to the case at hand, or reasonably calculated to lead to the discovery of admissible evidence, the inquiry ends." Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Ca. 1992). Plaintiff's Interrogatory No. 1-3, and 5 requesting information regarding claims and complaints unrelated to plaintiff's November-December 2011 incarceration are irrelevant to any of plaintiff's claims. Plaintiff Complaint alleges causes of action related to a incarceration in the County Jail in November-December 2011. Specifically, plaintiff claims denial of medical care, unconstitutional conditions of confinement, and "cruel and unusual punishment." Plaintiff's request is not relevant to any claim in Plaintiff's First Amended Complaint. Moreover, Plaintiff does not have any facts in the Complaint to support an individual capacity suit against Defendant Sheriff Baca.

Interrogatory No. 6 seeking information regarding the Los Angeles Commission on Jail Violence and Interrogatory No. 7 seeking information regarding third party investigations of the Los Angeles County Sheriff's Department are overbroad and seeking irrelevant information. Again, Plaintiff's causes of action concern a November-December 2011 incarceration. Moreover, Plaintiff claims unconstitutional conditions of confinement and denial of medical care. Third party investigations regarding all aspects of the jail have no relevance to plaintiff's claims.

Interrogatory Nos. 17, 18, 20, seeking the method in which the Board of Supervisors trains, hires, and supervises Los Angeles County jail personnel is seeking information that is irrelevant to Plaintiff's claims in her Civil Rights Complaint.

Interrogatory No. 21 seeking the name of "all" officials who have been assigned responsibility of monitoring excessive force in Century Regional Detention Facility is overly broad and seeking information irrelevant to plaintiff's claim.

Interrogatory Nos. 23 and 24 requesting information regarding investigations of inmate injuries is overly broad and seeking information related to Plaintiff's claims.

## 2. **INTERROGATORY NOS. 1-16, 17, 18, 20,  ARE VAGUE AND AMBIGOUS**:

Interrogatory Nos. 1-5 are vague and ambiguous. The Interrogatories do not define or identify the "Claim'' or "Complaint" at issue, nor do the Interrogatories define "You."

Interrogatory Nos. 6 and 7 are vague as they do not sufficiently define or identify any third party investigations.  Interrogatory No. 6 does not sufficiently identify the "commission" nor does Interrogatory No. 7 identify any specific third party.

Interrogatory Nos. 8-16, are vague and ambiguous. The Interrogatories do not define "You." Moreover, the Interrogatories do not reference the portion of the Complaint or Answer that they are referencing.  Interrogatory No. 12 does not define "defendant."

Interrogatory Nos. 17, 18, 20, seeking the method in which the Board of Supervisors trains, hires, and supervises Los Angeles County jail personnel is vague as to the term "method."

Interrogatory No. 22 is vague and ambiguous as to the term "you."

Interrogatory Nos. 23 and 24 requesting information regarding investigations of "inmate injuries" is vague and ambiguous as to the term "inmate injuires."

Interrogatory No. 25 is ambiguous as to the term "manner in which inmate grievances are handled."

## 3. **PLAINTIFF'S INTERROGATORY NOS. 1-5, 8-16, 17, 18, 20, 23, 24 SEEK PRIVILEGED INFORMATION AND ARE UNDULY BURDENSOME**

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1).  The official privilege is grounded in the recognition that "disclosure of at least some kinds of information developed by law enforcement could harm significant government interests." Kelly v. City of San Jose, 114 F.R.D. 653, 660, 661, (N.D. Cal. 1987). "Federal common law recognizes a qualified privilege for official information." See, Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), cert. den'd 502 U.S. 947 (1991); Kerr v. United States Dis. Court of N.D. Cal, 426 U.S. 394 (1976).

Interrogatory Nos. 1-5 are seeking information protected by the attorney client privilege. Clarke v. American Commerce Nat'l Bank, (9th Cir. 1992) 974 F2d 127, 129.  Interrogatory Nos. 1-5 seeking information on claims or complaints for damages Plaintiff has filed is seeking privileged information. The information plaintiff seeks is protected by the attorney client privilege. Plaintiff appears to be seeking all documents and conclusions generated as a result of prior complaints she has filed against the County of Los Angeles. Plaintiff also improperly seeks the names and information regarding persons found to have violated rules and regulations along with the violations and discipline imposed. Moreover, the defense has provided a privilege log. Interrogatory Nos. 8-16 are also seeking information protected under the attorney-client privilege.  Moreover, the interrogatories are improperly seeking that the responding party make a legal conclusions.  Rule 33 does not permit interrogatories directed at issues of "pure law." O'Brien v. International Brotherhood of Elec. Workers, 443 F.Supp. 1182, 1187 (1997). Contention interrogatories asking for each and every fact or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome. IBP, Inc. v. Mercantile Bank of Topeka (1998), 179 FRD 316, 321.  Providing every fact could require "laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." Id. Alternatively, "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." FRCP 33 (a)(2).

Interrogatory Nos. 17, 18, 20, seeking the method in which the Board of Supervisors trains, hires, and supervises Los Angeles County jail personnel is seeking information that is privileged and overly burdensome to produce.

74

Interrogatory No. 22 asking for "all actions taken" to restructure the County Jails is unduly burdensome.

Interrogatory Nos. 23 and 24 requesting information regarding investigations of inmate injuries is requesting privileged information.

## 4. PLAINTIFF'S INTERROGATORY NOS. 1-7, 9 ARE IMPROPER IN FORM

A party may serve no more than 25 interrogatories on any party. FRCP 33(a)(1). The 25 interrogatory limit includes "discrete subparts." Prochaska & Assocs. Merill Lynch, Pierce, Fenner & Smith, Inc. (DE 1993) 155 FRD 189, 191.

Interrogatory Nos. 1-7 are improper in form. The interrogatories have discrete subparts. Interrogatory No. 9 is compound and has several discrete subparts. The Interrogatory is seeking information regarding the 1st, 6th, 8th, and 14th Amendments.

## REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

**Demand for Production of Documents No. 1**

Any and all audio recordings and/or radio transmissions related to Plaintiff's arrest on January 9, 2013 by Los Angeles County Sheriff Deputy Shane Parks, Badge Number 455174.

**RESPONSE:**

Objection. The request is seeking information tha tis irrelevant to any claim or defense in this case. Plaintiff's Civil Right's Complaint in this action, filed 2012, does not encompass any allegations regarding a 2013 arrest.

**DEFICIENCY:**

Rule 26 (b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books,

documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . .Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The initial complaint in this matter was filed on September 4, 2012.  The First Amended Complaint was also filed before January of 2013.  It was therefore impossible to include allegations that subsequently occurred.  Nevertheless, a tort claim was timely filed by Plaintiff with Defendant Los Angeles County concerning the 2013 arrest and thereafter denied.  Plaintiff intends to seek leave to amend the operative pleading in order to pursue and recover damages for that incident at trial in the subject proceedings.  Nevertheless, the First Amended Complaint contains claims for civil rights violations including but not limited to excessive force and cruel and unusual punishment.  The incident in January of 2013 establishes an ongoing pattern of failure by the Los Angeles County Board of Supervisors to implement appropriate policies and procedures and to engage in proper oversight of the Los Angeles Sheriff's Department.  The scope of discovery is broad and the fact that the incident is not specifically mentioned in the pleadings does not preclude Plaintiff from obtaining evidence to support her civil rights claims against Defendant.

**Demand for Production of Documents No. 2**

All documents generated by YOU concerning your investigation of the claim for damages filed by Plaintiff on or about May 4, 2010 regarding Los Angeles County Sheriff Deputies Ian Beckford and R. Williams.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. Moreover, the request is seeking

information protected by the attorney client privilege. Finally, the request is seeking irrelevant

information. A May 4, 2010, claims is irrelevant to any of Plaintiff's causes of action.

**DEFICIENCY:**

This request seeks non-privileged documents generated by Defendant Los Angeles

County, not its attorneys, concerning its investigation of the claim for damages filed by Plaintiff

on or about May 4, 2010 regarding Los Angeles County Sheriff Deputies Ian Beckford and R.

Williams; the claim for damages filed by Plaintiff on or about January 21, 2011 concerning a

series of incidents that occurred from October 19, 2010 through November 24, 2010; and, a

claim for damages filed by Plaintiff on or about January 18 concerning her incarceration from

November 15, 2011 through December 17, 2011. The objection that the requests are vague,

ambiguous and overbroad are therefore baseless and without justification.

Plaintiff has conceded that she is not entitled to recover damages for the incident of May

4, 2010. Nevertheless, Plaintiff is not precluded from introducing evidence at trial to establish a

long standing practice of Defendant Los Angeles County to not investigate inmate complaints

and a failure to implement appropriate policies and procedures and properly oversee the actions

of the Los Angeles Sheriff's Department. Any investigations conducted by Los Angeles County,

not its attorneys, are therefore discoverable.

The attorney client privilege extends to communications between an attorney and his/her

client. Independent investigations not conducted by an attorney or a staff member at an

attorney's directions are not within the privilege. In the event there are documents that are

77

protected by the attorney client privilege, Defendant should produce a privilege log identifying those documents.

**Demand for Production of Documents No. 3**

All documents generated by YOU concerning your investigation of the claim for damages filed by Plaintiff on or about January 21, 2011 concerning a series of incidents that occurred during her incarceration from October 19, 2010 through November 24, 2010.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. Moreover, the request is seeking information protected by the attorney client privilege. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

This request seeks non-privileged documents generated by Defendant Los Angeles County, not its attorneys, concerning its investigation of the claim for damages filed by Plaintiff on or about May 4, 2010 regarding Los Angeles County Sheriff Deputies Ian Beckford and R. Williams; the claim for damages filed by Plaintiff on or about January 21, 2011 concerning a series of incidents that occurred from October 19, 2010 through November 24, 2010; and, a claim for damages filed by Plaintiff on or about January 18 concerning her incarceration from November 15, 2011 through December 17, 2011. The objection that the requests are vague, ambiguous and overbroad are therefore baseless and without justification.

Plaintiff has conceded that she is not entitled to recover damages for the incident of May 4, 2010. Nevertheless, Plaintiff is not precluded from introducing evidence at trial to establish a long standing practice of Defendant Los Angeles County to not investigate inmate complaints and a failure to implement appropriate policies and procedures and properly oversee the actions

of the Los Angeles Sheriff's Department. Any investigations conducted by Los Angeles County, not its attorneys, are therefore discoverable.

The attorney client privilege extends to communications between an attorney and his/her client. Independent investigations not conducted by an attorney or a staff member at an attorney's directions are not within the privilege. In the event there are documents that are protected by the attorney client privilege, Defendant should produce a privilege log identifying those documents.

**Demand for Production of Documents No. 4**

All documents generated by YOU concerning your investigation of the claim for damages filed by Plaintiff on or about January 18, 2012 concerning various incidents that occurred during her incarceration at the Century Regional Detention Center from November 15, 2011 through December 17, 2011.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. Moreover, the request is seeking information protected by the attorney client privilege. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

Rule 26(b) allows Plaintiff to obtain evidence to support her claims that Defendant Los Angeles County has a long standing practice of failures to investigate inmate complaints of excessive force by Sheriff Deputies and a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department. Any evidence related to investigations conducted by Los Angeles County, not its attorneys, is therefore discoverable.

The attorney client privilege extends to communications between an attorney and his/her client. Independent investigations not conducted by an attorney or a staff member at an attorney's directions are not within the privilege. In the event there are documents that are protected by the attorney client privilege, Defendant should produce a privilege log identifying all documents for which Defendant claims a privilege or work product protection.

**Demand for Production of Documents No. 5**

All documents generated by YOU concerning your investigation of the claim for damages filed by Plaintiff on or about April 19, 2013 regarding her arrest on January 9, 2013 and incarceration from January 9, 2013 to January 21, 2013.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. Moreover, the request is seeking information protected by the attorney client privilege. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

Rule 26(b) allows Plaintiff to obtain evidence to support her claims that Defendant Los Angeles County has a long standing practice of failures to investigate inmate complaints of excessive force by Sheriff Deputies and a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department. Any evidence related to investigations conducted by Los Angeles County, not its attorneys, is therefore discoverable.

The attorney client privilege extends to communications between an attorney and his/her client. Independent investigations not conducted by an attorney or a staff member at an attorney's directions are not within the privilege. In the event there are documents that are

protected by the attorney client privilege, Defendant should produce a privilege log identifying all documents for which Defendant claims a privilege or work product protection.

**Demand for Production of Documents No. 6**

All investigative reports conducted by independent third parties regarding Los Angeles County jails policies and procedures for the past five years.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. Moreover, the request is seeking information protected by the attorney client privilege. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

Rule 26(b) allows Plaintiff to obtain evidence to support her claims that Defendant Los Angeles County has a long standing practice of failures to investigate inmate complaints of excessive force by Sheriff Deputies and a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department. Any evidence related to investigations conducted by Los Angeles County, not its attorneys, is therefore discoverable.

The attorney client privilege extends to communications between an attorney and his/her client. Independent investigations not conducted by an attorney or a staff member at an attorney's directions are not within the privilege. In the event there are documents that are protected by the attorney client privilege, Defendant should produce a privilege log identifying all documents for which Defendant claims a privilege or work product protection.

**Demand for Production of Documents No. 8**

Any and all documents related to personnel training processes and procedures for individuals employed in Los Angeles County jails for the past five years.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. Moreover, the request is seeking information protected by the attorney client privilege. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

Rule 26(b) allows Plaintiff to obtain evidence to support her claims that Defendant Los Angeles County failed to oversee the hiring and supervision of Los Angeles County jail personnel as well as its long standing practice of a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department. Any evidence related to personnel training processes and procedures for Los Angeles County jail personnel is therefore discoverable.

The attorney client privilege extends to communications between an attorney and his/her client. It is unfathomable that personnel training processes and procedures fall within the purview of the attorney client privilege. In the event there are documents that are protected by the attorney client privilege, Defendant should produce a privilege log identifying all documents for which Defendant claims a privilege or work product protection.

**Demand for Production of Documents No. 9**

Any and all documents that relate to the Los Angeles County guidelines for investigations of inmate complaints regarding injuries caused by Los Angeles County Sheriff Deputies for the past five years.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. The request is overly broad and ambiguous as to the term injuries. Moreover, the request is seeking privileged and confidential information. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

Rule 26(b) allows Plaintiff to obtain evidence to support her claims that Defendant Los Angeles County has a long standing practice of failures to investigate inmate complaints of excessive force by Sheriff Deputies and a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department. Any evidence related to investigations conducted by Los Angeles County, not its attorneys, is therefore discoverable.

Defendant has not specified the privilege it is invoking. Neither has Defendant set forth any facts which establish that guidelines for inmate complaints of excessive force are confidential.

**Demand for Production of Documents No. 10**

Any and all documents that relate to the administration and management of Los Angeles County jails for the past five years.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. Moreover, the request is seeking privileged and confidential information. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

This request seeks documents that relate to the administration and management of Los Angeles County jails for the past five years. This evidence is relevant to the claims alleged by

Plaintiff in the First Amended Complaint particularly concerning negligent hiring and

supervision and failure to implement appropriate policies and procedures, negligent hiring and

supervision and failure to oversee the Los Angeles Sheriff's Department.  In 2011, a Citizens

Commission on Jail Violence was formed to review the failures of the Los Angeles County

Board of Supervisors and the Los Angeles Sheriff's Department regarding the administration and

management of jails.  The Commission identified numerous failures of Defendants concerning

the administration and management of Los Angeles County jails.  The information requested is

therefore discoverable and Defendant's objections are without merit.  Furthermore, Defendant

has not specified the privilege it is invoking.  Neither has Defendant set forth any facts which

establish that guidelines for inmate complaints of excessive force are confidential.

**Demand for Production of Documents No. 11**

Any and all documents that relate to the administration of medical care to inmates inside of Los

Angeles County jails for the past five years.

**RESPONSE:**

Objection.  The request is vague, ambiguous, and overly broad.  The request is vague, ambiguous

and overly broad as to the phrase "administration of medical care."  Moreover, all documents

relating medical care are not relevant to Plaintiff's claims.  Thus, the request is seeking irrelevant

information.

**DEFICIENCY:**

Defendant has made no effort to clarify any perceived ambiguities concerning Plaintiff's

use of the term "administration of medical care."  During the discovery conference, counsel for

Defendant merely represented "Defendant stands by its objections."  This request seeks

documents that relate to the administration and management of medical care within the Los

Angeles County jails for the past five years. This evidence is relevant to the claims alleged by Plaintiff in the First Amended Complaint.

**Demand for Production of Documents No. 12**

Any and all documents that constitute evaluations of the performance of the Los Angeles Sheriff's Department for the past five years.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. The request is overly broad and ambiguous as to the term injuries. Moreover, the request is seeking privileged and confidential information. Finally, the request is seeking irrelevant information.

**DEFICIENCY:**

Rule 26(b) allows Plaintiff to obtain evidence to support her claims that Defendant Los Angeles County has a long standing practice of a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department. Any evidence related to evaluations of the performance of the Los Angeles Sheriff's Department is therefore discoverable.

Defendant has not specified the privilege it is invoking. Neither has Defendant set forth any facts which establish that guidelines for inmate complaints of excessive force are confidential.

**Demand for Production of Documents No. 13**

Any and all documents that reference inmate rights while a patient at a private medical facility.

**RESPONSE:**

Objection. The request is vague, ambiguous, and overbroad. The request does not define "private medical facility." The request is also seeking irrelevant information.

**DEFICIENCY:**

Defendant has made no effort to clarify any perceived ambiguities concerning Plaintiff's use of the term "private medical facility." During the discovery conference, counsel for Defendant merely represented "Defendant stands by its objections." In her August 1, 2013 correspondence to counsel for Defendant, Plaintiff stated the following: "a 'private medical facility' is a non-Los Angeles County owned and operated medical facility. Since there are occasions when an inmate's medical condition requires hospitalization a private medical facility, there should exist documents that reference patient rights while at such a facility. As you should know, Plaintiff was hospitalized at St. Francis Medical Center while in the custody of the Los Angeles Sheriff's Department. Again, although I am not seeking damages for the malfeasance that transpired during that time, I am entitled to documents that reference patient rights under those circumstances. And, if none exist, I am entitled to that information which will again establish the failure of Los Angeles County to implement appropriate policies and procedures."

Rule 26(b) allows Plaintiff to obtain evidence to support her claims that Defendant Los Angeles County has a long standing practice of a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department. Any evidence related to patient rights while at a private medical facility is therefore discoverable.

**PLAINTIFF'S CONTENTIONS:**

Federal Rules of Civil Procedure, Rule 37(a)(3)(B)(iv) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if...a party fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34." An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Federal Rules of Civil

Procedure, Rule 37(a)(4).  The responses of Defendant County of Los Angeles to Plaintiff's

Request for Production of Documents, Set One are irrefutably evasive thereby requiring an order

from this Court compelling adequate responses.

Furthermore, the limited privilege log produced by Defendant County of Los Angeles on

September 6, 2013 is inadequate in that it does not allow Plaintiff to determine whether the

documents identified are in fact privileged and protected by the work product doctrine.

According to Rule 501 of the Federal Rules of Evidence, in a civil case, state law governs

privilege regarding a claim or defense for which state law supplies the rule of decision.  Rule

502(g) of the Federal Rules of Evidence defines the "attorney-client privilege" as the protection

that applicable law provides for confidential attorney-client communications; and, "work-product

protection" as the protection that applicable law provides for tangible material (or its intangible

equivalent) prepared in anticipation of litigation or for trial.

California Code of Civil Procedure Section 2018.030(a) defines work product as a

writing that reflects an attorney's impressions, conclusions, opinions, or legal research or

theories.  California Evidence Code Section 952 states that "confidential communication

between client and lawyer" means information transmitted between a client and his or her lawyer

in the course of that relationship and in confidence by a means which, so far as the client is

aware, discloses the information to no third persons other than those who are present to further

the interest of the client in the consultation or those to whom disclosure is reasonably necessary

for the transmission of the information or the accomplishment of the purpose for which the

lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in

the course of that relationship.

Plaintiff is unable to determine whether the documents presently in the possession of counsel for Defendants fall within the purview of the attorney client privilege or work product as those terms are defined by Federal and California law.

In addition to the foregoing, Defendants have not attempted to meaningfully resolve the discovery disputes between the parties. Federal discovery law requires that, prior to the initiation of a motion to compel, the parties informally attempt to resolve discovery matters. (*Nevada Power Co. v. Monsanto Co.* (D.Nev. 1993) 151 F.R.D. 118, 120; *Tarkett, Inc. v. Congoleum Corp.* (E.D. Pa. 1992) 144 F.R.D. 282, 285-286; *Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n* (N.D. Tex. 1988) 121 F.R.D. 284, 289 ["[t]he purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or at least narrow and focus the matters in controversy before judicial resolution is sought"]). Some federal courts have lamented that, "in many instances the [informal] conference requirements seems to have evolved into a pro for a matter." (*Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n,* supra 121 F.R.D. at p. 289.)

In *Nevada Power Co. v. Monsanto Co., supra*, 151 F.R.D. 118, 120, the court offered the following guidelines for the conduct of an informal negotiation conference:"[T]he parties must present to each other the merits of their respective positions with the same, candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." Defendant County of Los Angeles has provided inadequate discovery responses and its attorneys of record have failed to meaningfully attempt to

resolve the discovery dispute pertaining to those responses.  A motion to compel is therefore appropriate.

### DEFENDANT COUNTY OF LOS ANGELES' CONTENTIONS:

#### 1.  PLAINTIFF'S REQUEST NOS. 1, 2, 3, 5, 6, 8, 11-13 ARE SEEKING IRRELEVANT INFORMATION

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). "The first analysis, by necessity, encompasses relevance. If the requested information is not relevant to the case at hand, or reasonably calculated to lead to the discovery of admissible evidence, the inquiry ends." Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Ca. 1992).

Plaintiff's Request No. 1 and No. 5 seeking documents regarding a January 9, 2013, arrest, Request No. 2, requesting documents regarding a May 4, 2010 claim, and Request No. 3, requesting documents regarding a January 21, 2011 Claim have no relevance to Plaintiff's Claims.  Plaintiff Complaint alleges causes of action related to her incarceration in the County Jail in November-December 2011. Specifically, plaintiff claims denial of medical care, unconstitutional conditions of confinement, and "cruel and unusual punishment." Plaintiff's request is not relevant to any claim in Plaintiff's First Amended Complaint.  Arrests prior to or after the 2011 incarceration have no relevance to Plaintiff's claim regarding a November-December 2011 incarceration.

Plaintiff's Request No. 6, for "all investigative reports" by "third parties" on jail policies and procedures  and Request No. 8 for all documents related to personnel training process is overbroad as it seeks information unrelated to Plaintiff's claims.

Request No. 10 requesting "all documents that relate to the administration and management of the Los Angeles County jails" is seeking information that irrelevant to Plaintiff's claims.

Plaintiff's Request No. 11, seeking "all documents that relate to the administration of medical care" and Request No. 12 seeking "all documents that constitute evaluation of the performance of the Los Angeles Sheriff's Department" seeks information irrelevant to Plaintiff's claims.

Finally, Plaintiff's Request No. 13 seeking inmate rights when a patient at a private medical facility has no relevance to her claim of denial of medical care in the County Jail.

### 2.  PLAINTIFF'S REQUEST NOS. 2-6 ARE VAGUE AND AMBIGOUS

Request Nos. 2-5 are vague and ambiguous. The Requests do not define or identify the "Claim'' or "Complaint" at issue, nor do the Interrogatories define "You."

Request No. 6 does not define any "third party" and is thus vague and ambiguous.

### 3.  PLAINTIFF'S REQUEST NOS. 2-5, 6 SEEK PRIVILEGED INFORMATION AND ARE UNDULY BURDENSOME

Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). Request Nos. 2-6 seek official information. The official privilege is grounded in the recognition that "disclosure of at least some kinds of information developed by law enforcement could harm significant government interests." Kelly v. City of San Jose, 114 F.R.D. 653, 660, 661, (N.D. Cal. 1987). "Federal common law recognizes a qualified privilege for official information." See, Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), cert. den'd 502 U.S. 947 (1991); Kerr v. United States Dis. Court of N.D. Cal, 426 U.S. 394 (1976).

Request Nos. 2-5 are seeking information protected by the attorney client privilege. Clarke v. American Commerce Nat'l Bank, (9th Cir. 1992) 974 F2d 127, 129.

Request No. 6 seeking all reports by independent third parties regarding jail policies and procedures is an overly burdensome demand.

### 4. **DEFENDANT'S TRUE RESPONSE TO REQUEST NOS. 6, 8, 9, 10, 12 IS NOT AS STATED BY PLAINTIFF**

Local Rule 37-2.1 provides that the Joint Stipulation shall contain the allegedly insufficient answer. Plaintiff fails to provide the correct verbatim answer for Answer Nos. 6, 8, 9, 10, and 12. In regards to Request No. 9, Supplemental responses were provided with four different policies.

### C. **DEFENDANTS' RULE 26 DISCLOSURES**

During the discovery conference on September 5, 2013, Plaintiff identified the following failures concerning Defendants Rule 26 mandatory disclosures:

A.     Original Rule 26 Disclosures do not include contact information for individuals identified;

B.     Additional information should have been disclosed

1.     Medical Staff, especially physicians and psychiatrists who alleged diagnosed Plaintiff from 2010 to 2013;

2.     Nurse Practitioner Bachelor

3.     Watch Commanders and Supervisors in charge of deputies and units where Plaintiff was housed during incarcerations;

4.     Any and all Sheriff personnel responsible for any investigations that may have been conducted after complaints filed by Plaintiff

5.      Any and all L.A. County personnel or officials who may have conducted any investigations after claims/complaints filed by Plaintiff following each incarceration from 2010 to 2013

6.      Any and all documents that constitute investigative reports by L.A. County personnel or officials following complaints filed by Plaintiff following each incarceration from 2010 to 2013

7.      Any and all documents that constitute investigative reports by L.A. County Sheriff personnel or officials following complaints filed by Plaitniff following each incarceration from 2010 to 2013

7.      Any and all non-privileged communications by and between L.A. County personnel and L.A. Sheriff personnel concerning complaints filed by Plaintiff from 2010 to 2013

8.      Defendant failed to identify the videos and audio recordings and/or radio transmissions related to Plaintiff's arrest on January 9, 2013 as well as the surveillance video and/or digital memorialization of any contacts between Los Angeles County Sheriff Deputies and Plaintiff, including the booking area and holding cells at Century Regional Detention Facility, as well as any evidence that such memorialization have been destroyed or altered in any manner from January 1, 2010 to the present.

**PLAINTIFF'S CONTENTIONS:**

Rule 26 of the Federal Rules of Civil Procedure provides that a party must without awaiting a discovery request, provide to the other parties, the name and contact information of each individual likely to have discoverable information, a copy or description of all documents that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, a computation of damages, and any insurance agreements.  Defendants have failed to make all relevant and applicable Rule 26 disclosures.

Counsel for Defendants represented that with the exception of Rule 26 disclosure information related to medical and psychiatric staff for the 2011 allegations, supplemental discovery responses will only be provided on behalf of Defendant Los Angeles County by September 9, 2013 as to the Request for Production of Documents numbers 9 and 14, 15 and 16. Plaintiff requested that as part of their Rule 26 disclosure obligations, Defendants produce copies of any and all documents that constitute investigative reports by Los Angeles County or the Los Angeles Sheriff's Department concerning claims and complaints filed by Plaintiff regarding the 2010, 2011 and 2013 incarcerations. Counsel for Defendant stated during the Rule 37-1 conference that Defendants will not do so because that information is privileged without specifying what particular privilege Defendants are invoking.

As previously indicated by Plaintiff, Plaintiff seeks documents pertaining to her 2010 incarceration for purposes of establishing a pattern of malfeasance by Defendants. The fact that she does not seek to recover damages for those incidents does not make them irrelevant to these proceedings.

Additionally, the fact that the First Amended Complaint does not include allegations concerning the 2013 incidents does not them irrelevant or not subject to discovery. Plaintiff should not be required to amend the First Amended Complaint in order to obtain evidence pertaining to incidents that transpired in 2013.

On September 6, 2013, Defendant County of Los Angeles produced a discovery log which indicates that counsel for defendants may very well have in its possession non-privileged documents that constitute investigative reports concerning claims and complaints filed by Plaintiff. [See Exhibit 11]. If these documents do not fall within the Federal or California definitions of attorney client privilege or work product, they are in fact discoverable and Defendants must be ordered to produce them.

**DEFENDANTS' CONTENTION**:

On July 19, 2013, Defendants made Rule 26 Disclosures, although Plaintiff claims to be exempt from making any such disclosures. On August 16, 2013, Defendants made supplemental Rule 26 Disclosures.

To date, Plaintiff has not provided any Rule 26 disclosures.


**CONCLUSION**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this Court order Defendants Leroy Baca and County of Los Angeles to provide answers to discovery indicated in this Joint Stipulation within ten (10) days of the hearing on Plaintiff's Motion to Compel.




Dated:          September 24, 2013

LECIA L. SHORTER
Plaintiff In Pro Per

94

**DEFENDANTS' CONTENTION**:

On July 19, 2013, Defendants made Rule 26 Disclosures, although Plaintiff claims to be exempt from making any such disclosures. On August 16, 2013, Defendants made supplemental Rule 26 Disclosures.

To date, Plaintiff has not provided any Rule 26 disclosures.

**CONCLUSION**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this Court order Defendants Leroy Baca and County of Los Angeles to provide answers to discovery indicated in this Joint Stipulation within ten (10) days of the hearing on Plaintiff's Motion to Compel.

Dated:          September 24, 2013

*Lecia Shorter*
_____
LECIA L. SHORTER
Plaintiff In Pro Per

Dated:          September 24, 2013

*Rina Mathevosian*
_____
RINA M. MATHEVOSIAN
NELSON & FULTON
Attorneys for Defendants

94

## DECLARATION OF LECIA L. SHORTER

I, LECIA L. SHORTER, do hereby declare as follows:

1. I am the Plaintiff in the above-entitled matter. I have personal knowledge of the matters attested herein and if called as a witness could and would competently testify thereto.

2. On or about April 8, 2013, Plaintiff propounded Special Interrogatories, Set One and Request for Production of Documents, Set One to Defendant Leroy Baca. On May 8, 2013, Defendant Baca served a response to Plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set One.

3. On May 20, 2013, in an effort to informally meet and confer, I wrote the attorneys of record for Defendant Baca concerning the deficiencies in the discovery responses of Defendant Baca. [See Exhibit One attached hereto]. I also requested that Defendants Baca and County of Los Angeles provide Rule 26 mandatory disclosures. I also enumerated the specific deficiencies in Defendants discovery responses and provided statutory authority as well as factual analysis of why further responses were mandated.

4. On June 26, 2013, Defendant Baca provided supplemental responses to Plaintiff Special Interrogatories, Set One and Request for Production of Documents, Set One.

5. On June 26, 2013, I wrote the attorneys of record for Defendants and again requested they comply with Rule 26 of the Federal Rules of Civil Procedure by making certain mandatory disclosures. [See Exhibit Two attached hereto].

6. On July 8, 2013, I wrote the attorneys of record for Defendant concerning the inadequacies in Defendant Baca's supplemental responses. I again requested compliance with Rule 26 mandatory disclosures. [See Exhibit Three attached hereto].

7. On July 19, 2013, two months after my initial request, Defendants provided what they referred to as Rule 26 disclosures. The disclosure included names of various Los Angeles County

employees with no contact information.  The disclosure also mentioned limited documents purported in the parties' possession, custody or control.  [See Exhibit Four attached hereto].

8.  On July 19, 2013, Defendant Baca provided second supplemental responses to Plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set One.   Rina Mathevosian, counsel for Defendants also wrote me on July 19, 2013, purporting to respond to my meet andconfer request that Defendant Baca provide further supplemental responses.  [See Exhibit Five attached hereto].

9.  On July 23, 2013, I wrote counsel for Defendants and specifically stated the following: Pursuant to the mandatory disclosure provisions of Rule 26 of the Federal Rules of Civil Procedure, a request is hereby made that you provide the names, titles and contact information of all persons who have knowledge of and are responsible for this classification including but not limited to the "mental health staff" to which these comments refer.  I also request that you produce any and all medical records submitted by the medical or mental health staff which support the comments made in the subject documents.  [See Exhibit Six attached hereto].

10. In their Rule 26 disclosures, Defendants provided very limited information about the "mental health staff."  No mention was made of the physicians or psychiatrists responsible for Plaintiff's classification.  Neither were any documents produced substantiating Plaintiff's mental health classification.

11.  On May 22, 2013, I propounded Special Interrogatories, Set One and Request for Production of Documents, Set One to Defendant County of Los Angeles.

12.  On June 21, 2013, Defendant County of Los Angeles served its responses to Plaintiff's discovery.

13.  On August 1, 2013, I wrote Rina Mathevosian, the attorney of record for Defendant County of Los Angeles concerning the inadequacies in its discovery responses.  [See Exhibit Seven attached

96

hereto]. Defendant County of Los Angeles never provided a written response to Plaintiff's correspondence of August 1, 2013.

14.   On August 6, 2013, I wrote the attorneys of record for Defendants and requested a conference pursuant to Local Rule 37-1. [See Exhibit Eight attached hereto]. My correspondence set forth the guidelines that should be followed during a Rule 37-1 discovery conference. I indicated my intent to address the remaining deficiencies in the discovery responses of Defendant Baca. I also identified Defendant Baca's discovery response deficiencies. I further stated that the discovery responses of Defendant County of Los Angeles as set forth in Plaintiff's August 1, 2013 correspondence would be part and parcel of the Rule 37-1 conference.

15.   On August 12, 2013, I telephoned counsel for Defendants to schedule a date for the Rule 37-1 conference. We originally agreed to have the conference on August 19, 2013. Thereafter, the conference was rescheduled to August 27, 2013.  During the telephone call of August 12, 2013, counsel for Defendants mentioned for the first time that there were issues with the discovery responses provided by Plaintiff and she would like to include those issues during the Rule 37-1 conference. Late in the afternoon of August 23, 2013, counsel for Defendants sent me via email a 26 page letter concerning my discovery responses that were provided nearly three months prior on May 30, 2013.

16.   On August 27, 2013, I emailed a letter to counsel for Defendants explaining that I would not be prepared to discuss the extensive discovery issues in the August 23, 2013 correspondence. [See Exhibit Nine attached hereto]. Thereafter, counsel for Defendants telephoned me and requested that the Rule 37-1 conference again be rescheduled so that the discovery issues of all parties could be addressed in one conference. I agreed and the conference was rescheduled to September 5, 2013.

17.   On September 5, 2013, Rina Mathevosian and I met to discuss the outstanding discovery issues. It is my position that counsel for Defendants was not adequately prepared to address the

substantive issues regarding the discovery responses of Defendants.  In fact, with the exception of with the exception of Rule 26 disclosure information related to medical and psychiatric staff for the 2011 allegations, supplemental discovery responses would only be provided on behalf of Defendant Los Angeles County by September 9, 2013 as to the Request for Production of Documents numbers 9 and 14, 15 and 16.  Ms. Mathevosian adamantly stated that Defendant County of Los Angeles stands by its objections without presenting any factual or legal basis for the refusal to provide any substantive responses to any of the special interrogatories propounded.

18. I explained to Ms. Mathevosian that Defendant Baca's responses to Request for Production of Document Numbers 1, 2, 3, 5, 13, 14, 15, 16, 17, 18 and 19 remain at issue.  Also at issue are the activity log for Plaintiff's 2013 incarceration and the travel logs for Plaintiff's 2010 and 2013 incarcerations.  When I requested statutory authority or case law to support the objections and claims of privilege asserted by Defendants none were provided.  [See Exhibit Ten attached hereto].

19. I also reiterated to Ms. Mathevosian that although I do not intend to seek damages for the 2010 incarceration, I do intend to introduce evidence from 2010 to establish a long standing practice and pattern of failure to investigate inmate complaints regarding excessive force and a failure to implement appropriate policies and procedures and properly oversee the actions of the Los Angeles Sheriff's Department.  Ms. Mathevosian insisted that Defendants would not produce any evidence concerning 2010 incidents.

20. Ms. Mathevosian also insisted that Defendants would not produce any evidence concerning Plaintiff's 2013 incarceration because those incidents were not specifically alleged in the Complaint.  I explained to Ms. Mathevosian that the scope of discovery is broad and I intend to seek leave to amend the First Amended Complaint to include those allegations.

21. After the discovery conference, I forwarded a letter to Ms. Mathevosia explaining the applicability of the provisions of Rule 26.  Specifically, I stated Rule 26(b)(1) provides that

unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  I explained that it is my position that Rule 26(b)(1) affords me the right to obtain discovery regarding the 2010 and 2013 incidents irrespective of the statute of limitations and/or the fact that the operative pleading has not yet been amended.  [See Exhibit Ten attached hereto].

22.  On September 6, 2013, Defendant County of Los Angeles served Supplemental Responses to Plaintiff's Request for Production of Documents, Set One.  Included in those supplemental responses is a privilege log.  According to the privilege log, counsel for Defendants have in their possession documents that are responsive to Interrogatory Numbers 1, 2 and 4 and Request for Production of Documents Numbers 2, 3 and 4.  [See Exhibit Elevem attached hereto].  However, the privilege log does not sufficiently describe the documents for which the attorney client privilege and work product protection are claimed.  Neither am I able to determine whether these documents qualify as privileged documents or work product protection as those terms are defined by Federal and California law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  September 24, 2013

LECIA L. SHORTER

# EXHIBIT "ONE"

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA   90211
(310) 869-5835
leciashorter@yahoo.com

May 20, 2013

Henry Patrick Nelson, Esq.
Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA   90010-2014

Re:  Shorter v. Baca,, et al.

Mr. Nelson and Ms. Mathevosian:

Please consider the following an effort to meet and confer with you concerning the responses of your client Leroy Baca to the Special Interrogatories, Set One and Request for Production of Documents, Set One propounded on or about April 8, 2013.

The responses provided appear do not comport with the California Civil Discovery Act or the Federal Rules of Civil Procedure.   Instead, Mr. Baca's responses appear to be made in bad faith and as a deliberate effort to evade his legal obligation to respond to authorized methods of discovery.   Additionally Rule 26 of the Federal Rules of Civil Procedure requires mandatory initial disclosures which could have been provided in the responses to my initial round of discovery, yet no disclosures were provided.

Your firm and/or Mr. Baca have created a tone of an intention to thwart my discovery efforts and impeded my ability to gather evidence to assist me in the evaluation and prosecution of my claims.   In the event you continue to misuse the discovery process, please be advised that the court will be informed of your abusive discovery techniques via an amended status report and appropriate discovery motions.

## Preliminary Issues

Rule 33(a) of the Federal Rules of Civil Procedure provides that an interrogatory may relate to any matter that may be inquired into under Rule 26(b).

Code of Civil Procedure Section 2030.220(a) provides that each answer in a response to interrogatories shall be as complete and straightforward as the information reasonably available to the responding party permits.   You have not satisfied the requirements of the

statute.

Code of Civil Procedure Section 2030.010(b) provides that an interrogatory may relate to whether another party is making a certain contention, or to the facts, witnesses, and writings on which a contention is based.

And, contrary to what you and your client may believe, Evidence Code Section 911(b) no person has a privilege to refuse to disclose any matter or to refuse to produce any writing, object, or other thing.

**Special Interrogatory Responses**

**Interrogatory Number One**

This interrogatory seeks information concerning Mr. Baca's affiliation with the Los Angeles Sheriff's Department.   Your objection that the information sought is irrelevant is entirely misplaced in light of the fact that Mr. Baca is a named defendant in this action and is charged with allegations relating to his official capacity as the executive officer of the Los Angeles Sheriff's Department.   I am therefore entitled to basic information regarding his association. Furthermore, as a public elected official, information concerning Mr. Baca in his official capacity is neither privileged nor confidential.

**Interrogatory Number Two**

This interrogatory seeks basic contact information regarding Deputy Avalos.   The First Amended Complaint makes specific allegations of misconduct regarding Deputy Avalos. I am not in possession of the complete name or contact information for Deputy Avalos. This is information solely in the possession of your clients.   The complete name and contact information is necessary in order to have Deputy Avalos served the summons and complete and for her participation in further proceedings.   Again, Deputy Avalos is a public employee.   Her information is neither privileged nor confidential.

**Interrogatory Number Three**

Because the First Amended Complaint makes specific allegations regarding Deputy Avalos, her background information is relevant and discoverable.   The interrogatory is neither vague nor ambiguous in that it is seeking information regarding her positions with the Sheriff's Department and the job responsibilities since her date of hire.

**Interrogatory Numbers Four and Five**

The same arguments concerning Deputy Avalos apply to Deputy Ortiz.

**Interrogatory Numbers Six and Seven**

The named defendants in the operative pleadings are Leroy Baca and Deputies Avalos and Ortiz. The interrogatories seek information regarding complaints made against the named defendants, particularly, deputies Avalos and Ortiz.   The information sought is public information notwithstanding the fact that complaints regarding Deputies Avalos and Ortiz may be part of their personnel records. Your clients do not have standing to assert a privacy privilege regarding matters that are public record.    Furthermore, the Federal Rules of Civil Procedure do not preclude subparts.

**Interrogatory Number Eight (incorrectly numbered 7)**

Mr. Baca is the individual charged with the responsibility of overseeing the operations of Los Angeles County jails.   As such, he is responsibility for the housing and care of inmates within jail facilities that he oversees.   During incarceration, inmates are housed inside of cells within various modules within the jail facilities.   There is nothing vague or ambiguous about the inquiry into where I was housed during my incarceration at Century Regional Detention Facility from November 13, 2011 to December 17, 2011.   The response provided is irrefutably in bad faith.

**Interrogatory Number Nine (incorrectly numbered 8)**

Inmates are generally housed based upon guidelines and classifications that may or may not relate to physical and/or mental conditions.   The First Amended Complaint alleges that I was inappropriately housed and classified.   This interrogatory therefore seeks information pertaining to a claim in the subject lawsuit and is therefore directly relevant to the issues of this case.   Simultaneous to the interrogatory responses provided, Mr. Baca produced an inmate information sheet which specifically references "housing" locations. Perhaps this document will assist you in providing a proper response.   Furthermore, the interrogatory is neither overly broad, compound, ambiguous, nor vague.   In the event you are uncertain about the information sought notwithstanding your education and expertise, please advise and further clarification will be provided.

**Interrogatory Number Ten (incorrectly numbered 9)**

There is nothing privileged or confidential about the identities of individuals involved in the decision to permanently house an inmate during the relevant period of incarceration. Again, the First Amended Complaint contains specific allegations regarding improper housing and classification by Los Angeles Sheriff Department personnel who are public employees.   This interrogatory is therefore relevant and the information sought discoverable.

**Interrogatory Number Eleven (incorrectly numbered 10)**

Please refer to the comments regarding Interrogatory Number Nine.

**Interrogatory Number Twelve (incorrectly numbered 11)**

As previously indicated, the First Amended Complaint makes specific references regarding improper housing and classification by Los Angles Sheriff Department personnel.   The word "responsibility" is neither vague nor ambiguous and is certainly a term that is easily identifiable by individuals with your legal expertise.   Also, the request pertains to the time period of one of the relevant incarcerations.   Thus, your objection that the request is overly broad because it relates to one month period is improper and without merit.   Also, Los Angeles Sheriff Department employees are public servants.   The information sought regarding the identity of individuals responsible for the misconduct alleged in the First Amended Complaint is therefore neither privileged nor irrelevant.

**Interrogatory Number Thirteen (incorrectly numbered 12)**

Your objections are tasteless and in bad faith.   The term "questioned" is neither vague nor ambiguous and is certainly within the realm of comprehension of individuals with your legal expertise.   The subject matter, like the previous interrogatories, relates to housing and classification issues during a specified period of incarceration and concerns allegations specifically stated in the First Amended Complaint.   Furthermore, as previously indicated, there is no prohibition against subparts in the Federal Rules of Civil Procedure.

**Interrogatory Number Fourteen (incorrectly numbered 13)**

The objections presented are also tasteless and in bad faith.   The interrogatory is neither vague, ambiguous, nor overly broad, particularly as to my arrest and detention in November and December of 2011.   The interrogatory seeks the identification of documents and records.   This is information to which I am entitled.   The objection based upon relevance is meritless in that the misconduct of employees under the direct supervision of Defendant Lee Baca during my arrest and detention are the basis of the allegations of the First Amended Complaint.   The Federal Rules of Civil Procedure do not preclude subparts.

**Interrogatory Number Fifteen (incorrectly numbered 14)**

See comments pertaining to Interrogatory Number Fourteen.

**Interrogatory Number Sixteen (incorrectly numbered 15)**

The objection presented is evasive in that it alleges the interrogatory is overly broad because it does not define a time.   However, the interrogatory requests Los Angeles County guidelines. It does not mention past guidelines. The request therefore seeks current Los Angeles County guidelines.   There is no need to define a time. The First Amended Complaint contains allegations regarding misconduct related to "search outs."   The First

Amended Complaint also specifically references to the times period during which the misconduct is alleged to have occurred.   The interrogatory is therefore relevant and I am entitled to a proper response.

**Interrogatory Number Seventeen (incorrectly numbered 16)**

See comments pertaining to Interrogatory Number Sixteen.

**Interrogatory Number Eighteen (incorrectly numbered 17)**

See comments pertaining to Interrogatory Number Sixteen.

**Interrogatory Number Nineteen (incorrectly numbered 18)**

See comments pertaining to Interrogatory Number Sixteen.

**Interrogatory Number Twenty (incorrectly numbered 19)**

See comments pertaining to Interrogatory Number Sixteen.

**Interrogatory Number Twenty One (incorrectly numbered 20)**

See comments pertaining to Interrogatory Number Sixteen.   Also, the Federal Rules of Civil Procedure do not preclude subparts.

**Interrogatory Number Twenty Two (incorrectly numbered 21)**

See comments pertaining to Interrogatory Number Sixteen.   Also, the Federal Rules of Civil Procedure do not preclude subparts.

**Interrogatory Number Twenty Three (incorrectly numbered 22)**

See comments pertaining to Interrogatory Number Sixteen.

**Interrogatory Number Twenty Five (incorrectly number 23)**

The interrogatory does not need to define a time.   The First Amended Complaint is the operative pleading in this instance.   Thus, at a minimum the interrogatory pertains to the time periods indicated in the First Amended Complaint.   Curiously, no time period was proffered for Interrogatory Number Twenty Three and Mr. Baca was able to provide a response.   He should utilize the same logic in providing reply to this interrogatory.

**Interrogatory Numbers Twenty Six thru Eighty Four**

Please review these interrogatories and determine whether any information sought therein
is subject to the mandatory disclosure requirements of Rule 26 of the Federal Rules of Civil
Procedure. If so, it would save time and resources of the court if you would voluntary
provide responses.   Otherwise, I will seek court approval to propound the remaining
interrogatories and others I deem necessary.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### Request No. One

The objections presented are unequivocally a form of tactical gamesmanship.   The
misconduct alleged in the First Amended Complaint includes allegations from 2010.
Additionally, there was a recent arrest in January of 2013 wherein I was tortured and
sexually harassed by Los Angeles County Sheriffs.   In the event there is surveillance
video and/or digital memorialization of any sheriff deputy and me since January 1, 2010 to
the present that evidence is not only relevant but critical to the claims that are the subject of
the operative pleading.

### Request No. Two

Mr. Baca has produced only one item in response to this interrogatory.   Since the
responses are not verified, I need you to confirm that this is the only document that
mentions or refers to the decision to permanently house me during my incarceration from
November 13, 2011 to December 17, 2011.   In so doing, you are attesting that there are no
medical records, memorandum or other indicia concerning my housing during the relevant
time period.

### Request Number Three

See comment to Special Interrogatory Number Thirteen.

### Request Number Four

The term "guidelines" by implication refers to current guidelines particularly since there
was no request for past guidelines.   The fact that no time period was provided does not
relieve Mr. Baca of his responsibility to provide guidelines for inmate rights which
incarcerated at Century Regional Detention Facility.

### Request Number Five

Los Angeles Sheriff Department employees are public servants.   The information sought
pertains to Plaintiff.   There is therefore no document requested that is privileged or

confidential.   Furthermore, the complaints pertain to allegations in the First Amended
Complaint and are therefore relevant.

**Request Number Six**

This request seeks medical records during any period of incarceration from January 1,
2010 to the present.   These records are within the possession, custody and control of the
Los Angeles Sheriff Department.   I do not have access to these records.   Furthermore,
negligent medical care is one of the claims in the First Amended Complaint.   The
documents sought are therefore relevant and discoverable.

**Request Number Seven**

The request seeks documents related to travel from January 1, 2010 to the present.   You
have only produced documents related to November and December of 2011.   Please
produce the additional documents requested.

**Request Number Eight**

Inhumane care, including but not limited a lack of personal hygiene and shower refusals
are directly alleged in the First Amended Complaint.   Documents related to showers, if
any exist, are therefore relevant and discoverable.

**Request Number Nine**

See comments to Request Number Six.

**Request Number Ten**

See comments to Request Number Six.

**Request Number Eleven**

The request seeks documents regarding the operation of Los Angeles County jails,
particularly as to cleaning and maintenance.   The time period specified is January 1, 2010
to the present.   This period of time is the time period referenced in the First Amended
Complaint.   The request is therefore neither overly broad nor irrelevant.

**Request Number Twelve**

See comments to Request Number Eleven.

**Request Number Thirteen**

See comments to Request Number Four.

**Request Numbers Fourteen and Fifteen**

The complete names of Los Angeles County Sheriff's Deputies Alvarez and Ortiz are in the sole possession of the Mr. Baca and/or Los Angeles County.   The responses do not indicate that a good faith effort was made to obtain the complete names of Deputies Alvarez and Ortiz and, after reasonable and diligent inquiry, Mr. Baca was unable to obtain their full names.   Your objection is inadequate, improper and disingenuous in that regard.

Additionally, the information requested is more likely than not discoverable pursuant to mandatory disclosure provisions of Rule 33 of the Federal Rules of Civil Procedure since the documents requested relate to the misconduct of Deputies Alvarez and Ortiz.   And, I am entitled to discovery any discipline imposed upon Deputies Alvarez and Ortiz as a result of the investigation of any citizen complaint described in these requests pursuant to *City of San Jose v. Superior Court (Michael B.) (1955) 5 Cal. 4th 47.*

**Request Number Sixteen**

See comments to Request Numbers 14 and 15.   Also, in *People v. Moore 2001 26 Cal.4th 1216*, the California Supreme Court required that the custodian of records present all potentially relevant documents including but not limited to information concerning Civil Service Commission hearings and copies of all evidence submitted to the Civil Service Commission and all findings, ruling and statements made by the Commission concerning the discipline imposed on the named deputies, who in this instance are Alvarez and Ortiz. Finally, character traits of law enforcement officers may be shown by specific acts, opinion or reputation evidence.   Evidence Code Section 1103.

**Request Number Seventeen**

See comments to Request Number Sixteen.

**Request Number Eighteen**

See Comments to Request Number Sixteen.

**Request Number Nineteen**

See Comments to Request Number Sixteen.

In sum, please review the foregoing with your client and provide supplemental responses no later than June 3, 2013.   Otherwise, I will proceed with appropriate motions to compel further responses.

Henry Patrick Nelson, Esq.
May 20, 2013
Page 9

Your cooperation is anticipated.

Sincerely,


Lecia L. Shorter
LLS\

# EXHIBIT "TWO"

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA    90211
(310) 869-5835
leciashorter@yahoo.com

June 26, 2013

Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA    90010-2014

Re:  Shorter v. Baca,, et al.

Ms. Mathevosian:

On May 20, 2013, I requested further discovery responses from you, no later than June 3, 2013, on behalf of your client, Leroy Baca, to the Special Interrogatories, Set One and Request for Production of Documents, Set One propounded on or about April 8, 2013.

On June 5, 2013, you wrote and represented that you would provide supplemental responses "within two weeks of the date of this letter." To date, I have not received the supplemental responses you indicated you would provide.

Please be advised that although I may have errantly referenced the California Code of Civil Procedure in my May 20 correspondence, the same discovery principles apply in federal matters.  Mr. Baca and your firm are legally obligated to comply with the discovery process which includes submission of adequate and honest discovery response in addition to the mandatory disclosures required by the Federal Rules of Civil Procedure.

In my letter of May 20, 2013, I asked that your firm voluntarily provide the mandatory disclosures required by Rule 26 of the Federal Rules of Civil Procedure.   Rule 26 mandates that the parties make the following disclosures:

1) Identification of persons likely to have discoverable information relevant to the factual disputes between the parties;
2) Copies or a description of documents in the control of a party relevant to factual disputes between the parties;
3) Computation of damages claimed by the disclosing party with an identification of the underlying materials;
4) Insurance agreements which may provide coverage for any adverse judgment.

Rina Mathevosian, Esq.
June 26, 2013
Page 2

To date you have not only not provide adequate discovery responses on behalf of Mr. Baca or Los Angeles County, you have not made any Rule 26 disclosures.

Please be further advised that this will be my final attempt to meet and confer with you regarding the Rule 26 mandatory disclosures and the discovery responses of Leroy Baca. Should you refuse to provide the promised supplemental discovery responses by July 2, 2013, I will move the court for a motion to compel further responses along with a request for appropriate sanctions, including but not limited to, striking Mr. Baca's answer and entering his default.

Time is of the essence.   Your prompt response and cooperation are therefore anticipated.

Sincerely,

/s/

Lecia L. Shorter
LLS\

# EXHIBIT "THREE"

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA    90211
(310) 869-5835
leciashorter@yahoo.com

July 8, 2013

Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA     90010-2014

Re:  Shorter v. Baca,, et al.

Ms. Mathevosian:

I am in receipt of the supplemental discovery responses of Defendant Leroy Baca to the to the Special Interrogatories, Set One and Request for Production of Documents, Set One propounded on or about April 8, 2013.   Please consider the following a further and final effort to meet and confer concerning Mr. Baca's discovery responses to date.

Although you verbally represented Mr. Baca's willingness to voluntarily provide Rule 26 mandatory disclosures, to date no mandatory disclosures have been made.   We are now well into the discovery process and any further delays serve no purpose other than to thwart the discovery process and impede my ability to gather evidence in the prosecution of my claims against your clients.   I therefore insist that Mr. Baca's Rule 26 mandatory disclosures be provided no later than July 22, 2013.

## SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

Although supplemental responses were provided to request numbers 4, 6, 7, 8, 9 and 10, your firm has neither met nor conferred or provided supplemental responses regarding request numbers 1, 2, 3, 5, 11, 12, 13, 14, 15, 16, 17, 18 or 19.   The failure to meet and confer or provide supplemental responses to a significant portion of the discovery propounded is irrefutably an act of bad faith which will most likely put your client in an unfavorable light with the court.

Additionally, there is no verification regarding the authenticity of the documents produced in response to the document production demand or the interrogatories.   Some of the documents have been altered and redacted, there is therefore an issue regarding

authenticity and chain of custody.   Please have Mr. Baca verify the authenticity and

accuracy of the information contained in the documents provided.

**Request Number Four**

Mr. Baca has produced a document entitled "A Guide Through Custody" in response to
this request, however, I am of the opinion that there are additional documents that should
have been produced not just in response to this request but as part and parcel of Mr. Baca's
Rule 26 mandatory disclosures.   For instance, I am certain there a documents, manuals
and guidelines that apprise Los Angeles County employees, including but not limited to
members of the Sheriff's Department, of inmate rights while incarcerated at Century

Regional Detention Facility.   In fact, you have produced documents from the internet
which appear to be from a custody manual for members of the Los Angeles County
Sheriff's Department.   This entire document should have produced in response to this
request and it was not.   Please produce the Custody Manual and any other responsive
documents particularly as related to inmate rights concerning medical care and related
issues.

**Request Numbers Six, Nine and Ten**

The supplemental response is inadequate.   The fact that medical records are available for
copying at a cost does not relieve Mr. Baca of his obligation to produce those documents.
Mr. Baca did not state a cost for the documents that were produced.   He therefore cannot
unilaterally select an item of discovery and state that they are available at a cost without
indicating what is the cost or to whom the fee should be paid.

**SUPPLEMENTAL SPECIAL INTERROGATORY RESPONSES**

Your firm has neither met nor conferred or provided supplemental response to Special
Interrogatory Numbers 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, 14, 15, 17, 18, 19, 20, 22, 23 or 25.
This reference is to the numbers as originally stated irrespective of the fact that some of the
interrogatories were incorrectly numbered.

**Interrogatory Number Eleven (incorrectly numbered 10)**

Exhibits 1 and 2 are not responsive to this request.   The interrogatory specifically requests
the identification of documents that mention or refer to the decision to permanently house
Plaintiff in the module in which she was permanently housed during her incarceration from
November 13, 2011 to December 17, 2011.   The operative terms are "documents that
mention or refer to the decision."   It is my understanding an inmate's housing is based
upon a classification albeit medical or otherwise.   Simply producing documents that
indicate where Plaintiff was housed does not provide information regarding the decision to

permanently house her any particular module.

Because of Mr. Baca's failure to produce my medical records, I informally request an in person inspection of my medical records as they are kept in the normal course of business. This request does not obviate Mr. Baca's obligation to produce the medical records.  I also request an in person inspection of Exhibit 6 of Mr. Baca's response to my document production demand because those documents have been redacted and contain handwriting that may or may not have been on the original documents.   Again, this request is informal. Should you refuse to comply, I will serve a formal demand for inspection of business records.

In conclusion, as previously mentioned your firm and Mr. Baca have failed to meet and confer and provide supplemental responses concerning a substantial portion of the discovery responses. It is therefore my opinion that your firm is not regarding this litigation as a serious matter and that you are intentionally impeding my ability to gather evidence in the prosecution of my claims.   In the event you fail to provide further and adequate responses to the discovery indicated herein by July 22, 2013, I will unhesitatingly move the court to compel further responses and Rule 26 mandatory disclosures.

Your cooperation is anticipated.

Sincerely,


Lecia L. Shorter
LLS\

# EXHIBIT "FOUR"

Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
Rina M. Mathevosian, CSB, #251423
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA 90010-2014
Tel(213)365-2703 / Fax(213)365-9130
**nelson-fulton@nelson-fulton.com**

Attorneys for Defendants,
County of Los Angeles and Sheriff Leroy Baca


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| LECIA L. SHORTER, | ) | CASE NO. CV 12-7337 JVS (AGR) |
| Plaintiff, | ) | **DEFENDANTS' RULE 26 DISCLOSURES** |
| v. | ) | |
| LEROY BACA, et al, | ) | |
| Defendants. | ) | |

Defendants, COUNTY OF LOS ANGELES and SHERIFF LEROY BACA, hereby submit the following disclosure pursuant to Federal Rule 26:

**I.    Individuals likely to have discoverable information, who are known at this time:**

1.    Psychiatric Social Worker, Kimberly Ronan, #541684;

2.    Physician Jesus Licuanan, #444267;

3.    Deputy Veronica Cuevas, #516825;

4.    Registered Nurse Emma Mariano-Manalo, #409967;

- 1 -

5.   Deputy Alejandra Avalos, #536418;

6.   Nurse Practitioner Cecilia Mendoza-Rivera, #511806.

II.  **Documents and other Tangible Things currently in the parties'
     possession, custody or control:**

1.   Plaintiff's medical records;

2.   Plaintiff's Shower Logs;

3.   Plaintiff's Inmate Information;

4.   Plaintiff's Inmate Movement History; and

5.   Century Regional Detention Facility Logs.

III. **Computation of Damages:**

Defendants have no counterclaims at this point.

IV.  **Insurance Agreements:**

None.


DATED: July 19, 2013          NELSON & FULTON


                              By: _____
                                 HENRY PATRICK NELSON
                                 RINA M. MATHEVOSIAN
                                 Attorneys for Defendants,
                                 Sheriff Baca et al.

1   **PROOF OF SERVICE BY MAIL**

2

3   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4       I am employed in the County of Los Angeles, State of
    California.  I am over the age of 18 and not a party to the within
5   action; my business address is: 3435 Wilshire Boulevard, Suite
    2800, Los Angeles, California 90010.
6
        On July 19, 2013, I served the within document described as:
7

8   | DEFENDANTS' INITIAL DISCLOSURES |
    | --- |

9   on the interested parties in this action by placing ☐ the
    original ☒ a true copy thereof enclosed in sealed envelopes
10  addressed as follows:

11

12                     **LECIA L. SHORTER**
              **287 S. Robertson Boulevard, Suite 291**
13                   **Beverly Hills, CA. 90211**
                         *Pro Se*
14

15
    **[BY MAIL]** I caused such envelope(s) with postage thereon fully
16  prepaid to be placed in the United States mail at Los Angeles,
    California.  I am readily familiar with the firm's practice of
17  collection and processing correspondence for mailing, said
    practice being that in the ordinary course of business, mail is
18  deposited in the U.S. Postal Service the same day as it is placed
    for collection.
19
    **[FEDERAL]** I declare that I am employed in the office of a member
20  of the bar of this court at whose direction the service was made.

21      Executed July 19, 2013 in Los Angeles, California.

22
                              PATRICIA M. GARCIA
23

24

25

26

27

28

# EXHIBIT "FIVE"

Henry Patrick Nelson
Mary Burrell Fulton
Amber A. Logan
Rina M. Mathevosian
Elise H. Hur

*Nelson & Fulton*

A T T O R N E Y S

EQUITABLE PLAZA, SUITE 2800
3435 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90010
(213) 365-2703
FAX (213) 365-9130

July 19, 2013

Lecia L. Shorter
287 S. Robertson Boulevard, Suite 291
Beverly Hills, CA. 90211

    Re:  <u>Lecia Shorter v. Sheriff Baca, et al.</u>
         USDC Case No. CV 12-7337 JVS (AGR)

Dear Ms. Shorter:

    This letter is in response to your request for Supplemental
discovery responses from Defendant Sheriff Baca.

    On June 26, 2013, I served Sheriff Baca's Supplemental
discovery responses to both the Request for Production of
Documents and Interrogatories.

**Interrogatory Responses**:

    Your assertion that there was no verification attached to
the Interrogatory responses is incorrect. There is a verification
attached. Moreover, your assertion that Defendant has failed to
provide supplemental responses to Interrogatory Nos. 18, 19, 20,
22, and 23 is incorrect. Supplemental responses to these
Interrogatories were served on June 26, 2013.

    In regards to Interrogatory Nos. 1, 3, 5, Defendant's
position is that the objections are valid and meritorious and
supplemental responses will not be made. The date when Sheriff
Baca joined the Department or Deputies Avalos or Ortiz joined the
Department is of no relevance to any of your claims.

    In regards to Interrogatory Nos 6 and 7, Sheriff Baca will
not be making any supplemental responses. Defendant's position is
that the objections are valid. Your Interrogatories are improper,
are requesting privileged and irrelevant information.

    In regards to Interrogatory No. 11, supplemental responses
have already been provided. Without waiving any objections, if an
when additional information is discovered, further supplemental
responses will be provided.

Shorter v. Baca, et al.
July 19, 2013
Lecia L. Shorter
Page Two


     In regards to Interrogatory Nos. 12-15, supplemental
responses will not be provided. Sheriff Baca's objections are
valid and meritorious. Your request are improper, overbroad, and
requesting irrelevant information.

     Interrogatory No. 17, is inapplicable and a further
supplemental response will be provided stating so.

     In regards to Interrogatory No. 25, the questions is vague
and ambiguous.

     Further Supplemental responses will be provided to
Interrogatory Nos. 2, 4, and 17.

**Request for Production of Document Responses:**

     The Federal Rules of Civil Procedure do not require a
verification to be produced with responses to Request for
Production of Documents. Moreover, you have not provided any
authority for the fact that a verification is required.

     Redactions were made to responses to redact information that
pertained to other inmates, was inapplicable to this case, or was
confidential. Mainly, you are not entitled to information that
pertains to other inmates. This information would have no
relevance to your case.

     In regards to Request Nos. 1, 5, 13, your request is overly
broad and is thus seeking irrelevant information. Sheriff Baca
will be standing by all objections.

     In regards to Request No. 2, a response has been provided.
No additional information exists at this time.

     In regards to Request Nos. 14-19 Sheriff Baca will be
standing by his objections.

     In regards to Request Nos. 6, 9, and 10, you have equal
access to your own medical records.  If you chose to have
Defendant Sheriff Baca copy the records for you, the total cost
is $36.80. There is a total of 184 pages that can be copied at a
cost of 20 cents a page. A check can be made payable to Nelson &
Fulton.

Shorter v. Baca, et al.
July 19, 2013
Lecia L. Shorter
Page Three


        In regards to Request Nos. 11 and 12 supplemental responses
will be provided.

**Rule 26 Disclosures**:

        As I stated to your in our earlier phone conversations, it
was my understanding that this case is exempt from Rule 26
Disclosures. Moreover, you have failed to provide any Rule 26
disclosures. If Rule 26 disclosures are applicable to this case,
then both parties would be required to comply.

        In the abundance of caution, I will be providing disclosures
under Rule 26. Notably, the information that will be produced
through the Rule 26 disclosures has either already been produced
to you in the past or will be produced in the further
supplemental disclosures discussed above.

                        Thank you,

                        NELSON & FULTON

                        R. Mathevosian

                        Rina M. Mathevosian


RMM:pg
enclosures

a:\shorter\7-19-13 ltr to plaintiff

# EXHIBIT "SIX"

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA   90211
(310) 869-5835
leciashorter@yahoo.com

July 23, 2013

Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA    90010-2014

Re:  Shorter v. Baca, et al.

Ms. Mathevosian:

On or about June 26, 2013, Defendant Leroy Baca supplemented his discovery responses
to my Demand for Production of Documents, Set One.   Exhibit Two of those responses
appears to be an inmate information form regarding my October 17, 2010 arrest and
subsequent incarceration at Century Regional Detention Facility.   The inmate information
form includes a "special handling" section with IRC Comments that state "M/O STATUS
PER MENTAL HEALTH STAFF 23/24 102110."

Also included in Mr. Baca's supplemental discovery responses as part of Exhibit Three is
an inmate information form regarding my November 13, 2011 arrest and subsequent
incarceration at Century Regional Detention Facility.   The inmate information form
includes a "special handling" section with IRC Comments that state "M/O STATUS REQ.
BY MED/PSYCH STAFF ON 11-16-11. 23/2400."

Pursuant to the mandatory disclosure provisions of Rule 26 of the Federal Rules of Civil
Procedure, a request is hereby made that you provide the names, titles and contact
information of all persons who have knowledge of and are responsible for this
classification including but not limited to the "mental health staff" to which these
comments refer.   I also request that you produce any and all medical records submitted by
the medical or mental health staff which support the comments made in the subject
documents.   This will also partially satisfy Mr. Baca's discovery obligations regarding
Request No. Ten of the document production demand.

Your prompt cooperation is anticipated.

Sincerely,


Lecia L. Shorter
LLS\

**EXHIBIT "SEVEN"**

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA    90211
(310) 869-5835
leciashorter@yahoo.com

August 1, 2013

Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA     90010-2014

Re:   Shorter v. Baca,, et al.

Ms. Mathevosian:

I am in receipt of the discovery responses of Defendant Los Angeles County to the Special
Interrogatories, Set One and Request for Production of Documents, Set One.   Please
consider the following an effort to meet and confer concerning Defendant Los Angeles
County's discovery responses to date.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

### Request Number One

This request seeks audio recordings and/or radio transmissions related to Plaintiff's arrest
on January 9, 2013 by Los Angeles County Sheriff Deputy Shane Parks, Badge Number
455174.   Defendant has objected to this request on the grounds of relevancy contending
that the allegations in the First Amended Complaint to encompass the 2013 arrest.

Rule 26 (b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
discovery regarding any matter, not privileged, that is relevant to the claim or defense of
any party, including the existence, description, nature, custody, condition, and location of
any books, documents, or other tangible things and the identity and location of persons
having knowledge of any discoverable matter. . .Relevant information need not be
admissible at the trial if the discovery appears reasonably calculated to lead to the
discovery of admissible evidence."

As you are aware, the initial complaint in this matter was filed on September 4, 2012.   The
First Amended Complaint was also filed before January of 2013.   It was therefore
impossible to include allegations that subsequently occurred.   Nevertheless, a tort claim
was timely filed with Los Angeles County concerning the 2013 arrest and thereafter

denied. I am therefore entitled to pursue and recover damages for that incident at trial in the

subject proceedings.   Particularly in light of the fact that the First Amended Complaint
contains claims for civil rights violations including but not limited to excessive force and
cruel and unusual punishment.   Furthermore, the incident in January of 2013 establishes
an ongoing pattern of failure by the Los Angeles County Board of Supervisors to
implement appropriate policies and procedures and to engage in proper oversight of the
Los Angeles Sheriff's Department.

**Request Nos. Two thru Six**

This request seeks non-privileged documents generated by Los Angeles County, not its
attorneys, concerning its investigation of the claim for damages filed by Plaintiff on or
about May 4, 2010 regarding Los Angeles County Sheriff Deputies Ian Beckford and R.
Williams; the claim for damages filed by Plaintiff on or about January 21, 2011 concerning
a series of incidents that occurred from October 19, 2010 through November 24, 2010; and,
a claim for damages filed by Plaintiff on or about January 18 concerning her incarceration
from November 15, 2011 through December 17, 2011.

The requests clearly seek documents related to investigations conducted by Los Angeles
County and independent third parties, not attorneys.   The objection that the requests are
vague, ambiguous and overbroad are therefore baseless and without justification.

As previously explained, I have conceded that I am not entitled to recover damages for the
incident of May 4, 2010.   However, I am not precluded from introducing evidence at trial
concerning a long standing practice of the Los Angeles County Board of Supervisors to not
implement appropriate policies and procedures and properly oversee the actions of the Los
Angeles Sheriff's Department. Any investigations conducted by Los Angeles County, not
its attorneys, are therefore discoverable.

It is my understanding that the attorney client privilege extends to communications
between an attorney and his/her client.   Independent investigations not conducted by an
attorney or a staff member at an attorney's directions are not within the privilege   If there
are documents that are protected by the attorney client privilege, I ask that those documents
be identified in a privilege log.

**Request No. Eight**

This request seeks documents related to personnel training for individuals employed inside
of Los Angeles County jails.   This information is sought in order to determine whether the
actions of the Los Angeles County employees as alleged by Plaintiff were consistent with
the training procedures and guidelines and is therefore relevant to the claims alleged by
Plaintiff in the First Amended Complaint particularly concerning negligent hiring and
supervision and failure to implement appropriate policies and procedures.

Your assertion that the request seeks privileged and confidential information is an

improper objection in that you have not asserted a specific privilege and you have not
indicated how information related to personnel training procedures and guidelines is
confidential.

### Request No. Nine

This request seeks documents related to Los Angeles County guidelines for investigation
of inmate complaints regarding injuries caused by sheriff deputies.   There is nothing
vague and ambiguous about what is being sought.   This information should establish Los
Angeles County's failure to oversee the actions of the Los Angeles Sheriff's Departments
particularly concerning inmate complaints of injuries.   This evidence is relevant to the
claims alleged by Plaintiff in the First Amended Complaint particularly concerning
negligent hiring and supervision and failure to implement appropriate policies and
procedures, negligent hiring and supervision and failure to oversee the Los Angeles
Sheriff's Department.   As you are aware, a Commission on Jail Violence was formed to
review the failures of the Los Angeles County Board of Supervisors and the Los Angeles
Sheriff's Department regarding the administration and management of jails.   This
information is therefore discoverable and your objections are without merit.

### Request No. Ten

This request seeks documents that relate to the administration and management of Los
Angeles County jails for the past five years. This evidence is relevant to the claims alleged
by Plaintiff in the First Amended Complaint particularly concerning negligent hiring and
supervision and failure to implement appropriate policies and procedures, negligent hiring
and supervision and failure to oversee the Los Angeles Sheriff's Department. As you are
aware, a Commission on Jail Violence was formed to review the failures of the Los
Angeles County Board of Supervisors and the Los Angeles Sheriff's Department regarding
the administration and management of jails.   This information is therefore discoverable
and your objections are without merit.

### Request No. Eleven

This request seeks documents relating to guidelines and procedures for the administration
of medical to jail inmates. There is nothing vague or ambiguous about the request.
Plaintiff is asserting negligent failure to provide medical and dental care in the First
Amended Complaint.   Information concerning appropriate guidelines and procedures for
medical to jail inmates is therefore relevant and discoverable.

### Request No. Twelve

This request seeks documents constituting evaluations by Los Angeles County of the
performance of the Los Angeles Sheriff's Department for the past five years.   Both Los
Angeles County and the Los Angeles Sheriff's Department are public agencies subject to
laws concerning the dissemination of information to the public.   According to

Government Code Section 54950, the California the Legislature declared that "the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created." There is therefore nothing privileged or confidential about evaluations of the performance of the Los Angeles Sheriff's Department. These documents are both relevant and discoverable in light of Plaintiff's claims of failure to implement appropriate policies and procedures and failure to oversee the Los Angeles Sheriff's Department.

**Request No. Thirteen**

This request seeks documents that reference inmate rights while a patient at a private medical facility. You have objected on the meritless grounds that I have not defined the term "private medical facility." Nevertheless, for purposes of clarification, a "private medical facility" is a non-Los Angeles County owned and operated medical facility. Since there are occasions when an inmate's medical condition requires hospitalization a private medical facility, there should exist documents that reference patient rights while at such a facility.

As you should know, Plaintiff was hospitalized at St. Francis Medical Center while in the custody of the Los Angeles Sheriff's Department. Again, although I am not seeking damages for the malfeasance that transpired during that time, I am entitled to documents that reference patient rights under those circumstances. And, if none exist, I am entitled to that information which will again establish the failure of Los Angeles County to implement appropriate policies and procedures.

**Request No. Fourteen**

This request seeks documents relating to guidelines for the investigation of inmate complaints regarding inappropriate housing while inside of Los Angeles County jails. Plaintiff is alleging that she was inappropriately classified as a mental health inmate and then housed in a module for inmates with mental health issues. These documents are therefore relevant. Furthermore, documents relating to "guidelines" are not privileged communications between an attorney and his/or her client and are therefore not protected by the attorney client privilege.

**Request Nos. Fifteen and Sixteen**

This request seeks documents constituting guidelines for Los Angeles County's investigation of inmate complaints regarding jail conditions. There is nothing vague or overbroad about the request because a reasonable time frame has been provided.

Furthermore, your assertion that the request seeks privileged and confidential information
is an improper objection in that you have not asserted a specific privilege and you have not
indicated how information related to personnel training procedures and guidelines is
confidential.

As previously mentioned, Los Angeles County and the Los Angeles Sheriff's Department
are public agencies subject to laws concerning the dissemination of information to the
public.    According to Government Code Section 54950, the California the Legislature
declared that "the public commissions, boards and councils and the other public agencies
in this State exist to aid in the conduct of the people's business. It is the intent of the law that
their actions be taken openly and that their deliberations be conducted openly. The people
of this State do not yield their sovereignty to the agencies which serve them. The people, in
delegating authority, do not give their public servants the right to decide what is good for
the people to know and what is not good for them to know. The people insist on remaining
informed so that they may retain control over the instruments they have created."   There is
therefore nothing privileged or confidential about evaluations of the performance of the
Los Angeles Sheriff's Department.   These documents are both relevant and discoverable
in light of Plaintiff's claims of failure to implement appropriate policies and procedures
and failure to oversee the Los Angeles Sheriff's Department.

## SPECIAL INTERROGATORY RESPONSES

### Interrogatory Numbers One thru Seven

Defendant Los Angeles County has provided identical boiler plate objections to these
interrogatories. The following is therefore applicable to each response provided.

As repeatedly indicated, Los Angeles County and the Los Angeles Sheriff's Department
are public agencies subject to laws concerning the dissemination of information to the
public.    According to Government Code Section 54950, the California the Legislature
declared that "the public commissions, boards and councils and the other public agencies
in this State exist to aid in the conduct of the people's business. It is the intent of the law that
their actions be taken openly and that their deliberations be conducted openly. The people
of this State do not yield their sovereignty to the agencies which serve them. The people, in
delegating authority, do not give their public servants the right to decide what is good for
the people to know and what is not good for them to know. The people insist on remaining
informed so that they may retain control over the instruments they have created."   There is
therefore nothing privileged or confidential about the information sought.   These
interrogatories seek information that is both relevant and discoverable in light of Plaintiff's
claims of failure to implement appropriate policies and procedures and failure to oversee
the Los Angeles Sheriff's Department.

Also repeated is the fact that the attorney client privilege extends to confidential

Rina M. Mathevosian, Esq.
August 1, 2013
Page 6

communications between an attorney and his/or client.   These interrogatories do not seek
confidential communications.

In the event you have case law that establishes an entitlement to the various outrageous
privileges claimed in the responses such as a federal privilege of critical self-analysis and
federal law enforcement privilege (L.A. County is not a law enforcement agency) please
provide the same.

**Interrogatory Nos. Eight thru Sixteen**

This interrogatory is what is commonly referred to as a "contention interrogatory."  Rule
26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery
regarding any matter, not privileged, that is relevant to the claim or defense of any party,
including the existence, description, nature, custody, condition, and location of any books,
documents, or other tangible things and the identity and location of persons having
knowledge of any discoverable matter."  Defendant Los Angeles County has filed a denial
to the First Amended Complaint denying liability or responsibility for the claims alleged
therein.   According to Rule 26(b), I am entitled to facts pertaining to any claim or defense
of any party.   Facts which support a party's claim or contention are clearly not within the
purview of either the attorney client privilege or the work product doctrine.

**Interrogatory Nos. Seventeen thru Twenty**

Again, Los Angeles County and the Los Angeles Sheriff's Department are public agencies
subject to laws concerning the dissemination of information to the public.    According to
Government Code Section 54950, the California the Legislature declared that "the public
commissions, boards and councils and the other public agencies in this State exist to aid in
the conduct of the people's business. It is the intent of the law that their actions be taken
openly and that their deliberations be conducted openly. The people of this State do not
yield their sovereignty to the agencies which serve them. The people, in delegating
authority, do not give their public servants the right to decide what is good for the people to
know and what is not good for them to know. The people insist on remaining informed so
that they may retain control over the instruments they have created."  There is therefore
nothing privileged or confidential about the information sought.   These interrogatories
seek information that is both relevant and discoverable in light of Plaintiff's claims of
failure to implement appropriate policies and procedures and failure to oversee the Los
Angeles Sheriff's Department.

**Interrogatory No. Twenty One**

Rule 26(b) of the Federal Rules of Civil Procedure provides that parties may obtain
discovery regarding any matter, not privileged, that is relevant to the claim or defense of
any party, including the identity and location of persons having knowledge of any
discoverable matter.   The assertion that the request seeks privileged and confidential
information is an improper objection in that you have not asserted a specific privilege and

you have not indicated how the identity of government employees assigned the
responsibility of monitoring excessive use of force is confidential.

As you know, the First Amended Complaint alleges civil rights violations pertaining to the
use of excessive force by members of the Los Angeles Sheriff Department.   The objection
on the ground of relevancy is therefore clearly without merit.

**Interrogatory Nos. Twenty Two and Twenty Three**

Again, the subject lawsuit pertains to allegations of civil rights violations caused by the
failure of Los Angeles County to implement appropriate policies and procedures and
oversee the Los Angeles Sheriff Department.   The objection on the ground of relevancy is
therefore clearly without merit.   The assertion that the request seeks privileged and
confidential information is an improper objection in that you have not asserted a specific
privilege and you have not indicated how the information regarding a governmental
agency is confidential.

**Interrogatory Nos. Twenty Four and Twenty Five**

Rule 26(b) of the Federal Rules of Civil Procedure provides that parties may obtain
discovery regarding any matter, not privileged, that is relevant to the claim or defense of
any party, including the identity and location of persons having knowledge of any
discoverable matter.   The assertion that the request seeks privileged and confidential
information is an improper objection in that you have not asserted a specific privilege and
you have not indicated how the identity of government employees assigned the
responsibility of monitoring excessive use of force is confidential.

As you know, this is a civil rights violation action pertaining to the use of excessive force
by members of the Los Angeles Sheriff Department.   The objection on the ground of
relevancy is therefore clearly without merit.

The boiler plate objections are simply unacceptable and most certainly constitute an abuse
of the discovery process and grounds for the imposition of sanctions.   Rule 501 of the
Federal Rules of Evidence provides that the common law governs claims of privilege.
California Evidence Code Section 952 provides that "confidential communication between
client and lawyer" means information transmitted between a client and his or her lawyer in
the course of that relationship and in confidence by a means which, so far as the client is
aware, discloses the information to no third persons other than those who are present to
further the interest of the client in the consultation or those to whom disclosure is
reasonably necessary for the transmission of the information or the accomplishment of the
purpose for which the lawyer is consulted, and includes a legal opinion formed and the
advice given by the lawyer in the course of that relationship.

Furthermore, Rule 26 provides that "[w]hen a party withholds information otherwise
discoverable under these rules by claiming that it is privileged or subject to protection as

trial -preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  You have not complied with this provision in that you have not provided a description of the nature of the documents, communications or other things not produced or disclosed for which your client is claiming the applicability of a privilege or protection.  As a result, I am unable to assess the applicability of the privileges and protection claimed.

As a final note, it seems appropriate to remind you that your signature is attached to the discovery responses provide and constitute a certification for which you are accountable. Specifically, Rule 26 provides that every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

    (A) consistent with these rules and warranted by existing law or a good faith
        argument for the extension, modification, or reversal of existing law;

    (B) not interposed for any improper purpose, such as to harass or to cause
    unnecessary delay or needless increase in the cost of litigation; and

    (C) not unreasonable or unduly burdensome or expensive, given the needs
    of the case, the discovery already had in the case, the amount in
    controversy, and the importance of the issues at stake in the litigation.

Additionally, when a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation.

Please review the foregoing with your client and provide supplemental responses or a rationale for your failure to do so no later than August 15, 2013.

Your cooperation is anticipated.

Sincerely,


Lecia L. Shorter
LLS\

# EXHIBIT "EIGHT"

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA   90211
(310) 869-5835
leciashorter@yahoo.com

August 6, 2013

Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA      90010-2014

Re:   Shorter v. Baca,, et al.

Ms. Mathevosian:

This letter is intended to serve as a request for a conference pursuant to Local Rule 37-1 of the United States District Court which requires that counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.

It is my opinion that the discovery responses of both Defendant Leroy Baca and Los Angeles County are inadequate, evasive, incomplete or replete with meritless objections. It is my desire to have a conference with you to address the outstanding discovery issues in an effort to avoid the necessity of filing a motion to compel further discovery responses from both parties.

Federal discovery law requires that, prior to the initiation of a motion to compel, the parties informally attempt to resolve discovery matters. *(Nevada Power Co. v. Monsanto Co. (D.Nev. 1993) 151 F.R.D. 118, 120; Tarkett, Inc. v. Congoleum Corp. (E.D. Pa. 1992) 144 F.R.D. 282, 285-286; Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n (N.D. Tex. 1988) 121 F.R.D. 284, 289* ["[t]he purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or at least narrow and focus the matters in controversy before judicial resolution is sought"]). Some federal courts have lamented that, "in many instances the [informal] conference requirements seems to have evolved into a pro for a matter." *(Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n, supra 121 F.R.D. at p. 289.)*

In *Nevada Power Co. v. Monsanto Co., supra, 151 F.R.D. 118, 120,* the court offered the following guidelines for the conduct of an informal negotiation conference:"[T]he parties must present to each other the merits of their respective positions with the same, candor, specificity, and support during informal negotiations as during the briefing of

discovery motions.   Only after all the cards have been laid on the table, and a party has

meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter."

On August 1, 2013, I wrote you concerning the discovery responses of Los Angeles County to my Special Interrogatories, Set One and Request for Production of Documents, Set One.   The issues remain outstanding and will be part and parcel of our discussion during the conference.

Additionally, it is my position that the Rule 26 Disclosures of the County of Los Angeles and Leroy Baca are deficient and you have provided no legal authority that supports you position that this case is exempt from the Rule 26 mandatory disclosure provision.   Not only are there individuals who should have been identified as persons with knowledge of discoverable matters and were not so identified.   And, there are no addresses and telephone numbers for those individuals who are indicated.   You have also failed to identify the videos and audio recordings and/or radio transmissions related to my arrest on January 9, 2013 as well as the surveillance video and/or digital memorialization of any contacts between Los Angeles County Sheriff Deputies and Plaintiff, including the booking area and holding cells at Century Regional Detention Facility, as well as any evidence that such memorialization have been destroyed or altered in any manner from January 1, 2010 to the present.

Also at issue are the responses of Leroy Baca to the Special Interrogatories, Set One and Request for Production of Documents, Set One.   In his second supplemental response, Mr. Baca provided responses only to Request Nos. 11 and 12 of the Request for Production of Documents. Request Nos. request numbers 1, 2, 3, 5, 13, 14, 15, 16, 17, 18 and 19 remain at issue.   A generic response that Mr. Baca will stand by his objections is inadequate and the information requested is privileged does not constitute a meaningful attempt to meet and confer. *See Nevada Power Co.,* referenced herein.

In his second supplemental response to the Special Interrogatories, Set One, Mr. Baca's responses to Interrogatory Nos. 2 and 4 remain inadequate.   Nos. 2 and 4 requested names, addresses and telephone numbers, not just names.

Furthermore, your correspondence of July 19, 2013 does not constitute a meaningful meet and confer pursuant to the guidelines referenced herein.   As previously mentioned, simple recitation of the object provided along with a statement of privilege is insufficient concerning Interrogatory Nos. 1, 3, 5, 6, 7, 9, 10, 12, 13, 14 and 15.

Also, your representation that Interrogatory Nos. 1, 3, and 5 have been properly objected to by Mr. Baca because the date when Sheriff Baca and Deputies Avalos and Ortiz joined the Sheriff's Department is of no relevance to any of my claims is not well taken.   As you know, the First Amended Complaint includes claims of negligent hiring and supervision as well as a failure to implement proper policies and procedures.

In order to accurately explore these issues, the time frames of association and/or employment are critical.

Concerning Interrogatory Nos. 6, 7, 9, 12-15 and 25, you have failed to meet and confer in a meaningful manner. Rule 26 provides that "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial -preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  You have not complied with this provision in that you have not provided a description of the nature of the documents, communications or other things not produced or disclosed for which your client is claiming the applicability of a privilege or protection.  As a result, I am unable to assess the applicability of the privileges and protection claimed.

In light of the foregoing, I respectfully request that we coordinate a time and date within ten (10) days of the date of this letter so that we can have a conference to discuss the outstanding discovery issues set forth herein and in my correspondence of August 1, 2013.  I am amenable to meeting at your office.  Please advise if this is acceptable and inform me of your date(s) of availability as soon as possible.

Sincerely,


Lecia L. Shorter
LLS\

**EXHIBIT "NINE"**

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA    90211
(310) 869-5835
leciashorter@yahoo.com

August 27, 2013

Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA    90010-2014

Re:   Shorter v. Baca,, et al.

Ms. Mathevosian:

I am in receipt of your correspondence of August 23, 2013 concerning my responses to discovery propounded by Defendants Baca and County of Los Angeles.   Please be advised that in light of the extensive issues presented in your 26 page letter, I am not prepared to discuss those matters during our meeting today.   Furthermore, the discovery responses at issue were provided during the first week of June and you have waited more than two months to discuss any perceived inadequacies.   it is therefore my opinion that you have not been diligent concerning my responses or those of your clients.   Therefore, I will not agree to extend my motion to compel further discovery responses from Defendants should there be a need to do so after our conference particularly since there is an impending discovery cut-off date of September 6, 2013..

Sincerely,


Lecia L. Shorter
LLS\

# EXHIBIT "TEN"

# LECIA L. SHORTER

287 S. Robertson Blvd.
Suite 291
Beverly Hills, CA   90211
(310) 869-5835
leciashorter@yahoo.com

September 6, 2013

Rina M. Mathevosian, Esq.
Nelson & Fulton
Equitable Plaza, Suite 2800
3435 Wilshire Blvd.
Los Angeles, CA      90010-2014

Re:  Shorter v. Baca,, et al.

Ms. Mathevosian:

This letter is written to confirm the matters discussed during our discovery conference of September 5, 2013.

You represented that with the exception of Rule 26 disclosure information related to medical and psychiatric staff for the 2011 allegations, supplemental discovery responses will only be provided on behalf of Defendant Los Angeles County by September 9, 2013 as to the Request for Production of Documents numbers 9 and 14, 15 and 16.

I requested that as part of their Rule 26 disclosure obligations, your clients provide copies of any and all documents that constitute investigative reports by Los Angeles County or the Los Angeles Sheriff's Department concerning claims and complaints filed by Plaintiff regarding the 2010, 2011 and 2013 incarcerations.   You stated that your clients will not do so because that information is privileged without specifying what particular privilege your clients are invoking.

You further represented that the objections made by Defendants Los Angeles County and Leroy Baca as to the remaining disputed responses to the Special Interrogatories and Request for Production of Documents will stand.   You also indicated that you will provide a declaration regarding privilege concerning special interrogatory response numbers 1, 3 and 5 of Defendant Leroy Baca.

You also represented that it is the position of Defendants County of Los Angeles and Leroy Baca that discovery concerning incidents alleged to have occurred in 2010 are outside of the statute of limitations period and therefore neither Defendant will produce documents pertaining to that time period.   You maintain this position despite my representation, and willingness to stipulate, that I am not seeking damages for matters concerning incidents in 2010 and instead intend to offer such evidence to establish an ongoing pattern of civil rights violations by Defendants, e.g. a failure to implement appropriate policies and

Rina M. Mathevosian, Esq.
September 5, 2013
Page 2

procedures, negligent hiring and supervision, use of excessive force by Sheriff deputies.

Finally, you stated that neither Defendant County of Los Angeles nor Leroy Baca will produce responsive documents including but not limited to videos and audio recordings and/or radio transmissions concerning incidents alleged to have occurred in 2013.   Your purported rationale is that the First Amended Complaint does not reference 2013 incidents therefore they are not relevant.   You maintain this position notwithstanding my representation that the scope of discovery is broad.

Rule 26(b)(1) provides that unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Please be advised that it is my position that Rule 26(b)(1) affords me the right to obtain discovery regarding the 2010 and 2013 incidents irrespective of the statute of limitations and/or the fact that the operative pleading has not yet been amended.   I also believe that it affords me the right to all documents that constitute investigate reports and/or correspondence regarding investigations made by either Los Angeles County or Sheriff Lee Baca following the 2010, 2011 and 2013 incarcerations.

Although you indicated that you will prepare the joint stipulation, since I am also the moving party, I will prepare my portion of the stipulation concerning discovery propounded by Plaintiff that remains in dispute.

If the foregoing does not accurately reflect our discussion in your opinion, please advise me of the same as soon as possible.

Sincerely,


Lecia L. Shorter
LLS\

# EXHIBIT "ELEVEN"

DEFENDANT COUNTY OF LOS ANGELES'
PRIVILEGE LOG

| Log No. | Request No. | Date of Documents | Recipients | Authors | Document Description | Privilege Claimed | Present Location |
|---------|-------------|-------------------|------------|---------|---------------------|-------------------|------------------|
| 1 | RPOD NO. 2; Interrogatory No. 1 | 08/05/10 | Sheriff's Dept. Employees; County Counsel | Sheriff's Dept. Employees; County Counsel | Documents regarding Claim of Lecia Shorter #10-1079768*001 | Attorney Client Privilege, Work Product Doctrine | Defense Counsel |
| 2 | RPOD NO. 3; Interrogatory No. 2 | 02/04/11 | Sheriff's Dept. Employees; County Counsel | Sheriff's Dept. Employees; County Counsel | Documents regarding Claim of Lecia Shorter #11-1085988*001 | Attorney Client Privilege, Work Product Doctrine | Defense Counsel |
| 3 | RPOD NO. 4; Interrogatory No. 4 | 02/02/12; 01/19/12 07/09/12 11/20/12 | Sheriff's Dept. Employees; County Counsel | Sheriff's Dept. Employees; County Counsel | Documents regarding Claim of Lecia Shorter #12-1095685*001 | Attorney Client Privilege, Work Product Doctrine | Defense Counsel |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service of the attached document, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 287 S. Robertson Blvd., No. 291, Beverly Hills, CA 90211.

On September 25, 2013, I served the following document(s) described as **NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND JOINT STIPULATION OF THE PARTIES** on the interested parties in this action as follows:

Rina Mathevosian, Esq.
Nelson & Fulton
3435 Wilshire Boulevard, Suite 2800
Los Angeles, CA 90010-2014

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing by depositing the sealed envelope with the United States Postal Service with postage prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 25, 2013, at Los Angeles, California.



Gina Clark

100