# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | CS 6/17/2014 | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff | | Attorneys Present for Defendants |
| Lecia L. Shorter, Pro Se | | Rina M. Mathevosian |

**Proceedings:** **PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES FROM DEFENDANTS COUNTY OF LOS ANGELES AND BACA**

Case was called on June 17, 2014. Plaintiff Lecia L. Shorter appeared pro se. Rina Michelle Mathevosian, Esq. appeared on behalf of Defendants.

On September 4, 2012, Plaintiff filed a civil rights complaint. On October 12, 2012, Judge Olguin dismissed the complaint with leave to amend. (Dkt. No. 7.) On November 1, 2012, Plaintiff filed a first amended complaint ("FAC"). On January 2, 2013, the case was transferred to this court. (Dkt. No. 12.)

The discovery cut-off date in this case was extended to May 8, 2014. (Dkt. No. 29.) The discovery motion cut-off date was 10 days later, May 18, 2014. Because May 18 was a Sunday, the discovery motion cut-off date was actually May 19, 2014. Fed. R. Civ. P. 6(a)(1)(C).

On October 31, 2013, the court issued a ruling on Plaintiff's motion to compel further responses to interrogatories and document requests from Sheriff Baca and the County of Los Angeles. (Dkt. No. 34.)

On May 19, 2014, Plaintiff filed a motion to have matters in requests for admission deemed admitted or, alternatively, a motion to compel further responses to requests for admission and interrogatories from Baca and County. (Dkt. No. 50.) On May 28, 2014, Defendants filed an opposition. (Dkt. No. 51.) On June 5, 2014, Plaintiff filed a reply. (Dkt. No. 54.)

Plaintiff states that she did not file a joint stipulation because there was not enough time before the discovery motion cut-off date.[1]

---

[1] The court will excuse the failure to prepare a joint stipulation. Defendants filed opposition papers and have not shown that they suffered prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

## I.  First Amended Complaint ("FAC")

Plaintiff was incarcerated at Lynwood as a pretrial detainee from November 15 to December 17, 2011.  (FAC ¶ 25.)  She was denied medical care, showers, clean clothes, toiletries and denied medications.  She was not allowed to talk to her attorney and jail officials disobeyed court orders.  She suffered sexual harassment by Avalos and Ortiz when they "manipulate[d] her vagina."  She was chained to the door of her cell by Avalos and Ortiz without clothing more than once for up to 6 hours, denied food by Avalos and Ortiz, detained in a holding cell for 10-12 hours at the courthouse despite her attorney's requests, detained in her cell at the jail for 24 hours per day, denied dental care for an infected tooth, subjected to unsanitary cell conditions, and was placed in a cold cell without "adequate" blankets or clothes.  (*Id.*)

Count 4 contains additional detail.  On November 15, 2011, Plaintiff improperly received a K12 classification and was dressed in yellow and blue.  (*Id.* ¶ 49q.)  She received three showers during her incarceration from November 15 through December 17, 2011.  (*Id.* ¶ 49r.)  She remained in her cell 24 hours per day unless she was transported to court.  She did not have physical activity or mental stimulation.  Her cell was never cleaned.  (*Id.*)

On November 15, 2011, the court issued a medical order that Plaintiff's INR (International Normalized Ratio) be monitored due to Coumadin.  On November 16, 2011, she was given Coumadin without a blood test to determine her INR.  On November 17, 2011, she was taken to the medical unit when she became nauseous and short of breath.  Dr. Chong ordered a blood draw, apparently for an INR.  The lab tech had difficulty drawing blood because of Plaintiff's handcuffs.  When Plaintiff was taken to her cell, Plaintiff asked that Deputy De Santo remove one of the handcuffs so she could use the toilet, but Deputy De Santo refused.  Plaintiff waited three hours to use the toilet at court.  On November 30, 2011, Plaintiff had a blood draw for an INR and bled through four gauze bandages.  On December 1, 2011, Plaintiff stopped receiving Coumadin.  On December 3, 2011, Plaintiff was told her INR had reached 4.4, which was twice the level it should have been.  Plaintiff did not receive Coumadin again until after her release on December 17, 2011.  After her release, Plaintiff's INR was at 1.0.  (*Id.* ¶ 49a, c, d, j, l, n, p.)

Plaintiff alleges she was not allowed to shower until November 18, 2011, and then only because her attorney complained to the watch commander.  (*Id.* ¶ 49b, f.)  She alleges facts about a search of her vagina on November 17, 2011.  Ortiz "walked by Plaintiff's cell and asked whether Plaintiff was ready to cooperate."  (*Id.* ¶ 49e.)  Plaintiff was left handcuffed without clothes in a cold, air conditioned cell until November 18, when her attorney visited her.[2]  (*Id.* ¶ 49e-f.)

The incidents at the courthouse on November 21 and 23 and December 2, 2011, are described in ¶ 49g-h, m.  Plaintiff described the search when she returned from the courthouse on November 23,

---

[2] Plaintiff apparently had a blanket.  (*Id.* ¶ 49f.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

2011. Ortiz took Plaintiff's lunch. Plaintiff was left chained to the door of her cell without a shirt or bra by Avalos and Ortiz for approximately 6 hours. (*Id.* ¶ 49h.) On November 29, 2011, the court issued a "second medical order and a shower order." She was allowed a shower on December 2, 2011. (*Id.* 49h-I.) Plaintiff describes the search when she returned from the courthouse on November 29, 2011. Plaintiff was left chained to the door of her cell with just a shirt. Avalos tightened the handcuffs to the point that Plaintiff's wrist was swollen and red. Avalos pulled on the chain so hard that the chain cut Plaintiff's little finger on her left hand. Ortiz instructed that Plaintiff not receive dinner. (*Id.* ¶ 49i.)

On November 30, 2011, Plaintiff was denied antibiotic ointment for the wound on her left hand caused by Avalos." (*Id.* ¶ 49k.) Previously, Avalos did not allow a nurse to give Plaintiff her medication. (*Id.*) On December 2, 2011, Avalos did not permit Plaintiff to throw out her trash from the cell. (*Id.* 49m.) On December 12, 2011, Avalos snatched Plaintiff's medication from the nurse. (*Id.* ¶ 49o.)

## II. Requests for Admission ("RFA")

As Defendants point out, Plaintiff's motion does not specify which RFA's are at issue. The court uses Plaintiff's letter dated April 22, 2014, which is required to identify each discovery request and issue in dispute. Local Rule 37-1.

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Requests for Admission should be drafted in such a way that a response can be rendered upon a mere examination of the request. To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed." *Henry v. Champlain Enterprises*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003); *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989).

If a Request for Admission (RFA) is not admitted, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

If the responding party objects to a RFA, "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5).

A party may file a motion "to determine the sufficiency of an answer" to an RFA. Fed. R. Civ. P. 35(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

"The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981); *see also* Advisory Committee Note to 1970 Amendment (Rule 36 serves two purposes; admissions "are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those than can be").

"[R]equests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome." Advisory Committee Notes to 1970 Amendment. A court may limit the number of RFAs. Fed. R. Civ. P. 26(b)(2)(A).

At oral argument, Plaintiff clarified that the RFAs are directed to Baca in his individual capacity. Plaintiff served 136 RFAs upon the County, and 146 RFAs upon Baca.

The parties made no effort to categorize the RFAs, which made review of the parties' contentions more time-consuming. The court will discuss RFAs in categories for ease of reference and to avoid repetition.

> **A.  Baca's Role, Knowledge and Implementation**
> **Baca RFA Nos. 1-6, 9, 34-35, 143-146**

Baca RFA Nos. 1-4 seek admissions as to whether Baca was the Chief Executive Officer (CEO) of the Los Angeles Sheriff's Department. Defendant's objections are sustained. For the reasons stated on the record, these RFAs would not eliminate issues in this case.

Baca RFA No. 5 seeks an admission that Baca received, during the period 2010-2013, various reports. Insofar as relevant, RFA No. 5 is revised as follows. Plaintiff's motion to compel is granted as to revised RFA No. 5.

> Baca RFA No. 5: Admit that, during the period 2010-2013, YOU received reports of excessive force, substandard medical care and improper strip searches at Century Regional Detention Facility.

Baca RFA No. 6 seeks an admission that, despite his knowledge, Baca failed to implement appropriate policies and procedures to prevent various problems in the jails. Insofar as relevant, RFA No. 6 is revised as follows. Plaintiff's motion to compel is granted as to revised RFA No. 6.

> Baca RFA No. 6: Admit that despite your knowledge of reports of excessive force, substandard medical care and improper strip searches at Century Regional Detention Facility During the period 2010-2013, you failed to implement appropriate policies and procedures to prevent excessive force, substandard medical care and improper strip searches at Century Regional Detention Facility during the period 2010-2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

Baca RFA No. 9 is vague and ambiguous, and compound. Nevertheless, insofar as relevant, RFA No. 9 is revised as follows. Plaintiff's motion to compel is granted as to revised RFA No. 9.

> Baca RFA No. 9: Admit that you failed to conduct meaningful investigation of reports of excessive force, substandard medical and dental care, and improper strip searches at Century Regional Detention Facility during the period 2010-2013.

RFA Nos. 34-35 seek admissions that Baca is responsible for the actions of every "on duty" Sheriff's deputy and medical/social services staff member at Century Regional Detention Center during November 15 - December 17, 2011. RFA No. 146 seeks an admission that Baca has an obligation to oversee and evaluate the condition of each L.A. County jail facility. RFA Nos. 143-145 are compound. These RFAs are unlikely to eliminate any issue.

**B.   Plaintiff's Incarceration**
      **Baca RFA Nos. 36-37, 109**
      **County RFA No. 77**

Plaintiff complains that Baca does not fairly respond to the substance of Baca RFA Nos. 36-37, which seek admissions as to whether Avalos and Ortiz were assigned to the module where Plaintiff was housed at Century Regional Detention Facility during the period November 15 - December 17, 2011. Fed. R. Civ. P. 36(a)(3)-(4). Plaintiff's motion to compel is granted.

Baca RFA No. 109 and County RFA No. 77 are compound, vague and ambiguous. Defendants' objections are sustained. These RFA's will not likely eliminate any issues.

**C.   Plaintiff's Complaints in General and Totality of Circumstances**
      **Baca RFA Nos. 10-11, 26, 75-76, 91-92, 136, 141**
      **County RFA Nos. 59-60, 104, 113, 115-120**

Baca RFA Nos. 10-11 can be revised to be nonduplicative and specific based on the information provided at oral argument. Plaintiff agreed to produce the letter to Baca that is now cited in revised RFA No. 10. Plaintiff's motion to compel is granted as to the revised RFA Nos. 10-11:

> Baca RFA No. 10: Admit that you did not personally investigate Plaintiff's allegations of misconduct regarding her incarceration during November 15 - December 17, 2011 in response to Plaintiff's complaint to the County of Los Angeles dated January 18, 2012 and Plaintiff's letter to Baca.

> Baca RFA No. 11: Admit that you did not personally investigate Plaintiff's allegations of misconduct regarding her incarceration during October 19 - November 24, 2010 in response to Plaintiff's complaint to the County of Los Angeles dated January 21, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | | Date | June 23, 2014 |
|---|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | | |

County RFA No. 120 is deemed revised in accordance with revised Baca RFA No. 11 except that the word "personally" is deleted. County RFA No. 121 is deemed revised in accordance with revised Baca RFA No. 10 except that the word "personally" is deleted. Plaintiff's motion to compel is granted as to revised County RFA Nos. 120-121.

At oral argument, Plaintiff sought to add a similar RFA asking for an admission that Baca and the County did not investigate Plaintiff's complaint to the County dated May 4, 2010 regarding excessive force at a superior court on April 9, 2010. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* Constitutional violations that are not similar do not put decisionmakers on the requisite notice. *Id.* (absent pattern of similar *Brady* violations, evidence of four *Brady* violations in 10 years was insufficient to put defendant on notice that specific training was necessary). Plaintiff has not alleged or shown that the incident at the courthouse was similar to the incidents during her incarceration. Nor can this court discern the requisite similarity.

Baca RFA No. 141 is duplicative of revised RFA No. 10. Baca RFA Nos. 26 and 75-76 are compound, vague and ambiguous. These RFAs are not likely to eliminate any issues.

The County denied the facts in RFA No. 111. The County need not answer RFA No. 118, which appears to be duplicative of RFA No. 111. Similarly, the County admits that it denied Plaintiff's claim in response to RFA No. 110. The County need not answer RFA No. 119, which appears to be argument based on the facts already denied in response to RFA No. 110.

**D.   Allegations that Plaintiff Remained in Her Cell for 24 Hours Per Day**
   **Baca RFA No. 12,[3] 60-62**
   **County RFA Nos. 29-30**

In response to RFA No. 28, the County denied that Plaintiff was in her cell continuously. The County need not respond to RFA Nos. 29-30, which are predicated on the facts denied in response to RFA No. 28.

Baca RFA No. 60 is identical to County RFA No. 28. Baca's objections are overruled and Plaintiff's motion to compel is granted as to Baca RFA No. 60 and related Baca RFA Nos. 12 and 61-62. If Baca denies RFA No. 60 just as the County has denied RFA No. 28 (as counsel appeared to indicate), then Baca need not respond to RFA Nos. 12 and 61-62, which are predicated on the facts in Baca RFA No. 60.

---

[3] This factual allegation also appears in Baca RFA No. 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

**E.  Allegations that Plaintiff's Cell Was Never Cleaned**
   **Baca RFA Nos. 15, 69-71**
   **County RFA Nos. 37-39**

At oral argument, Baca RFA No. 69 and County RFA No. 37 were revised.  Plaintiff's motion to compel is granted as to revised Baca RFA No. 69 and County RFA No. 37:

> Baca RFA No. 69 & County RFA No. 37:  Admit that during her incarceration at Century Regional Detention Facility during November 15 - December 17, 2011, Plaintiff's cell was never cleaned during her entire incarceration.

Now that Baca RFA No. 69 and County RFA No. 37 focus on the fact that Plaintiff's cell was never cleaned, Baca RFA Nos. 70-71 and County RFA Nos. 38-39 are no longer related to the same subject matter and are denied.

Baca RFA No. 15 is revised in accordance with Baca RFA No. 69.  Plaintiff's motion to compel is granted as to revised Baca RFA No. 15:

> Baca RFA No. 15:  Admit that the failure to clean Plaintiff's cell during her entire incarceration from November 15 to December 17, 2011 was a violation of jail maintenance policy.

Again, if Baca denies RFA No. 69, then Baca need not respond to Baca RFA No. 15.

**F.  Allegations Regarding Dental Care**
   **Baca RFA Nos. 16, 72-73**
   **County RFA No. 41**

The County denied that Plaintiff was denied dental care for an infected tooth in response to RFA No. 40.  The County need not answer RFA No 41, which is predicated on the facts denied in RFA No. 40.

Baca RFA No. 72 is identical to County RFA No. 40, which the County denied.  Baca RFA No. 73 is identical to County RFA No. 41 and is predicated on the facts contained in Baca RFA No. 72. Baca RFA No. 16 is predicated on the facts contained in Baca RFA No. 73.  Plaintiff's motion to compel is granted.  To be clear, if Baca denies Baca RFA No. 72, Baca need not answer Baca RFA Nos. 16 and 73.  If Baca admits Baca RFA No. 72 but denies Baca RFA No. 73, Baca need not answer Baca RFA No. 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

### G. Allegations Regarding Deprivation of Access to Her Attorney
### Baca RFA Nos. 20, 77-79
### County RFA Nos. 45-47

In connection with comparable RFA's to Avalos and Ortiz, Plaintiff stated at oral argument that the deprivation of access to her attorney occurred in the courthouse. The FAC appears to allege one such incident. On November 23, 2011, Plaintiff's attorney asked the deputies to bring her to the 4th floor in 20 minutes so they could have confidential discussion. Plaintiff was returned to cell no. 2 and 20 minutes later was shipped on a bus to Century Regional Detention Facility. (FAC ¶ 49h.)[4] Accordingly, these RFAs could be revised. Plaintiff's motion to compel is granted as to revised Baca RFA No. 77 and revised County RFA No. 45:

> Baca RFA No. 77 & County RFA No. 45: Admit that on November 23, 2011, Plaintiff was deprived of access to her attorney at the courthouse as alleged in paragraph 49h of the First Amended Complaint.

Baca RFA No. 20 is duplicative of Baca RFA No. 78 and need not be separately addressed. Plaintiff's motion to compel is granted as to revised Baca RFA Nos. 78-79 (revised so that they are predicated on the facts contained in revised Baca RFA No. 77) and revised County RFA Nos. 46-47 (revised so that they are predicated on the facts contained in County RFA No. 45). To be clear, if Baca denies Baca RFA No. 77, Baca need not answer Baca RFA Nos. 78-79. Similarly, if the County denies County RFA No. 45, the County need not answer County RFA Nos. 46-47.

> Baca RFA No. 78 & County RFA No. 46: Admit that the deprivation of access to Plaintiff's attorney on November 23, 2011 as alleged in paragraph 49h of the First Amended Complaint violated Plaintiffs' rights under the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

> Baca RFA No. 79 & County RFA No. 47: Admit that the deprivation of access to Plaintiff's attorney on November 23, 2011 as alleged in paragraph 49h of the First Amended Complaint violated the effective revision of Unit Order 5-15-020 establishing policies providing inmates with Title 15 based constitutionally protected rights to unimpeded access to their attorney at the Century Regional Detention Facility during November 15 - December 17, 2011.

### H. Allegations of Excessive Force in General

---

[4] Other incidents involve the deputies' alleged refusal to take Plaintiff to the courtroom despite her attorney's request. (FAC ¶ 49g, 49m.) The court does not construe these paragraphs to allege a deprivation of access to her attorney. Plaintiff alleges an interference with her speedy trial rights. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

**Baca RFA No. 22, 48-49, 80-82**
**County RFA No. 50**

The County denied that Avalos used excessive force against Plaintiff in response to RFA No. 48. The County need not respond to RFA No. 50, which is predicated on the facts denied in RFA No. 48.

These RFAs are impermissibly compound because they do not point to any specific incident of excessive force. Read literally, the responding party would have to review each day of Plaintiff's incarceration and, even then, it is not clear what the responding party would be looking for. "[T]he task of identifying what is in dispute and what is not [would be] unduly burdensome." Advisory Committee Notes to 1970 Amendment to Rule 36.

**I.    Allegations Regarding Security Risk and Classification**
   **Baca RFA Nos. 23, 83-88**
   **County RFA Nos. 51-56, 122-124, 130-131**

Baca RFA No. 23 and County RFA No. 51 are compound because they do not point to any specific incident and do not specify the nature of the security risk. Read literally, the responding party would have to review each day of Plaintiff's incarceration and, even then, it is not clear what the responding party would be looking for. "[T]he task of identifying what is in dispute and what is not [would be] unduly burdensome." Advisory Committee Notes to 1970 Amendment to Rule 36. Baca RFA Nos. 83 and 86 appear to be duplicative of Baca RFA No. 23 and need not be separately addressed.

Baca RFA Nos. 84 and 87, and County RFA Nos. 52, 55, 122-124 and 130-131 appear to be directed at Plaintiff's allegation that she received a K12 classification on November 15, 2011 without any basis. (FAC ¶ 49q.) Plaintiff's motion to compel is granted as to revised Baca RFA Nos. 84 and 87, and revised County RFA Nos. 52, 55, 122-124 and 130:

> Baca RFA No. 84 & County RFA No. 52: Admit that you had no basis for giving Plaintiff a K12 classification during Plaintiff's incarceration from November 15 to December 17, 2011.
>
> Baca RFA No. 87 & County RFA No. 55: Admit that giving Plaintiff a K12 classification during November 15 - December 17, 2011 violated the effective revision of Unit Order 5-17-020 establishing procedures for the security classification of inmates at the Century Regional Detention Facility from November 15 to December 17, 2011.
>
> County RFA No. 123: Admit that an inmate who received a K12 classification at Century Regional Detention Facility from November 15 to December 17, 2011 had to wear a yellow shirt and blue pants.
>
> County RFA No. 122: Admit that wearing a yellow shirt and blue pants means that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

inmate has been professionally diagnosed with a psychological or mental condition.

County RFA No. 124: Admit that you did not diagnose Plaintiff with a psychological or mental condition before forcing her to wear a yellow shirt and blue pants.

County RFA No. 130: Admit that you knew that forcing Plaintiff to wear a yellow shirt and blue pants would falsely represent that Plaintiff was professionally diagnosed with a psychological or mental condition.

If Baca RFA No. 84 and County RFA No. 52 are denied, then Baca RFA No. 87 and County RFA No. 55 need not be answered because they are predicated on facts already denied.

County RFA No. 131 appears duplicative of County RFA No. 130 and need not be separately addressed.

**J.     Allegations Regarding Duty of Care**
**Baca RFA Nos. 25, 30-32, 89-90, 93-99**
**County RFA Nos. 57-58, 61-67**

Defendants Avalos and Ortiz denied breaching any duty to Plaintiff in this case in response to RFA No. 23 directed to them. Baca RFA Nos. 89-90 and County RFA Nos. 57-58 are duplicative and will not eliminate any issues in this case.

It is not clear why Baca objected to RFA No. 25, whereas Avalos and Ortiz responded to RFA No. 23, which is similar. Plaintiff's motion to compel is granted.

Defendants' objections are sustained as to the remaining RFA's in this category. The terms "duty" and "discriminatory conduct" are vague and ambiguous in the context of the claims in this case. The RFAs are general and not specific to any facts in this case, and are not likely to eliminate any issues.

**K.     Allegations Regarding Strip Searches**
**Baca RFA Nos. 38-45, 110-111, 122**
**County RFA Nos. 8-11, 78-79, 90**

These RFA's are compound because they do not point to any specific incident, and are vague and ambiguous. Although it appears these RFA's are directed to strip searches, "the task of identifying what is in dispute and what is not [would be] unduly burdensome." Advisory Committee Notes to 1970 Amendment to Rule 36. Baca RFA No. 110 and County RFA No. 78 are compound and it is difficult to determine whether they seek admissions to individual facts or the sequence of events.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

However, the RFA's may be narrowed to determine whether there is a dispute that the strip searches violated policy or procedures. Plaintiff's motion to compel is granted as to the following modified RFA's:

> Baca RFA No. 40 & County RFA No. 10: Admit that the strip search conducted on November 17, 2011 violated Unit Order 6-01-010 governing strip searches at the Century Regional Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 42 & County RFA No. 12: Admit that the strip search conducted on November 17, 2011 violated Unit Order 6-01-030 establishing uniform directions to be given during strip searches at the Century Regional Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 43 & County RFA No. 13: Admit that the strip search conducted on November 23, 2011 violated Unit Order 6-01-010 governing strip searches at the Century Regional Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 44 & County RFA No. 14: Admit that the strip search conducted on November 23, 2011 violated Unit Order 6-01-030 establishing uniform directions to be given during strip searches at the Century Regional Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 110 & County RFA No. 78: Admit that the strip search conducted on November 29, 2011 violated the effective revision of Unit Order 6-01-010 governing strip searches at the Century Regional Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 111 & County RFA No. 79: Admit that the strip search conducted on November 29, 2011 violated the effective revision of Unit Order 6-01-030 establishing uniform directions to be given during strip searches at the Century Regional Detention Facility during the period November 15 - December 17, 2011.

Baca RFA No. 122 and County RFA No. 90 contain argument, are otherwise vague and ambiguous, and will not eliminate any issues in this case.

### L. Allegations of Being Handcuffed or Chained in Cell
**Baca RFA Nos. 46-47, 100-108, 117-118, 121, 129**
**County RFA Nos. 14-15, 68-74, 85-86, 89, 97**

Baca RFA Nos. 46-47 and County RFA Nos. 14-15 are compound because they do not point to any specific incident. Read literally, the responding party would have to review each day of Plaintiff's

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

incarceration. "[T]he task of identifying what is in dispute and what is not [would be] unduly burdensome." Advisory Committee Notes to 1970 Amendment to Rule 36.

Baca RFA No. 129 and County RFA No 97 are duplicative of Baca RFA Nos. 105-106 and County RFA Nos. 73-74, and need not be separately addressed.

Plaintiff's motion to compel is granted as to Baca RFA Nos. 100-108 and 117-118, and County RFA Nos. 68-74 and 85-86. Again, Baca RFA No. 101 contains the predicate facts for Baca RFA Nos. 103, 105 and 107. Baca RFA No. 102 contains the predicate facts for Baca RFA Nos. 104, 106 and 108. Similarly, County RFA No. 69 contains the predicate facts for County RFA Nos. 71, 73 and 75. County RFA No. 70 contains the predicate facts for County RFA Nos. 72, 74 and 76. If the predicate facts are denied, the responding party need not respond to the related RFAs that rely upon the denied predicate facts.

Plaintiff's motion to compel is granted as to Baca RFA No. 121 and County RFA No. 89 as revised below:

> Baca RFA No. 121 & County RFA No. 89: Admit that on November 29, 2011, Deputy Alejandra Avalos and Deputy Jacqueline Ortiz witnessed Plaintiff stay handcuffed to the door of her cell for approximately four hours until Deputy Ramirez unlocked the handcuffs.

**M.     Allegations Regarding Food and Medications**
       **Baca RFA Nos. 50-51, 112-116, 119-120, 123-125, 131-134**
       **County RFA Nos. 80-84, 87-88, 92-93, 99-102**

Baca RFA No. 123 is identical to County RFA No. 91. The County denied the facts in County RFA No. 91. The County need not answer RFA Nos. 92-93, which are premised on the facts already denied in response to RFA No. 91. However, Baca did not answer Baca RFA No. 123. Plaintiff's motion to compel Baca to respond to Baca RFA Nos. 123-125 is granted. Again, if Baca denies Baca RFA No. 123, he need not answer Baca RFA Nos. 124-125.

Baca RFA No. 134 and County RFA No. 102 are akin to Avalos RFA No. 42. These RFA's do not appear likely to eliminate any issues for trial.

Baca RFA Nos. 50-51 are impermissibly compound. For example, RFA No. 50 asks for an admission that Avalos intentionally deprived Plaintiff of food and medication during her incarceration from November 15, 2011 through December 17, 2011. The RFA does not point to any specific incident. Read literally, the responding party would have to review each meal and medication for every day of Plaintiff's incarceration. This process would be unduly burdensome and unhelpful in eliminating material issues in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

Plaintiff's motion to compel is granted as to revised Baca RFA Nos. 112-116, Baca RFA Nos. 119-120, and Baca RFA Nos. 131-133, and County RFA Nos. 80-84, County RFA Nos. 87-88 and County RFA Nos. 99-101:

> Baca RFA No. 112 & County RFA No. 80:  Admit that on November 29, 2011, Deputy Jacqueline Ortiz took Plaintiff's pants and her lunch, and said "You must not want to eat and you must want to stay like that [nude] all night."
>
> Baca RFA No. 113 & County RFA No. 81:  Admit that on November 29, 2011, Deputy Ortiz's acts of taking Plaintiff's pants and lunch was in violation of the effective revision of Unit Order 6-01-010 establishing policies and procedures for supervision during strip searches at the Century Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 114 & County RFA No. 82:  Admit that on November 29, 2011, Deputy Alejandra Avalos witnessed Defendant Deputy Ortiz take Plaintiff's pants and her lunch, and say "You must not want to eat and you must want to stay like that [nude] all night" in violation of the effective revision of Unit Order 6-01-010 establishing policies and procedures for supervision during strip searches at the Century Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 115 & County RFA No. 83:  Admit that on November 29, 2011, Deputy Ortiz's acts of taking Plaintiff's pants and lunch was in violation of the effective revision of Unit Order 6-01-030 establishing uniform directions to be given during strip searches at the Century Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 116 & County RFA No. 84:  Admit that on November 29, 2011, Deputy Ortiz's acts of taking Plaintiff's lunch was in violation of the effective revision of Unit Order 5-06-010 establishing policies and procedures for inmate meals at the Century Detention Facility during the period November 15 - December 17, 2011.
>
> Baca RFA No. 119 & County RFA No. 87:  Admit that on November 29, 2011, Deputy Jacqueline Ortiz instructed the trustees not to serve Plaintiff dinner and, at her instruction, the trustees did not provide Plaintiff dinner.
>
> Baca RFA No. 120 & County RFA No. 88:  Admit that on November 29, 2011, the trustees' failure to provide Plaintiff dinner at the instruction of Deputy Ortiz was in violation of the effective revision of Unit Order 5-06-010 establishing policies and procedures for inmate meals at the Century Regional Detention Facility during the period November 15 - December 17, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

Baca RFA No. 131 & County RFA No. 99: Admit that on December 12, 2011, Deputy Alejandra Avalos accompanied the evening nurse, snatched Plaintiff's medication away from the nurse, placed the pills inside a small white cup, put the cup on the floor and pushed them under the door.

Baca RFA No. 132 & County RFA No. 100: Admit that on December 12, 2011, Deputy Alejandra Avalos' conduct in snatching Plaintiff's medication away from the nurse, placing the pills inside a small white cup, putting the cup on the floor and pushing them under the door violated the effective revision of Unit Order 5-08-050 establishing and defining the medical services available to inmates at the Century Regional Detention Facility during the period November 15 - December 17, 2011.

Baca RFA No. 133 & County RFA No. 101: Admit that on December 12, 2011, Deputy Alejandra Avalos' conduct in snatching Plaintiff's medication away from the nurse, placing the pills inside a small white cup, putting the cup on the floor and pushing them under the door violated the effective revision of Unit Order 5-08-050 establishing procedures for nurse clinic, pill call and medical passes at the Century Regional Detention Facility during the period November 15 - December 17, 2011.

**N.    Allegations Regarding Personal Property**
       **Baca RFA Nos. 52-59**
       **County RFA Nos. 20-27**

At oral argument, Plaintiff clarified that the term "personal property" meant "legal documents." However, the time period remained Plaintiff's entire incarceration without any specification of a particular incident or date. Read literally, the responding party would have to review each day of Plaintiff's incarceration. This process would be unduly burdensome and unhelpful in eliminating material issues in this case. Plaintiff's motion to compel is denied.

**O.    Allegations Regarding Showers**
       **Baca RFA Nos. 63-68, 126-128, 130**
       **County RFA Nos. 31-36, 94-96, 98**

Plaintiff alleges that she received three showers during her incarceration from November 15 through December 17, 2011. (FAC ¶ 49r.) Baca RFA Nos. 63-66 and County RFA Nos. 31-34 are compound in that the time period is Plaintiff's entire incarceration without any specification of a particular incident or date. Defendants' objections based on excessiveness and undue burdensomeness are sustained.

With respect to Baca RFA Nos. 67-68 and County RFA Nos. 35-36, Plaintiff provided the date of November 18, 2011 for her attorney's complaint to the watch commander. Plaintiff's motion to compel is granted as to revised Baca RFA Nos. 67-68 and revised County RFA Nos. 35-36:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

> Baca RFA No. 67 & County RFA No. 35: Admit that Plaintiff was not allowed to shower until her attorney submitted a complaint to the watch commander on November 18, 2011.
>
> Baca RFA No. 68 & County RFA No. 36: Admit that Plaintiff's not being allowed to shower until Plaintiff's attorney submitted a complaint to the watch commander on November 18, 2011 was a violation of the effective revision of Unit Order 5-16-030 establishing procedures and policies for compliance with Title 15 requirements for proper hygiene for female inmates at Century Regional Detention Facility during the period November 15 - December 17, 2011.

Plaintiff's motion to compel further responses to Baca RFA Nos. 126-127 and County RFA Nos. 94-95 is granted. However, the reference to "Deputies" in Baca RFA No. 128 and County RFA No. 96 renders those RFAs compound and unduly burdensome. Plaintiff's motion to compel revised Baca RFA No. 130 and County RFA No. 98 is granted as follows:

> Baca RFA No. 130 & County RFA No. 98: Admit that the Deputy Avalos' and Deputy Ortiz's refusal to allow Plaintiff to shower at the request of Ms. Boyles on December 12, 2011 violated the effective revision of Unit Order 5-16-030 establishing procedures and policies for compliance with Title 15 requirements for proper hygiene for female inmates at the Century Regional Detention Facility during the period November 15 - December 17, 2011.

**P.  Allegations of Cold Cell Without Adequate Clothing or Blankets**
   **Baca RFA No. 74**
   **County RFA No. 42**

Baca RFA No. 74 and County RFA No. 42 are compound in that the time period is Plaintiff's entire incarceration with any specification of a particular incident or date. Defendants' objections based on undue burden are sustained.

**Q.  Allegations Regarding Grievances**
   **Baca RFA Nos. 135, 142**
   **County RFA Nos 103, 112**

Baca RFA Nos. 135 and 142, and County RFA Nos. 103 and 112 are compound in that the time period is Plaintiff's entire incarceration with any specification of a particular incident or date. Defendants' objections based on undue burden are sustained.

**R.  Allegations Regarding Citizens Commission**
   **Baca RFA Nos. 137-140**
   **County RFA Nos. 105-107**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

These RFAs concern documents that speak for themselves. The burden of these RFAs outweigh any likely benefit and are not likely to resolve any issue in this case.

**S.  County's Status As Employer
County RFA Nos. 2-3**

Defendant's objections are sustained. These RFAs would require the County to investigate and determine whether each sheriff's deputy, psychiatrist, psychologist, social worker and any other medical or social services staff member at Century Regional Detention Facility was an employee, independent contractor, consultant or in some other category. Plaintiff has not shown any reason for these RFAs. The burden and expense of these RFAs far outweigh any conceivable benefit, given the unimportance of this discovery in resolving any issue in this case. Fed. R. Civ. P. 26(b)(2)(C)(iii).

**T.  Authenticity of Documents
County RFA No. 108**

A request for admission may be used to request an admission as to the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1)(B). "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." *Id.* 36(a)(2).

At oral argument, the parties agreed on the format of RFA No. 108. Plaintiff shall insert, for each document, the Unit Order number, the effective date of the revision at issue, and the bates stamp numbers. Plaintiff's motion to compel is granted on the condition that Plaintiff fill in the information for each Unit Order for which she seeks an admission of genuineness.

> County RFA No. 108: Admit that the following Unit Orders are true, correct and in effect during Plaintiff's incarceration at Century Regional Detention Facility during the period November 15 - December 17, 2011:
>
> Unit Order _____, Revision dated _____, bates stamp numbers _____.
>
> Unit Order _____, Revision dated _____, bates stamp numbers _____.
>
> Unit Order _____, Revision dated _____, bates stamp numbers _____.
>
> Unit Order _____, Revision dated _____, bates stamp numbers _____.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

Unit Order _____, Revision dated _____, bates stamp numbers _____.

Unit Order _____, Revision dated _____, bates stamp numbers _____.

**U.  County's Role**
**County RFA No. 114, 133-136**

RFA No. 133-136 contain general statements that will not eliminate any issues in this case. Plaintiff's motion to compel is denied.

**V.  Plaintiff's Court Appearances**
**County RFA Nos. 125-129, 132**

These RFAs are directed to facts regarding Plaintiff's criminal court proceedings before Commissioner Zuckman. These allegations appear irrelevant to the claims and defenses in this case. Plaintiff's motion to compel is denied.

**III.  Interrogatory**

Plaintiff's motion to compel is denied. This interrogatory is compound and encompasses numerous requests for admissions. The court finds that the burden of this interrogatory outweighs its likely benefit given the minimal importance of this interrogatory in resolving the issues in the case.

**V.  ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion (Dkt. No. 50) is GRANTED IN PART as follows:

1. On or before June 30, 2014, Plaintiff shall produce the letter to Baca regarding her incarceration from November 15 - December 17, 2011, that is the subject of revised RFA No. 10.

2. On or before August 25, 2014, Defendant Baca shall serve further responses to Requests for Admission Nos. 5-6, 9-12, 15-16, 25, 36-37, 40, 42-44, 60-62, 67-69, 72-73, 77-79, 84, 87, 100-108, 110-121, 123-127 and 130-133 as modified and to the extent set forth above.

3. On or before August 25, 2014, Defendant County of Los Angeles shall serve further responses to Requests for Admission Nos. 10, 12-14, 35-37, 45-47, 52, 55, 68-74, 78-89, 94-95, 98-101, 108, 120-124 and 130 as modified and to the extent set forth above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7337-JVS (AGR) | Date | June 23, 2014 |
|---|---|---|---|
| Title | Lecia L. Shorter v. Leroy Baca | | |

4. In all other respects, Plaintiff's motion to compel is denied. All requests for sanctions are denied.

1:50

Initials of Preparer    mp