Dylan Ruga (SBN 235969)
Ji-In Lee (SBN 280088)
David H. Kwasniewski (SBN 281985)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200
Facsimile: (310) 734-3300
Email: druga@steptoe.com
Email: jalee@steptoe.com
Email: dkwasniewski@steptoe.com

Attorneys for Plaintiff
LECIA L. SHORTER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECIA L. SHORTER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LEROY BACA, GLORIA MOLINA, MARK RIDLEY-THOMAS, ZEV YAROSLAVSKY, DON KNABE, MICHAEL D. ANTONOVICH, DEPUTY SHERIFF AVALOS, DEPUTY SHERIFF ORTIZ, the COUNTY OF LOS ANGELES, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: CV 12–7337–DOC (AGR)<br><br>Assigned to the Hon. David O. Carter<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>Date: November 24, 2014<br>Time: 8:30 a.m.<br>Place: Courtroom 9D |

Plaintiff Lecia L. Shorter hereby submits her Memorandum of Points and Authorities in support of her Motion to Reopen Discovery.

## I. INTRODUCTION

Plaintiff Lecia L. Shorter ("Shorter") respectfully requests the Court to briefly reopen discovery to permit her to depose three named defendants who she could not afford to depose during the original discovery period.

Plaintiff Lecia L. Shorter ("Shorter") is unemployed and disabled, and prosecuted this action on a *pro-se* and *in-forma-pauperis* basis from its inception until the close of discovery, on May 8, 2014. Although Shorter was able to conduct substantial written discovery, she simply lacked the financial means to take any depositions during the discovery window. Since then, on October 6, 2014, counsel with the means to take depositions was appointed. Accordingly, Shorter requests the court briefly re-open non-expert discovery to permit her to take the depositions of named defendants Deputy Alejandra Avalos ("Avalos"), Deputy Jacqueline Ortiz ("Ortiz"), and the Federal Rule of Civil Procedure 30(b)(6) representative of named defendant the County of Los Angeles (the "County").

Shorter seeks to take the depositions of Avalos, Ortiz, and the County's representative, because it is highly likely to yield relevant evidence. In particular, Avalos and Ortiz are the two Deputy Sheriffs whose conduct is at the center of the present controversy. Shorter also believes that the deposition of the County's representative is likely to yield relevant evidence regarding the County's policies and procedures for handling grievances and supervising Deputy Sheriffs.

Any delay or prejudice to the defendants will be minimal, at best. Shorter is seeking to depose only three individuals, with appropriate follow-up,

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REOPEN DISCOVERY**

if necessary,[1] and does not seek to propound any additional written discovery. At present, no trial date has been set.

In sum, Shorter seeks to take only three depositions that she could not have taken before given her limited resources. Although discovery has closed, there is neither an imminent trial date nor any basis for suspecting Defendants will be prejudiced by the delay. The Court should therefore amend its scheduling order to permit Shorter to take the depositions of Ortiz, Avalos, and the representative of the County.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

From November 15, 2011, through December 17, 2011, Shorter was incarcerated pending trial at the Century Regional Detention Facility ("CRDF") in Lynwood, California. (First Amended Complaint, ECF No. 8 ["FAC"], ¶ 25.) On several occasions during her incarceration, Avalos and Ortiz stripped Shorter naked, handcuffed her to her cell door, and left Shorter alone, without food or water, for hours. (*Ibid.*)

Shorter filed the instant suit on August 27, 2012. Because Shorter is unemployed and disabled, without any significant sources of personal income or wealth, she was forced to file her suit on a *pro se* basis. (Declaration of Lecia L. Shorter ]"Shorter Decl."], ¶¶ 1–3.) Thereafter, the Court approved Shorter to proceed with her suit *in forma pauperis*. (ECF No. 2.)

On October 9, 2013, the Magistrate Judge issued a scheduling order which provided, in part, that discovery was to be completed by May 8, 2014. (ECF No. 29.)[2]

---

[1] Shorter does not, at present, believe any additional oral or written discovery is needed, apart from what is requested in the instant motion. Shorter would respectfully request, however, that, in addition to the three depositions requested in this motion, the Court also grant leave for Shorter to submit an additional request to reopen discovery in the event that the depositions of Avalos, Ortiz, or the County's representative yield evidence showing that further discovery is warranted.

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REOPEN DISCOVERY**

Although Shorter was able to take substantial written discovery during the discovery period, she lacked the financial means to take any oral depositions. (Shorter Decl., ¶ 3.) During this time, Shorter attempted to retain counsel that could afford to take depositions, but was unsuccessful. (Shorter Decl., ¶ 4.)

Present counsel was ultimately retained through the Court's Pro Bono Civil Rights Panel on October 6, 2014. Present counsel entered its first appearance in the case on that same day. (ECF No. 68.) Prior to filing the instant motion, counsel met and conferred with counsel for the defendants in an effort to reach an agreement regarding additional discovery. (Declaration of Ji-In Lee ["Lee Decl."], ¶ 1.) Opposing counsel stated that she would not agree to the taking of any depositions. (Lee Decl., ¶ 2.)

At present, no trial date has been set by the Court in this matter.[3]

### III. LEGAL STANDARD

A scheduling order may be modified for good cause. *See* Fed. R. Civ. P. 16(b)(4). In determining whether to reopen discovery, the Court is to consider six factors first articulated in *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512 (9th Cir. 1995):

> 1) whether the trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the

---

[2] The Magistrate Judge first issued a scheduling order on February 8, 2013. (ECF No. 15.). After additional defendants were served and answered, the Magistrate Judge issued the operative scheduling order on October 9, 2013. (ECF No. 29.)

[3] In anticipation of the September 22, 2014, Case Management Conference, the parties suggested a trial date of February 17, 2015. (ECF No. 66.) The Court continued the Case Management Conference without scheduling the trial in order to afford Shorter additional time to secure counsel. (ECF No. 67.)

need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Banks v. Gail*, No. CV 06–7614 CAS (JWJx), 2009 WL 2246377, at *3 (C.D. Cal. July 27, 2009) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *judgment vacated on other grounds*, 520 U.S. 939 (1997) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987))). Whether to reopen discovery rests in the court's sound discretion. *Schumer*, 63 F.3d at 1526.

### IV.   ARGUMENT

The Court should reopen discovery to permit Shorter to take the depositions of Ortiz, Avalos, and the County's representative because she could not have taken these depositions during the discovery window, and this limited reopening poses no significant risk of delaying proceedings.

#### A.   Shorter Could Not Have Taken Depositions during the Discovery Period

Shorter lacked the financial means necessary to take any depositions during the discovery period, and, despite her best efforts, could not obtain counsel until after discovery had closed. (Shorter Decl., ¶¶ 3–5.) The fourth and fifth *Schumer* factors thus weigh in favor of reopening discovery.

The court in *Perkins v. Contra Costa County Sheriff's Dept. J-Team*, No. C 07–02013 CW, 2010 WL 539260 (N.D. Cal. Feb. 9, 2010), confronted a similar set of circumstances. That case, like the present one, involved a civil rights complaint filed by a *pro se* plaintiff. Although the plaintiff conducted some written discovery, he was unable to depose any defendant. After discovery was closed, the court appointed counsel who then moved to reopen

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

1  discovery in order to, among other things, depose each of the defendants. *Id.* at
2  *1.
3      The court granted the motion to reopen discovery, explaining that "to
4  the best of his ability, Plaintiff has been diligent in attempting to obtain
5  discovery and has shown good cause for amendment of the scheduling order."
6  *Id.* at *2. The court noted that Plaintiff had attempted to obtain written
7  discovery from the defendants, and that his new counsel "met and conferred
8  with Defendants regarding discovery and, when these requests were not
9  satisfactorily met, immediately moved to reopen discovery." *Id.* at *2. The
10 court further held that the need for additional discovery was foreseeable in
11 light of the nature of the case: "The issue to be tried is excessive force, which,
12 generally, involves disputed facts and divergent views of the same events.
13 Without adequate discovery, Plaintiff would be at an insurmountable
14 disadvantage at trial." *Id.*
15     As in *Perkins*, in this case, Shorter sought written discovery from the
16 defendants during the discovery period. She simply lacked the financial means
17 to take any oral depositions. However, she did attempt to retain counsel during
18 the discovery period, but despite her best efforts, was not able to retain counsel
19 until the discovery period was closed. (Shorter Decl., ¶ 3–5.)
20     The instant case also involves claims of deliberate indifference and cruel
21 and unusual punishment, which, like excessive force, generally involve
22 "disputed facts and divergent views of the same events." *Perkins v. Contra Costa*
23 *County Sheriff's Dept. J-Team*, No. C 07–02013 CW, 2010 WL 539260, at *2
24 (N.D. Cal. Feb. 9, 2010). Defendants should not be surprised that Shorter
25 seeks to take their depositions, now that she has the means to do so.

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REOPEN DISCOVERY**

Doc. # DC-8432658

### B. The Depositions of Ortiz, Avalos, and the County's Representative Will Likely Yield Highly Relevant Evidence

Shorter does not seek to reopen discovery to conduct the proverbial "fishing expedition" but rather seeks only to depose the principal witnesses to her claims. Thus, the sixth *Schumer* factor weighs in favor of reopening discovery.

Where the discovery sought is highly relevant, as here, courts have repeatedly allowed discovery to proceed past the cut-off date. In *Bowoto v. Chevron Corp.*, No. C 99–02506 SI, 2008 WL 2074400 (N.D. Cal. May 15, 2008), plaintiffs accused Chevron and others of being complicit in militia attacks in certain villages in Nigeria. Near the end of discovery, plaintiffs' counsel visited and interviewed the villagers, they dismissed claims relating to two of the villages, Opia and Ikenyan. However, plaintiffs' counsel stated that at trial, they might still put on evidence regarding the attacks on the Opia and Ikenyan villages. Defendants moved to reopen discovery, seeking the information gathered by the plaintiffs during their visit to the villages. The court granted the motion, explaining, "If plaintiffs decide to put on evidence regarding the village attacks, evidence in plaintiffs' possession regarding those attacks is relevant, and defendants are entitled to discovery of it." *Id.* at *1. *See also Perkins v. Contra Costa County Sheriff's Dept. J-Team*, No. C 07–02013 CW, 2010 WL 539260, at *2 (N.D. Cal. Feb. 9, 2010) (in ruling on motion to reopen, rejecting as "unpersuasive" contention that depositions of officers accused of excessive force were unlikely to lead to relevant evidence).

Here, the discovery Shorter seeks is very likely to yield relevant evidence. Shorter seeks to depose Ortiz and Avalos, the two officers who left Shorter naked and chained to her cell door for hours at a time. Given the nature of this case, in which there will likely be divergent views of the underlying events are likely, the oral testimony of the only identified percipient witnesses other than

6

Shorter herself is essential and written discovery alone cannot suffice. Shorter also seeks to depose a representative of the County with respect to the County's process for handling inmate grievances and its supervision of deputy sheriffs. These topics directly pertain to Shorter's claims against the County and the other defendants.

### C. The Remaining *Schumer* Factors Are Neutral or Do Not Weigh Strongly Against Reopening Discovery

The remaining *Schumer* factors should not give the Court pause because there is no imminent trial and there is little risk that reopening discovery will prejudice defendants.

First, there is currently no trial date set in this matter. *See Tyco Thermal Controls LLC v. Rosewood Industrials*, No. C 06–07164 JF (PVT), 2010 WL 2353533, at *2 (granting motion to reopen discovery where prior trial date vacated and no new trial date set). Moreover, Shorter's request is limited to just three depositions, and Shorter is willing to cooperate with the defendants to ensure these depositions are taken as promptly and with as little delay as possible.

Second, there is simply no basis for defendants to claim any prejudice as a result of reopening discovery for the limited purpose of deposing some of the named defendants or their representatives. In *Perkins*, the court rejected claims of prejudice of similarly situated defendants, explaining,

> [I]f discovery is reopened, Defendants would have to engage in the normal discovery process that would have taken place if, at the start of his case, Plaintiff had not been acting *pro se*. Although reopening discovery might inconvenience Defendants, it is not prejudicial for all parties to be in possession of relevant evidence.

*Perkins v. Contra Costa County Sheriff's Dept. J-Team*, No. C 07–02013 CW, 2010 WL 539260, at *2 (N.D. Cal. Feb. 9, 2010). Shorter is likewise seeking only to

conduct the discovery which would have otherwise been conducted had she not been acting *pro se* and without the resources to conduct depositions. Whatever delay may be cause by conducting these depositions after the cut-off is surely outweighed by the value of ensuring all parties possess relevant evidence.

## V.   CONCLUSION

Shorter seeks to reopen discovery simply to depose three named defendants. She has limited her request to discovery that will likely yield highly relevant evidence not present in the written discovery produced so far. These depositions were not taken previously because of a lack of diligence, but rather a lack of means. The prejudice to the defendants is minimal, at best, as Shorter is merely requesting to conduct the discovery she would have conducted had she not been acting *pro se* until recently. Accordingly, the Court should amend its scheduling order to permit Shorter to take the depositions of Ortiz, Avalos, and the Rule 30(b)(6) representative of the County.

Dated: October 27, 2014                    STEPTOE & JOHNSON LLP


                                           By: /s/  Dylan Ruga
                                               DYLAN RUGA
                                           Attorneys for Lecia L. Shorter

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

Doc. # DC-8432658