Rina M. Mathevosian, CSB #251423
**Logan Mathevosian & Hur LLP**
Equitable Plaza, Suite 2740
3435 Wilshire Boulevard
Los Angeles, California 90010-1901
Telephone (213) 365-2703
rinamathevosian@lmhfirm.com
lmh@lmhfirm.com

Attorneys for Defendants, County of Los Angeles, Sheriff Leroy Baca, Deputy Alejandra Avalos, and Deputy Jacqueline Ortiz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECIA L. SHORTER,<br><br>Plaintiff,<br><br>v.<br><br>LEROY BACA, et al.,<br><br>Defendants. | CASE NO. 2:12-cv-07337-DOC (GJS)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2 FOR AN ORDER TO EXCLUDE TRIAL TESTIMONY OF FORMER SHERIFF LEROY BACA; MEMORANDUM OF LAW; DECLARATION OF RINA M. MATHEVOSIAN**<br><br>Final Pretrial Conference<br>Date: November 14, 2022<br>Time: 8:30 a.m.<br><br>Trial: December 6, 2022<br>Time: 8:30 a.m.<br>Place: Courtroom 9A<br>Judge: Hon. David O. Carter |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD**:

NOTICE IS HEREBY GIVEN that on November 14, 2022, at 8:30 a.m. or as soon thereafter as counsel may be heard in Courtroom 9A of the United States District Court, located at 411 W. Fourth Street, Santa Ana, California, Defendants County of Los Angeles, Leroy Baca, Deputy Jacqueline Ortiz, and Deputy Alejandra Avalos, will and hereby do move this Court, *in limine*, for an Order precluding trial testimony of former Sheriff Leroy Baca. This Court has previously

ruled on this issue and the defense motion to exclude trial testimony from Leroy Baca was previously granted. (Dkt. No. 335).

## MEET AND CONFER COMPLIANCE

This motion is made following the conference of counsel on November 1, 2022.

## MEMORANDUM OF LAW

## I.

## INTRODUCTION

On August 27, 2012, Plaintiff Lecia Shorter filed a Complaint concerning a 2011 incarceration at Century Regional Detention Facility [CRDF]. On November 1, 2012, Plaintiff filed a First Amended Complaint [hereinafter FAC]. The FAC alleges civil rights violations under 42 U.S.C. § 1983. (Docket No. 8.)

The action arises out of Plaintiff Lecia Shorter's allegations that her constitutional rights were violated while in custody at CRDF from November 15, 2011 through December 17, 2011.

The only issues that remain in the case are Plaintiff's claim of denial showers and recreation and excessive searching upon return to Century Regional Detention Facility from Court.

Defendants anticipate that at the time of trial, Plaintiff will attempt to call former Sheriff Leroy Baca to testify at trial. The Court has previously ruled on this issue and has excluded trial testimony from Leroy Baca. (Dkt. 335).

Former Sheriff Baca was a high-ranking government official that has no personal knowledge of the incident involving Plaintiff Lecia Shorter. Plaintiff's Complaint alleges a basic federal unconstitutional conditions of confinement claim. This is a type of claim for which a high-ranking government official with no personal involvement is not subject to testify.

/////

It is a general rule, in both state and federal courts, that the head of agencies and other top governmental executives should not be required to participate in terms of litigation unless extraordinary circumstances exist. See e.g., Kyle Engineering Co. v. Kleppe, 600 F.2d 226, 231 (9th Cir. 1979). In re United States, 985 F.2d 510, 512 (11th Cir.1993). "The settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions." Coleman v. Schwarzenegger, No. CIV S-90-0520, 2008 U.S. Dist. LEXIS 70224, at 19-20 (E.D. Cal. Sept. 15, 2008). The only exception to the general rule pertains to those officials who have "direct personal factual information pertaining to material issues in an action . . . [and] where the information to be gained . . . is not available through any other source." Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 12 (D. Mass. 1990).

Moreover, although the former Sheriff was ultimately responsible for the functions of his office, he necessarily delegated the supervision of the day to day operations to others within the Sheriff's Department. Given the size of the Los Angeles County Sheriff's Department, the former Sheriff did not directly supervise the Sheriff's Department personnel who were involved in the incident subject to Plaintiff's Complaint. Nor did the former Sheriff directly train any Sheriff's Department personnel who was directly involved in the incident subject to Plaintiff's Complaint.

Moreover, Evidence Code §602 requires that a witness have personal knowledge. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, the former Sheriff does not have personal knowledge of the incidents subject to Plaintiff's Complaint.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court issue an Order excluding the trial testimony of former Sheriff Leroy Baca.

DATED: November 2, 2022

Respectfully submitted,

**LOGAN MATHEVOSIAN & HUR LLP**

By: s / Rina M. Mathevosian
RINA M. MATHEVOSIAN
Attorney for Defendants,
County of Los Angeles et al.

## DECLARATION OF RINA M. MATHEVOSIAN

I, RINA M. MATHEVOSIAN, declare that if called and sworn, I would state the following:

1. I am an attorney licensed to practice before all courts of the State of California. I am admitted to practice before the United States District Court for the Central District of California.
2. I am an attorney for record for Defendants County of Los Angeles, Leroy Baca, Deputy Ortiz, and Deputy Avalos.
3. I make this declaration in support of Defendants' Motion in Limine No. 2 to exclude former Sheriff Leroy Baca from testifying at trial.
4. The Court has previously excluded the testimony of former Sheriff Leroy Baca. The District Court last excluded former Sheriff Baca's trial testimony on April 9, 2019. [Dkt. No. 335].
5. On November 1, 2022, I met and conferred with Plaintiff regrading the filing of this motion.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November 2022 at Los Angeles, California.

                                                    s / Rina M. Mathevosian
                                                    RINA M. MATHEVOSIAN

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3435 Wilshire Boulevard, Suite 2740, Los Angeles, California 90010.

On November 3, 2022, I served the within document described as:

> **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE #2 FOR AN ORDER TO EXCLUDE TRIAL TESTIMONY OF FORMER SHERIFF LEROY BACA; MEMORANDUM OF LAW; DECLARATION OF RINA M. MATHEVOSIAN**

on the interested parties in this action as follows:

**LECIA L. SHORTER**
**287 S. Robertson Blvd., Suite 291**
**Beverly Hills, CA 90211**
email: leciashorter@yahoo.com
*Pro Se* Plaintiff

**[BY E-MAIL]** I caused the above-mentioned document to be served via electronic mail to the e-mail address of the addressee as indicated above. The electronic service address from which the document was served is lmh@lmhfirm.com.

**[BY MAIL]** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the U.S. Postal Service the same day as it is placed for collection.

**[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed November 3, 2022, in Los Angeles, California.

                                               s / Patricia Garcia
                                               PATRICIA GARCIA