Rina M. Mathevosian, CSB #251423
**Logan Mathevosian & Hur LLP**
Equitable Plaza, Suite 2740
3435 Wilshire Boulevard
Los Angeles, California 90010-1901
Telephone (213) 365-2703
rinamathevosian@lmhfirm.com
lmh@lmhfirm.com

Attorneys for Defendants, County of Los Angeles, Sheriff Leroy Baca, Deputy Alejandra Avalos, and Deputy Jacqueline Ortiz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECIA L. SHORTER,<br><br>    Plaintiff,<br><br>v.<br><br>LEROY BACA, et al.,<br><br>    Defendants. | CASE NO. 2:12-cv-07337-DOC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #5; THE DEFENSE OBJECTS TO PLAINTIFF TESTIFYING IN THE NARRATIVE**<br><br>Final Pretrial Conference<br>Date: February 20, 2023<br>Time: 8:30 a.m.<br>Place: Courtroom 10A<br><br>Trial: March 7, 2023<br>Time: 8:30 a.m.<br>Judge: Hon. David O. Carter |

    Defendants, County of Los Angeles, former Sheriff Leroy Baca, Deputy Jacqueline Ortiz, and Deputy Alejandra Avalos [hereinafter DEFENDANTS], hereby oppose Plaintiff's motion in limine to allow her to testify in the narrative.

    The defense believes that Shorter will attempt to provide testimony regarding alleged deputy gangs, excessive force in the jails, racial injustice, racial prejudice, post remedial measures, investigations against the Sheriff's Department along with other objectionable testimony. The defense position is that this evidence is irrelevant and prejudicial.

It is necessary to give the defense an opportunity to object to evidence it deems irrelevant and prejudicial. The defense thus objects to Plaintiff testifying in the narrative and instead moves for the Court to require Plaintiff to testify in the question-and-answer format.

## MEMORANDUM OF LAW

## I.

## INTRODUCTION

The action arises out of Plaintiff Lecia Shorter's allegations that her constitutional rights were violated while in custody at CRDF from November 15, 2011 through December 17, 2011.

The case is set for trial on March 7, 2023. The sole issue to be tried in the case is the damages Plaintiff is entitled to on her claims of denial of showers and recreation (conditions of confinement) and excessive searching upon return to Century Regional Detention Facility from Court.

Although this case does not concern deputy gang activity, excessive force, or racial injustice, the defense believes that Shorter will provide testimony related to such issues.

Plaintiff's motion claims that it is necessary for her to testify in the narrative because she is self-represented. Plaintiff was previously represented by counsel, and she moved to disqualify her attorneys for an alleged breach of ethical duties. [Docket No. 362]. Plaintiff is voluntarily proceeding pro per. Moreover, although Plaintiff is a disbarred attorney, she is experienced in the sense that she handles a multitude of her own civil, criminal, appellate, and bankruptcy lawsuits.

## II.

## THE DEFENSE MUST BE GIVEN AN OPPORTUNITY
## TO OBJECT TO IMPROPER TESTIMONY

/////

"Restrictions on a defendant's right to testify violate the Constitution only when they are arbitrary or disproportionate to the purposes they are designed to serve." United States v. Gallagher, 99 F.3d 329, 332 (9th Cir.1996).

This Court is experienced with Shorter's testimony at her 2019 trial, and her prior statements in court and in hearings.

If Plaintiff is allowed to testify in a narrative, Defendants would face significant prejudice in that they would be deprived of the opportunity to hear each question, object, and create a clear record.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine #5 and instead require that she testify in a question-and-answer format.

DATED: February 3, 2022     Respectfully submitted,

**LOGAN MATHEVOSIAN & HUR**

By: s / Rina M. Mathevosian
RINA M. MATHEVOSIAN
Attorney for Defendants,
County of Los Angeles et al.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3435 Wilshire Boulevard, Suite 2740, Los Angeles, California 90010.

On February 3, 2023, I served the within document described as:

> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #5; THE DEFENSE OBJECTS TO PLAINTIFF TESTIFYING IN THE NARRATIVE**

on the interested parties in this action as follows:

**LECIA L. SHORTER**
**287 S. Robertson Blvd., Suite 291**
**Beverly Hills, CA 90211**
email: leciashorter@yahoo.com
*Pro Se* Plaintiff

**[BY E-MAIL]** I caused the above-mentioned document to be served via electronic mail to the e-mail address of the addressee as indicated above. The electronic service address from which the document was served is lmh@lmhfirm.com.

**[BY MAIL]** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the U.S. Postal Service the same day as it is placed for collection.

**[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed February 3, 2023, in Los Angeles, California.

    s / Patricia Garcia
    PATRICIA GARCIA