**LECIA L. SHORTER**
287 S. Robertson Blvd., Suite 291
Beverly Hills, CA   90211
Tel:   (310) 869-5835
*leciashorter@yahoo.com*

**Plaintiff In Pro Per**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LECIA L. SHORTER, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LEROY BACA, et al.,<br><br>　　　　Defendants. | Case No.:  CV 12-7337-DOC<br><br>PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS AND JURY VERDICT FORM |

PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS AND JURY VERDICT FORM- 1

Plaintiff Lecia L. Shorter hereby objects to the Jury Instructions and Jury Verdict Form provided by the Court in these proceedings as follows:

GENERAL OBJECTIONS

The Jury Instructions and Verdict Form provided by the Court are incomplete in that they fail to instruct the jury on the legal and factual basis the Ninth Circuit determined Defendants to be liable. Furthermore, the Jury Instructions omit the fact that Plaintiff was a pre-trial detainee, what the means, and the constitutional right of a pretrial detainee to be free from acts that amount to punishment. Plaintiff's Proposed Jury Instructions 15, 16, 17, 18, 19, 20, 21, 22, 23, 29, 31, 32, 33 and 34 should have been included because they instructions established by the Ninth Circuit as well as the Ninth Circuit decision in *Shorter v. Baca, et al.* 895 F.3d 1176.

JURY INSTRUCTIONS

1. The Section 1983 definition provided by the Court is incomplete in that it omits an instruction on the definition of what it means to "act under color of law." Further the instruction only references "state" law. According to the Ninth Circuit, "A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation." Ninth Circuit Model 9.3.

2. The jury has not been provided specific instructions on how each defendant violated her constitutional rights under 42 U.S.C. §1983. This is critical information for the jury as the legal liability of each Defendant is different. Plaintiff's proposed Jury Instruction No. 16 should be included in the instructions as it explains that Avalos and Deputy Ortiz violated her constitutional right as a pretrial detainee to be free from conditions that

PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS AND JURY VERDICT FORM- 2

amounted to punishment. Additionally, the following language should be presented to the jury: "Restrictions amount to punishment when they are imposed for the purpose of punishment, or when the restrictions' punitive status may be inferred from the nature of the restrictions. Each defendant can be held liable for violating the plaintiff's constitutional rights based on her conditions of confinement, you must now determine Plaintiff's damages for the violation. Ninth Circuit Judgment [Dkt. Nos. 408,409] at 21-23, 36; Ninth Circuit Model 9.2-9.4.

3. Plaintiff's Jury Instruction No. 17 should be presented to the jury. The following language has been omitted: "(a) defendant(s) used exaggerated or excessive means to enforce security; or (b) the manner in which defendant(s) searched the plaintiff amounted to punishment." Ninth Circuit Judgment and Mandate, [Dkt Nos. 408, 409]; Court's Order [Dkt. No. 104] at 13-17, 36; Ninth Circuit Model 9.2-9.4

4. Plaintiff's proposed Jury Instruction No. 18 explains the types of damages the jury can award e.g. nominal, compensatory, or punitive damages. The jury must know that they cannot award no damages and they must at a minimum award nominal damages per the Ninth Circuit. The jury must also receive instructions on the definition of nominal damages, compensatory damages and punitive damages. The following language is mandatory: It is for you to determine what damages, if any, have been proved. Damages can be nominal, compensatory, or punitive. Your award must be based upon evidence and not upon speculation, guesswork or conjecture." Authorities: Ninth Circuit Judgment and Mandate, [Dkt Nos. 408, 409]; Court's Order [Dkt. No. 104] at 13-17, 36; Ninth Circuit Model 5.1.

5. The omission of Plaintiff's proposed Jury Instruction No. 19 is error. Jury Instruction No. 19 informs the jury of the basis upon which the Ninth Circuit

PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS AND JURY VERDICT FORM- 3

determined liability against the County of Los Angeles. This information is necessary because this is the basis upon which the damages are to be assessed. Ninth Circuit Model 9.5; Ninth Circuit Judgment [Dkt Nos. 408, 409]

6. The omission of Plaintiff's Proposed Jury Instruction No. 20 is error. See No. 5 above. Also, this instruction defines the term "deliberate indifference." Ninth Circuit Model 9.8; Ninth Circuit Judgment [Dkt Nos. 408, 409].

7. The omissions of Plaintiff's Proposed Jury Instruction No. 21 is error because this instructions explains the basis of liability for Defendant Baca in his supervisory capacity which is the basis for a determination of damages. The jury must be instructed on how Defendant Baca violated Plaintiff's constitutional rights in order to determine damages. Ninth Circuit Model 9.4; Ninth Circuit Judgment [Dkt Nos. 408, 409].

8. The omission of Plaintiff's Proposed Jury Instruction No. 22 because it is based on Ninth Circuit Model 5.2. The Court's proposed instruction on compensatory damages does not explain to the jury that it cannot award zero damages in a Section 1983 case. See *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978); Jackson v. Barnes, 749 F.3d 755 (9th Cir. 2014) (recognizing that success on the merits of a constitutional claim entitles the § 1983 plaintiff to at least an award of nominal damages). The Court's proposed instruction also omits the following language "Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s)."

9. The Court's instruction on punitive damages is incomplete and erroneous. A public official can be liable for punitive damages if sued in his individual capacity as opposed to official capacity. Defendant Baca was sued in his

PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS AND JURY VERDICT FORM- 4

official and individual capacity. [Dkt #8, par. 6]. The following language should not have been omitted: Punitive damages may not be awarded against the County of Los Angeles. Punitive damages may be awarded against Leroy Baca only for liability in his individual capacity as a supervisory defendant, as described in Jury Instruction No.19. You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award the plaintiff only nominal, and not compensatory, damages. [Ninth Circuit Model 5.5, Ninth Circuit Judgment [Dkt Nos. 408 and 409]

10. The omission of Plaintiff's Proposed Jury Instructions Nos. 19, 31, 32, 33 and 34 are error because these instructions are based upon the Ninth Circuit Model Instructions for Section 1983 cases.

JURY VERDICT FORM

The Court's jury verdict form does not provide a break down of liability for each Defendant. The jury must assign an award of individual damages for the County of Los Angeles, Leroy Baca, Jacqueline Ortiz and Alejandro Avalos. The court has also utilized the term "indifference" as opposed to the term "disregard" which is the official language of Section 1983.

Dated: March 12, 2023         *Lecia Shorter*
                              _____
                              Plaintiff Lecia L. Shorter
                              *In Propia Persona*

PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS AND JURY VERDICT FORM- 5