1  Rina M. Mathevosian, CSB #251423
2  **Logan Mathevosian & Hur LLP**
   Equitable Plaza, Suite 2740
3  3435 Wilshire Boulevard
   Los Angeles, California 90010-1901
4  Telephone (213) 365-2703
   rinamathevosian@lmhfirm.com
5  LMH@lmhfirm.com

6  Attorneys for Defendants,
   County of Los Angeles, Sheriff Leroy Baca, Deputy Alejandra Avalos,
7  and Deputy Jacqueline Ortiz

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  LECIA L. SHORTER,                ) CASE NO. 2:12-cv-07337 DOC
                                     )
13            Plaintiff,             ) **DEFENDANTS' OPPOSITION TO**
                                     ) **PLAINTIFF'S MOTION TO AMEND**
14  v.                               ) **MOTION FOR NEW TRIAL, ETC.**
                                     ) **[DOCUMENT 574]**
15  LEROY BACA, et al.,              )
                                     ) Date : June 12, 2023
16            Defendants.            ) Time: 8:30 a.m.
                                     ) Place: Courtroom 10A
17                                   ) Judge: Hon. David Carter
                                     )
18  _____ )

19         Defendants, County of Los Angeles, Leroy Baca, Deputy Jacqueline Ortiz,

20  and Deputy Alejandra Avalos [hereinafter Defendants], hereby submit the following

21  opposition to Plaintiff Lecia Shorter's [hereinafter "Shorter"] Motion, Document

22  No. 574, titled "motion 1) to amend motion for new trial, etc. 2) to address

23  unresolved motions and evidentiary matters; 3) for contempt re subpoena failures to

24  appear; 4) to compel production of documents by Steptoe & Johnson; and

25  amend/alter the final judgment.

26        ////

27        ////

-1-

# MEMORANDUM OF LAW

## I.

## INTRODUCTION

Shorter's claims regarding her 2011 incarceration in Century Regional Detention Facility have now been tried to three different Juries. The first two trials resulted in verdicts for the defense and the third trial on the issue of damages resulted in a $10,000 verdict for Shorter.

On March 13, 2023, a Jury of six members came to a Verdict on Plaintiff Lecia Shorter's claims for damages related to her 2011-incarceration at CRDF. The Jury of six members awarded $3,000 in compensatory damages on Shorter's claims for a violation of her constitutional rights resulting from the lack of recreation and inadequate sanitation, $5,000 in compensatory damages on Shorter's claim for a violation of her constitutional rights resulting from excessive searches, and $2,000 in punitive damages against Defendant Leroy Baca on Shorter's claims for a violation of her constitutional rights resulting from the lack of recreation and inadequate sanitation.

After the Jury rendered its verdict in the third trial, Shorter argues that there are unresolved evidentiary issues and thus seeks a new trial. Shorter also objects to the Verdict.

Shorter further moves for contempt against two individuals regarding failures to appear, after the Jury has rendered its verdict. Notably, one of the two individuals, Robyn Crowther was not listed as a witness on Plaintiff's witness list. Moreover, Ms. Crowther, is one of Plaintiff's former attorneys on this case and had she been placed on the witness list, the defense would have moved to exclude the witness as irrelevant. Similar to Plaintiff's former attorney Dylan Ruga who was excluded by the Court pursuant to the defenses Motion in Limine No. 7, Ms. Crowther would have also been excluded. Ms. Crowther's testimony would be

irrelevant to the claims and defenses in the case.  According to the moving papers, Shorter purportedly sought Ms. Crowther's testimony regarding attorney fees. According to the attachments to Shorter's motion, Ms. Crowther objected to the Subpoena for her appearance and the production of documents, providing, "the Subpoena seeks documents from a representation that concluded several years ago and was done on a pro bono basis. Because you were never billed, there are no 'records of billing and expenses' readily available to produce."  Notably, attorney fees had no relevance to Shorter's claim for damages.

In regards to witness Renita Bradford, although Ms. Bradford was listed as a witness, Shorter did not call the witness in her case. According to Shorter's declaration, Ms. Bradford is a County employee. Had Ms. Shorter called the witness during trial and the Court allowed Ms. Bradford's testimony, defense counsel would have produced the witness to testify.

Shorter's motion is improper and without merit and should be denied.

## II.

## SHORTER'S MOTION IS PROCEDURALLY DEFECTIVE

On March 14, 2023, Plaintiff filed a motion for new trial. [Docket No. 554]. On April 3, 2023, the Defendants filed an opposition to the motion. [Docket No. 569]. On April 24, 2023, Shorter filed a document titled, "Plaintiff Lecia L. Shorter's Memorandum of Point and Authorities in support of her Rule 50 renewed motion for a new trial or in the alternative, judgement as a matter of law." [Docket No. 577].  On April 20, 2023, Shorter filed another document titled notice of motion to amend motion for new trial, etc. with additional arguments to support moving for a new trial. [Doc No. 574].

Instead of filing her Memorandum of Points and Authorities with her original moving papers on March 14, 2023, Shorter filed this third briefing arguing for a new trial.

1   Local Rule 7-5 requires that the moving papers include a complete

2   memorandum and the "points and authorities upon which the moving party will

3   rely" and "the evidence upon which the moving party will rely in support of the

4   motion."

5   Shorter's moving papers for a new trial were filed on March 14, 2023.

6   Shorter is barred from filing repetitive motions and briefings for a new trial absent

7   the Court's approval.

8   **III.**

9   **SHORTER'S MOTION  DOES NOT MEET THE STANDARD**

10   **FOR MOVING FOR A NEW TRIAL**

11   The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the

12   verdict is contrary to the clear weight of the evidence, is based upon false or

13   prejudicious evidence, or to prevent a miscarriage of justice." Passantino v. Johnson

14   & Johnson Consumer Prods., 212 F.3d 493, 510 n. 15 (9th Cir. 2000).

15   A new trial may be granted only when "the record shows that the jury's verdict

16   resulted in a miscarriage of justice or where the verdict, on the record, cries out to be

17   overturned or shocks our conscience." King v. Harington, 447 F.3d 531, 534 (7th Cir.

18   2006), Pyler v. Whirlopool Corp., 751 F.3d 509, 513 (7th Cir. 2014).  A district court

19   may not grant a new trial simply because it would have arrived at a different verdict.

20   Wallace v. City of San Diego, 479 F.3d 616, 630 (9th Cir. 2007).

21   A verdict should only be set aside where, after giving full respect to the jury's

22   findings, the judge "is left with the definite and firm conviction that a mistake has been

23   committed by the jury." Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d

24   1365, 1371-1372 (9th Cir. 1987).

25   Plaintiff's motion for a new trial does not demonstrate that the verdict was

26   based upon false or prejudicial evidence nor that there was a miscarriage of justice.

27   Thus, Shorter's motion should be denied.

# IV.

## SHORTER IS NOT ENTITLED TO SANCTIONS
## OR A NEW TRIAL BASED ON SUBPOENAS ISSUED
## TO  MS. CROWTHER OR MS. BRADFORD

Shorter moves for contempt against two individuals regarding failures to appear at trial, after the Jury has rendered its verdict. Neither individual is a party to this lawsuit.

One of the two individuals, Robyn Crowther was <u>never</u> listed as a witness on Plaintiff's witness lists.  Despite Shorter having filed multiple witness lists and listing 23 individuals on her witness list, Ms. Crowther was never identified as a witness.  Moreover, Ms. Crowther, is one of Plaintiff's former attorneys on this case and had she been placed on the witness list, the defense would have moved to exclude the witness as irrelevant. Similar to Plaintiff's former attorney Dylan Ruga who was excluded by the Court pursuant to the defenses Motion in Limine No. 7, Ms. Crowther would have similarly been excluded. According to the moving papers, Shorter purportedly sought Ms. Crowther's testimony regarding attorney fees. Shorter served Ms. Crowther with a subpoena one week prior to trial. Ms. Crowther's testimony would be irrelevant to any claims and defenses in the case. According to the attachments to Shorter's motion, Ms. Crowther objected to the Subpoena for her appearance and the production of documents, providing, "the Subpoena seeks documents from a representation that concluded several years ago and was done on a pro bono basis. Because you were never billed, there are no 'records of billing and expenses' readily available to produce."  Steptoe's letter states multiple times that Shorter was being represented pro bono. The letter further provides that Ms. Crowther objects to the subpoena as being untimely and seeking irrelevant information.  Notably, the issue of attorney fees had no relevance to Shorter's claim for damages.

1    In regards to witness Renita Bradford, although Ms. Bradford was listed as a

2   witness, Shorter did not call the witness in her case. According to Shorter's

3   declaration, Ms. Bradford is a County employee. Had Ms. Shorter called the witness

4   and the Court allowed Ms. Bradford's testimony, defense counsel would have

5   produced the witness to testify.

6   **V.**

7   **SHORTER WHO IS PROCEEDING PRO PER,**

8   **IS NOT ENTITLED TO ATTORNEY FEES**

9    Pro se civil rights litigants are not entitled to attorneys fees under 42 U.S.C. §

10   1988. See <u>Gonzalez v. Kangas</u>, 814 F.2d 1411, 1411–12 (9th Cir.1987). Shorter is

11   representing herself. Shorter's arguments regarding attorney fees are without merit

12   as she is not entitled to recover attorney fees. Thus, her argument regarding the

13   Judgment being improper is without merit.

14   **VI.**

15   **MAGISTRATE JUDGE OLGUINS' DISMISSAL OF THE BOARD OF**

16   **SUPERVISORS DOES NOT WARRANT A NEW TRIAL**

17    In 2023, Plaintiff sought to add parties, more then a decade after the filing of

18   her Complaint.  Plaintiff's motive in moving to add the Board of Supervisors, was that

19   "individual County board members [] can in fact be found liable for punitive damages

20   when the governmental entity cannot." <u>Shorter's motion</u>, p.4:12-14. Plaintiff delayed

21   10 years from what she refers to as Judge Olguin's "disturbing" violation of Local

22   Rules and the "disposing of her constitutional claims" and almost eight years from the

23   date of Plaintiff's dismissal of all Defendants except for the County, former Sheriff

24   Baca, Avalos, and Ortiz, to move to add the former Board of Supervisors as

25   Defendants in their individual capacities.  On May 4, 2015, in the Final Pretrial

26   Conference Order, all named Defendants except the County of Los Angeles, former

27   Sheriff Leroy Baca, Avalos, and Ortiz were dismissed.  [Docket No. 124].

The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Eminence Cap., LLC, 316 F.3d at 1052).

Shorter moved to add the Board Members in their individual capacity, in bad faith. Shorter moved to add them, despite there being no personal involvement by any of the Board members in Shorter's case. None of the named Board members had any personal involvement related to Shorter's 2011-incarceration at CRDF. Despite the Board members having no personal involvement in this case, Shorter moved to have them added as Defendants in their individual capacity so that she can claim punitive damages against them. Shorter's delay in moving to have the Board of Supervisors added as individual Defendants is clearly unduly and prejudicial to the defense.

Three trials have transpired and a 2015-Final Pretrial Conference Order has been entered dismissing the very parties the Plaintiff seeks to name as Defendants.

Judge Olguin's dismissal of the Board of Supervisors does not warrant a new trial.

## VII.

## SHORTER IS NOT ENTITLED TO MOVE TO COMPEL DISCOVERY AFTER JUDGMENT HAS BEEN ENTERED

Shorter motion for new trial also seeks to compel discovery. Shorter has had multiple opportunities to move to compel discovery. Shorter's last motion to compel was ruled upon by Gail Standish on September 21, 2022. Judge Gail Standish ruled, [I]f any responding defendants created non-privileged documents,

or had non-privileged communications after the last trial that discuss or are relevant to deputy gangs or conditions where and when Plaintiff was incarcerated in 2012, or new, non-privileged documents relating specifically to the treatment of Plaintiff or her 2012 letter complaint, such documents should be turned over.  The Court doubts sincerely that any such documents exist, but Counsel for Defendants must at least make detailed inquiries of their clients – showing them Plaintiff's discovery requests – so that any such documentary evidence can be produced."

The defense complied with the Court's Order by filing a declaration with the Court.  Shorter took issue with the Court's Order and defense counsel's declaration. Shorter filed Motion in Limine No. 2 for evidentiary sanctions based on Shorter's claim that Defendant's counsel "did not identify the County representative with whom she attests she spoke making it impossible for Plaintiff to confirm the veracity of her statements." Shorter's Motion in Limine was denied. The Plaintiff now seeks reconsideration of the Court's denial of the Motion in Limine and further seeks to again compel discovery. Shorter' motion to compel discovery after a Judgment has been entered is without merit and must be denied.

## VIII.

## PLAINTIFF IS NOT ENTITLED TO NEW TRIAL BASED ON THE COURT'S DENIAL OF SHORTER'S MOTION IN LIMINE NO. 7

On February 25, 2023, Shorter filed an untimely Motion in Limine No. 7.

The motion was filed after the original Final Pretrial Conference date. The Court required Motions in Limine to be filed 11 days prior to the Final Pretrial Conference. The Court's denial of Shorter's Motion in Limine does not warrant a new trial.

////

////

////

1

**CONCLUSION**

2       Based on the foregoing, Defendants respectfully request that this Court deny

3   Plaintiff's motion.

4

DATED: May 22, 2023                    Respectfully submitted,

5
                                       LOGAN MATHEVOSIAN & HUR LLP
6

7
                                       By: _s / Rina M. Mathevosian_____
8                                          RINA M. MATHEVOSIAN
                                           Attorney for Defendants,
9                                          County of Los Angeles et al.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 3435 Wilshire Boulevard, Suite 2740, Los Angeles, California 90010.

     On May 22, 2023, I served the within document described as: **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND MOTION FOR NEW TRIAL, ETC. [DOCUMENT 574]** on the interested parties in this action as follows:

**LECIA L. SHORTER**
**287 S. Robertson Blvd., Suite 291**
**Beverly Hills, CA 90211**
email: leciashorter@yahoo.com
*Pro Se* Plaintiff

**[BY E-MAIL]**  I caused the above-mentioned document to be served via electronic mail to the e-mail address of the addressee as indicated above.  The electronic service address from which the document was served is lmh@lmhfirm.com.

**[BY MAIL]** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the U.S. Postal Service the same day as it is placed for collection.

**[FEDERAL]**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed May 22, 2023, in Los Angeles, California.

                   s / Patricia Garcia
                   PATRICIA GARCIA